Harnik Wilker & Finkelstein LLP
Attorneys for Plaintiff
Greystone CDE, LLC
Olympic Tower
645 Fifth Avenue, 7th Floor
New York, NY 10022-5937
Tel. No. (212) 599-7575
Facsimile (212) 867-8120
Email: stephen@harnik.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Greystone CDE, LLC,                                          Docket No. 07 civ. 8377 (RPP)

                        Plaintiff,

     - against -
Sante Fe Pointe, L.P.,                                       **FIRST AMENDED COMPLAINT**
Sante Fe Pointe Management, LLC,                             **AS OF RIGHT**
Rant LLC, and
Theotis F. Oliphant

                   Defendants.
------------------------------------------------------------X

    Plaintiff, Greystone CDE, LLC, ("plaintiff") files this complaint against defendants, Sante Fe Pointe L.P., Sante Fe Pointe Management, LLC, Rant LLC, and Theotis F. Oliphant. Upon knowledge with respect to itself and its own acts, and upon information and belief with respect to all other persons and matters, plaintiff, by its attorneys, respectfully alleges:

### NATURE OF THE ACTION

    This action arises out of defendants' breach of a loan agreement, loan documents and a note to make payment when due, and the failure of defendants, Sante Fe Pointe Management, LLC, Rant LLC and Theotis F. Oliphant, as guarantors, to make payment when due. Plaintiff brings suit to recover damages suffered as a result of these actions.

1

## PARTIES

1. Plaintiff is a limited liability company duly organized and existing under the laws of the State of Delaware authorized to do business in New York with an office at 152 West 57th St., 60th floor, New York, NY 10019. Its members are Greystone Development Corp. and Greystone Funding Corp., both duly organized and existing under the laws of Virginia.

2. At all times relevant hereto, Sante Fe Pointe L.P. was and is a limited liability partnership organized and existing under the laws of the State of Oklahoma, with its principal offices at 16416 Oconee Creek Drive, Edmond, OK 73013. Its Partner is Sante Fe Pointe Management, LLC whose managing member is a citizen of California.

3. At all times relevant hereto, Sante Fe Pointe Management, LLC, was and is a limited liability company organized and existing under the laws of the State of Oklahoma, with an address at 16416 Oconee Creek Drive, Edmond, OK 73013. Its managing member is a citizen of California.

4. At all relevant times hereto, Theotis F. Oliphant was and is an individual and a citizen of the State of California with an address at 113 Carmel Avenue, El Cerrito, CA 94530.

5. At all times relevant hereto, Rant LLC was and is a limited liability company organized and existing under the laws of the State of Delaware, with an address at 113 Carmel Avenue, El Cerrito, CA 94530, and is an affiliate of Sante Fe Pointe, L.P. Its managing member is a citizen of California.

## JURISDICTION AND VENUE

6. The matter in controversy exclusive of interest and costs exceeds seventy five thousand ($75,000.00) dollars.

7. The court has diversity jurisdiction over the parties pursuant to 28 U.S.C. § 1332 (a)(2), in that there is complete diversity between the parties.

8.      Personal jurisdiction in this forum has been contractually agreed upon.

## BACKGROUND

9.      On or about December 20, 2006, for good and valuable consideration, Greystone CDE, LLC, as lender (hereinafter "plaintiff" and/or "Lender") entered into a Bridge Loan Agreement (the "the Loan Agreement") with defendant Santa Fe Pointe L.P., as Borrower, (hereinafter "Borrower" and/or "defendant") in the maximum principal amount of $500,000 (the "Loan") to finance predevelopment expenses of an affordable housing development to be known as the Sante Fe Pointe Apartments located at 125 SW 74th St., Oklahoma City, OK which was to be developed and owned by Borrower, (hereinafter the "Project"). A copy of the Loan Agreement is annexed hereto and hereby made a part hereof as exhibit "A."

10.     Prior thereto, on or about July 12, 2006, defendant Rant LLC (hereinafter "Rant" and/or "Guarantor" and/or "defendant") had entered into a certain Contract for Sale of Real Estate, dated July 12, 2006, as amended by Addendum #1, for the purchase by Rant of the Project real estate from Walnut Creek Apartments, Inc., (hereinafter the "Purchase Agreement"). The Purchase Agreement provided for a Closing to occur not later than March 31, 2007 which was extendable under certain conditions.

11.     A condition, among others, of the Loan Agreement between plaintiff and Borrower was that the Purchase Agreement be assigned from Rant LLC to Borrower. On or about December 20, 2006, that assignment was made.

12.     Another condition, among others, of the Loan Agreement was that Borrower's security interest in and to all of Borrower's right, title and interest in the Purchase Contract be assigned to plaintiff. On or about December 20, 2006, that assignment was made. A copy of the

3

Assignment of Purchase Agreement by Sante Fe Pointe L.P. in favor of plaintiff dated as of December 20, 2006, is annexed hereto and hereby made a part hereof as exhibit "B."

13. On or about December 20, 2006, for good and valuable consideration, Lender entered into a Guaranty and Suretyship Agreement (hereinafter "Guaranty") with defendant Theotis F. Oliphant (hereinafter "Oliphant" and/or "Guarantor" and/or "defendant") whereby Oliphant, *inter alia*, unconditionally and irrevocably guaranteed and became a surety to Lender, for the due, punctual and full payment and performance of Borrower's obligations evidenced by the Loan Agreement and/or incurred under the Loan Documents, (as defined in the Loan Agreement) both principal and interest, and any refinancing or refunding of any thereof, and all other amounts due or to become due under the Loan Agreement and the other Loan Documents. A copy of the Guaranty is annexed hereto and hereby made a part hereof as exhibit "C."

14. On or about December 20, 2006, for good and valuable consideration, Sante Fe Pointe Management, LLC, which is a General Partner of Sante Fe Pointe L.P. (hereinafter the "General Partner" and/or "defendant" and/or "Guarantor") and Oliphant, who is a Limited Partner of Sante Fe Pointe, L.P., as Pledgors, (hereinafter alternately referred to as the "Partners") entered into a Partner Guaranty, Pledge and Security Agreement with Lender whereby *inter alia* the General Partner absolutely, irrevocably and unconditionally guaranteed and became surety to Lender for the full and punctual payment and performance by Borrower of any and all payment obligations and other covenants and obligations of Borrower to Lender in the Loan Documents; and Oliphant, as Limited Partner, reaffirmed his obligations under the Guaranty. A copy of the Partner Guaranty, Pledge and Security Agreement with Lender (hereinafter alternately referred to as the "Partner Pledge") is annexed hereto and hereby made a part hereof as exhibit "D."

15. On or about December 20, 2006, for good and valuable consideration, Rant entered into a Developer Limited Guaranty, Pledge and Security Agreement with Lender wherein, *inter alia*, Rant (hereinafter alternatively referred to as "Developer") absolutely, irrevocably and unconditionally guaranteed and became surety to Lender for the full and punctual payment and performance by Borrower of its obligations to Lender under the Loan Documents. A copy of the Developer Limited Guaranty, Pledge and Security Agreement (hereinafter alternatively referred to as "Developer Fee Pledge") is annexed hereto and hereby made a part hereof as exhibit "E."

16. On or about December 20, 2006, for good and valuable consideration, Sante Fe Pointe, L.P. assigned the Project Documents to Lender, and Rant LLC assigned the Construction Contract to Sante Fe Pointe L.P. A copy of the Assignment of Project Documents and the Assignment and Assumption of Construction Contract is annexed hereto and hereby made a part hereof as exhibit "F."

17. On or about December 20, 2006, for good and valuable consideration, Sante Fe Pointe, L.P. executed and delivered to plaintiff a Bridge Promissory Note ("Note") a Specimen copy of which is annexed hereto and hereby made a part hereof as exhibit "G."

18. On or about June 29, 2007, for good and valuable consideration, Sante Fe Pointe L.P. executed an Allonge to Bridge Promissory Note whereby the Maturity Date of the Note was amended to be December 15, 2007, and Lender gave its consent thereto. A copy of the Allonge and the Consent is annexed hereto and hereby made a part hereof as exhibit "H."

19. By the Note, Sante Fe Pointe L.P. promised to pay to plaintiff on the earlier of December 15, 2007, or upon an Event of Default, (as defined in the Loan Agreement) the sum of $500,000 with interest.

20.     On or about August 21, 2007, defendants were notified that they were in default of their obligations under the instruments annexed hereto as exhibits "A" – "F." This Notice of Default is annexed hereto as exhibit "I" and read as follows:

August 21, 2007

**VIA EMAIL AND FEDERAL EXPRESS**

Santa Fe Pointe, L.P. (the "Borrower")
Santa Fe Pointe Management, LLC (the "General Partner")
Theotis F. Oliphant (the "Limited Partner" and "Guarantor")
Rant, LLC (the "Developer")
16416 Oconee Drive
Edmond, Oklahoma 73013
Attention:     Theotis F. Oliphant

Theotis F. Oliphant (the "Limited Partner" and the "Guarantor")
113 Carmel Avenue
El Cerrito, California 94530

Gibbs & Oliphant LLP
300 Frank H. Ogawa Plaza, Third Floor
Oakland, California 94612

Re:     NOTICE OF DEFAULT: Bridge Loan Agreement dated as of December 20, 2006 between Greystone CDE, LLC (the "Lender") and the Borrower

Ladies and Gentlemen:

The purpose of this letter is to notify you that you are in default in respect of the loan from Greystone CDE, LLC evidenced by the above-referenced agreement (the "Bridge Loan Agreement"). Capitalized terms used herein and not defined herein shall have the meanings ascribed thereto in the Bridge Loan Agreement.

You are hereby notified of the following Events of Default under the Loan Documents:

(a)     pursuant to Section 9.1(g) of the Bridge Loan Agreement, the expiration of the contract for purchase and sale of the Project without the same having been extended;

(b)     pursuant to Section 9.1(j) of the Bridge Loan Agreement, the termination or expiration of the commitment to provide the equity investment in the Project;

(c)     pursuant to Section 9.1(k) of the Bridge Loan Agreement, the occurrence of changes in the operation, prospects and financial condition of the Borrower which, in our reasonable judgment materially adversely affect the ability of the Borrower to repay the Note and perform its other obligations under the Bridge Loan Documents, including, without limitation, the expiration without extension of the contract for purchase and sale of the Project, the failure to obtain and maintain a commitment to provide the equity investment in the Project, the deterioration of the physical condition of the Project and the lack of progress in advancement of the application for HUD financing due to unavailability of information required to be provided by the Borrower;

(d)     pursuant to Section 3.06(d) of the Guaranty, the occurrence of the foregoing events of default under the Bridge Loan Agreement;

(e)     pursuant to Section 3.06(c) of the Guaranty, the breach of Section 2.02(b) of the Guaranty requiring the Guarantor to provide the Lender with notice of the foregoing, which constitute material adverse changes in the business, operations, conditions (financial or otherwise) or prospects of the Guarantor; and

(f)     pursuant to Section 3.06(c) of the Guaranty, the breach of Section 2.02(a) of the Guaranty requiring the Guarantor to provide the Lender with (i) copies of the Guarantor audited annual financial statements on or before January 20, 2007 and (ii) a copy of the Guarantor's federal income tax return within ten (10) days of the filing thereof.

You are hereby further notified of the following breaches of covenants contained in the Bridge Loan Documents which, if not cured within thirty (30) days of the date of this notice, will constitute additional Events of Default pursuant to Section 9.1(b) of the Bridge Loan Agreement:

1. under Section 7.1(a) of the Bridge Loan Agreement, failure to provide annual financial statements of the Borrower for the year ended December

31, 2007, certified by an independent certified public accountant, on or before April 30, 2007;

2. under Section 7.1(b) of the Bridge Loan Agreement, failure to provide quarterly financial statements of the borrower for the quarter ended March 31, 2007, on or before May 15, 2007;

3. under Section 7.1(b) of the Bridge Loan Agreement, failure to provide quarterly financial statements of the Borrower for the quarter ended June 30, 2007, on or before August 15, 2007;

4. under Section 7.5(e) of the Bridge Loan Agreement, failure of the Borrower to notify the Lender of the Events of Default described herein and the other events described herein which, with the giving of notice or the passage of time or both, would constitute Events of Default;

5. under Section 8.2(a) of the Bridge Loan Agreement, failure of the Borrower not to permit material changes in or to the Project (by failing to cause the seller of the Project properly to maintain the Project);

6. under Section 3(b) of the Assignment of Purchase Contract, failure of the Borrower to enforce the performance by the seller of the Project properly to maintain the Project;

7. under Section 3(e) of the Assignment of Purchase Contract, failure of the Borrower to extend the Purchase Contract or close upon the purchase of the Project in accordance with the terms of the Purchase Contract, thereby failing to preserve for the Lender the full benefits of the Assignment of Purchase Contract;

8. under Section 4(e) of the Assignment of Purchase Contract, the Borrower's allowing the Purchase Contract to expire without extension, thereby materially impairing the value of the rights of the Borrower and the Lender thereunder;

9. under Section 3(b) of the Assignment of Project Documents, failure of the Borrower to perform and observe all of its covenants and agreements under the Bond Documents; and

10. under Section 4(f) of the Assignment of Project Documents, the taking by the Borrower of the actions hereinabove described, thereby materially impairing the value of the rights and interests of the Borrower and the Lender under the Bond Documents.

>       We call to your attention that the foregoing circumstances may also constitute events of default under the Bond Documents which, if not cured within any applicable notice, grace or cure period under the Bond Documents will constitute an additional Event of Default under Section 9.1(h) of the Bridge Loan Agreement.
>
>       References in this letter to specific defaults and Events of Default are not intended to be exclusive and do not in any way constitute a waiver of any other defaults or Events of Default that are not specified herein that have occurred or might occur in the future.
>
>       As a result of the foregoing, interest on the Note and all amounts payable under the Loan Documents shall accrue at the Default Rate from the date hereof until paid in full. In addition, as a result of the Events of Default described above, the Lender reserves the right to declare the amounts due under the Loan Documents immediately due and payable, to demand immediate payment thereof and to pursue all rights and remedies of the Lender under the Loan Documents (including, without limitation, the Guaranty), at law or in equity.
>
>       This letter is written without prejudice to the rights of the Lender to pursue any and all remedies available to the Lender under the Loan Documents, at law or in equity. Nothing in this letter nor any communications between you and the Lender shall constitute a waiver or modifications of any of the Lender's rights or remedies or any of the terms, conditions, representations, warranties, covenants or agreements contained in the Loan Documents; the Lender hereby reserves and preserves all of its rights and remedies under the Loan Documents and/or applicable law.
>
>                                         Very truly yours,
>
>                                         GREYSTONE CDE, LLC

## COUNT I
## AGAINST SANTE FE POINTE, L.P.
(Breach of Contract)

21.   The allegations set forth in each of the preceding paragraphs are incorporated herein as if fully restated.

22.     Upon an Event of Default (as defined in the Loan Agreement) the indebtedness evidenced by the Note became due and payable.

23.     Plaintiff's Notice of Default is a non-exhaustive description of Events of Default (as defined in the Loan Agreement) which have occurred herein as of the date of the Notice of Default.

24.     On September 18, 2007, plaintiff gave defendant Notice of Acceleration of the Note. A copy of the Notice of Acceleration is annexed hereto and hereby made a part hereof as exhibit "J."

25.     Defendant has failed and refused to pay the indebtedness due.

26.     Plaintiff has been damaged as a result of defendant's failure to pay the Note as agreed.

27.     By reason of the foregoing, plaintiff is owed not less than $534,594.51 as of September 18, 2007.

28.     It has been, and is, necessary for plaintiff to institute this action for collection of the amounts due under the Note and plaintiff has been compelled to and has employed attorneys to institute and prosecute this action and is entitled to its reasonable attorneys' fees and costs.

## COUNT II
## AGAINST ALL THE DEFENDANTS
(Breach of Contract)

29.     The allegations set forth in each of the preceding paragraphs are incorporated herein as if fully restated.

30.     A condition among others of the Loan Agreement was that Borrower not default on the Purchase Contract.

31.     In the Purchase Contract, borrower, as assignee, committed itself to provide equity investment in the Project by a date certain.

32. A further condition of the Loan Agreement was that Borrower not default on its commitment to provide equity in the Project by a date certain.

33. A further condition among others of the Loan Agreement was that there be no change in the financial condition of Borrower or any of the defendants herein which might adversely affect its/their ability to perform its/their obligations under the Loan Agreement.

34. On or about September 10, 2007, defendants Rant and Sante Fe Pointe, L.P. executed Addendum #3 to the Purchase Contract which purported to extend the Purchase Contract through October 15, 2007 and provided for Buyer extension options with additional earnest money following October 15, 2007.

35. Section 4, headed "Negative Covenants," of the Assignment of Purchase Agreement by Sante Fe Pointe L.P. in favor of plaintiff dated as of December 20, 2006, (previously annexed as exhibit "B") provides in pertinent part that "Borrower shall not …(b) amend or modify any of the terms of the Purchase Agreement, except with the prior written consent of the Lender; (c) terminate or give or join in any material waiver, consent or approval with respect to the Purchase Agreement, except with the prior written consent of the Lender; …(f) take any other action in connection with the Purchase Agreement which would materially impair the value of the rights or interests of the Borrower or the Lender whereunder or therein without the prior written consent of the Lender (to be granted or withheld in the Lender's sole discretion);…"

36. Defendants Rant and Sante Fe Pointe L.P. neither requested, nor were granted, plaintiff's consents as provided above.

37. Defendants have not cured the defaults itemized 1-10 in the Notice of Default and their time to cure has expired.

38. Plaintiff has duly performed any and all conditions on its part to be performed, including disbursement of the Loan.

39. No part of the Loan disbursed by plaintiff to Borrower, or for its benefit, has been repaid, although duly demanded.

40. Defendants, and each of them, have breached, and are continuing to breach their respective obligations under the instruments annexed hereto and under the Bond Documents.

41. By reason of the foregoing, plaintiff is owed not less than $484,950.75 plus interest, costs and attorneys' fees.

## COUNT III
## AGAINST ALL THE DEFENDANTS
(Breach of Contract)

42. The allegations set forth in each of the preceding paragraphs are incorporated herein as if fully restated.

43. All covenants, agreements obligations and liabilities of the Borrower are a direct and primary obligation of the Guarantor pursuant to the Guaranty, the Partners pursuant to the Partner Pledge, and the Developer pursuant to the Developer Fee Pledge, and each of Guarantor's, Partners' and Developer's obligations are not as a surety. These defendants' respective guarantees are of payment and performance and not of collection. Their obligations are continuing, absolute and unconditional, irrespective of any circumstance whatsoever which might otherwise constitute a legal or equitable discharge or defense of a guarantor or surety.

44. The Guarantor, the Partners and the Developer unconditionally and irrevocably waived any rights and defenses they have, had, or will have, in respect of the causes of action alleged herein.

45. By reason of the foregoing, plaintiff is owed $534,594.51 plus interest, costs and attorneys' fees.

*WHEREFORE*, plaintiff demands judgment as follows:

a) On Count I against Sante Fe Pointe L.P. not less than $534,594.51;

b) On Count II against all the defendants, jointly and severally, not less than $484,950.75;

c) On Count III against all the defendants, jointly and severally, not less than $534,594.51;

d) Awarding plaintiff the cost of this action, including attorneys' fees as permitted pursuant to the instruments at issue and applicable law;

e) Awarding plaintiff pre-and post-judgment interest;

f) Granting such other relief as the court deems just and proper.

Dated:   New York, New York
         October 5, 2007

                                    Harnik Wilker & Finkelstein LLP

                                    _____
                                    by: Stephen M. Harnik, Esq. (SH 9889)
                                    Attorneys for Plaintiff
                                    Greystone CDE, LLC
                                    645 Fifth Avenue, 7th Floor
                                    New York, NY 10022
                                    (212) 599-7575