Harnik Wilker & Finkelstein LLP
Attorneys for Plaintiff
Greystone CDE, LLC
Olympic Tower
645 Fifth Avenue, 7th Floor
New York, NY 10022-5937
Tel. No. (212) 599-7575
Facsimile (212) 867-8120
Email: stephen@harnik.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
Greystone CDE, LLC,                                    Docket No. 07 civ. 8377 (RPP)
                                    Plaintiff,
          - against -
Sante Fe Pointe, L.P.,                          **DECLARATION IN**
Sante Fe Pointe Management, LLC,                **SUPPORT OF MOTION**
Rant LLC, and                                   **FOR DEFAULT JUDGMENT**
Theotis F. Oliphant,
                                    Defendants.
--------------------------------------------------------------X


I, Stephen M. Harnik, under penalty of perjury as prescribed in 28 U.S.C. §

1746, hereby declare as follows:

1.      I am a member of the bar of the State of New York and of this Court, and

make this Declaration in support of the motion of the plaintiff, Greystone CDE, LLC

pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, for entry of a default

judgment; and for such other and further relief as the Court deems just and proper under

the circumstances.

## NATURE OF THE ACTION

2.    This action arises out of defendants' breach of a loan agreement, loan documents and a note to make payment when due, and the failure of defendants, Sante Fe Pointe Management, LLC, Rant LLC and Theotis F. Oliphant, as guarantors, to make payment when due. Plaintiff has brought suit to recover damages suffered as a result of these actions.

## PROCEDURAL FACTS

3.    This action was commenced on September 26, 2007 with the filing of the summons and complaint.

4.    On September 27, 2007, service was made upon defendants Sante Fe Pointe L.P., Sante Fe Pointe Management, LLC, Rant LLC, and Theotis F. Oliphant by delivering true copies of the Summons and Complaint to Federal Express. This manner of service was contractually agreed upon: the Partner Guaranty, Pledge and Security Agreement with plaintiff (annexed to the Complaint as exhibit "D") and the Developer Limited Guaranty, Pledge and Security Agreement (annexed to the Complaint as exhibit "E") each duly signed by the defendants herein, provide in pertinent part that "SERVICE OF PROCESS…MAY BE EFFECTED BY MAILING A COPY THEREOF BY REGISTERED OR CERTIFIED MAIL (OR ANY SUBSTANTIALLY SIMILAR FORM OF MAIL) TO THE [DEFENDANTS]."

(Emphasis in originals).

5.    On October 1, 2007, Ann McFarland Draper, Esq., wrote the undersigned that she  represented the defendants.  She acknowledged that plaintiff had commenced the within action against her clients in New York and demanded that it be dismissed forthwith for lack of subject matter and personal jurisdiction.

6.    On October 5, 2007, plaintiff filed its First Amended Complaint as of Right.  In order to demonstrate that full diversity existed between the parties, the citizenship of the general and limited partners of the LLC's was set forth in ¶'s 1, 3, 5 & 7.  That is the only difference between the Amended Complaint and the Complaint. Since Ms. Draper had written us that she represented the defendants, we served the Amended Complaint on Ms. Draper in accordance with our legal and ethical obligations under the Code of Professional Responsibility EC 7-18, DR 7-104.  A courtesy copy of the Amended pleading was sent to Chambers with a cover letter on which Ms. Draper was copied.   Service was made upon Ms. Draper by email and by first class mail.  Since the exhibits to the Amended Complaint and the original Complaint were the same, we omitted the exhibits in the email.  (Ms. Draper was also copied on a separate letter to Chambers requesting that the exhibits to the Complaint be kept as paper documents because they did not fit the file size requirements for electronic filing.)

7.    On October 8, 2007, Ms. Draper emailed us to request copies of the

exhibits to the Amended Complaint. At the same time, she averred that "…none of the defendants have appeared in the action, nor have I been able to verify that any of them has been served."

8.    On the same day, October 8, we replied by email as follows: "Defendants agreed that service of process may be effected by registered or certified mail (or any substantially similar form of mail). We served the summons and complaint by Fedex. Copies of the confirmations of delivery are annexed. If you require additional time to answer, please let me know."

9.    On October 9, 2007, Ms. Draper's paralegal replied that Ms. Draper was "… out of the office for the next 2 days, in trial. Expect a response when she returns on Thursday."

10.    On October 24, 2007, we filed our affidavit of service together with the Clerk's Certificate for a default and a form of default judgment. On October 25, 2007, we were advised that the clerk had signed the Certificate and had sent the form of judgment to chambers.

11.    On October 25, 2007, Ms. Draper wrote to advise that she had reviewed the docket sheet and noted that plaintiff had filed an affidavit of service claiming that defendants' response was due October 25, 2007[1]. She said that she "disagreed" and

---

[1] In point of fact. defendants' response was due October 18, 2007. *See,* Fed. R. Civ. P. 15(a)(3) which provides that the time to respond to an amended pleading must be made within the time remaining to respond to the original pleading or within *10 days* after service of the amended pleading whichever is later. However, because the ECF field on the template for electronic filing evidently automatically computes the response time at 20 days from the date of complaint or

requested that we "…amend the affidavit of service forthwith or we will be forced to file a motion to quash." On the same day, the Court filed its Endorsed Memo denying plaintiff's application for a default judgment and directing plaintiff to proceed by moving for entry of a default with notice of such motion to defendants.

12.    On October 26, 2007, Ms. Draper wrote in pertinent part: …"(A) that none of the defendants has appeared in the action, (B) that none of the defendants had been properly served, (C) that this firm is not authorized to accept service of process for any of these defendants in the NY Action[2], (D) that your FedEx delivery of the first amended complaint to this firm is of no import, did not state that it was intended to constitute "service" and was taken as a courtesy, (E) that you must properly serve the parties themselves pursuant to the requirements of the Federal Rules, and (F) that because of the out-of-state service, your summons must specify a 30-day response time, not a 20-day response time." And, she again demanded that our affidavit of service of the pleadings be withdrawn.

13.    On November 1, 2007, Ms. Draper and I traded emails setting forth our respective understanding of the applicable law. These arguments are addressed in the

---

amended complaint, the docket shows October 25 as the date the response was due because that was 20 days from the date of the Amended Complaint.

[2] Although not relevant to this motion, on September 7, 2007, the defendants herein (with the exception of Sante Fe Pointe Management, LLC), commenced an action against plaintiff in the Superior Court of California, County of Alameda for breach of fiduciary duty/constructive fraud and intentional interference with prospective economic advantage in connection with the subject matter of the NY action. Defendants are represented in that action by Ms. Draper's firm. On September 25, 2007, the defendants herein (including Sante Fe Pointe Management LLC) filed a First Amended and Supplemental Complaint for Damages and Declaratory Relief.

accompanying Memorandum of Law to which the court is respectfully referred.

## EXHIBITS

Annexed as exhibits hereto are the true copies of the following:

Exhibit A:    Summons dated September 26, 2007;

Exhibit B:    October 5, 2007 cover letter from Harnik to Chambers, together with First Amended Complaint October 5, 2007,[3] and October 5, 2007 letter requesting permission to keep exhibits on file as paper documents;

Exhibit C:    Email exchange between Harnik and Draper dated Oct. 8-9, 2007;

Exhibit D:    Affidavit of Service of Sarah C. Claridad sworn to October 24, 2007;

Exhibit E:    Plaintiff's Application for Default which includes Fedex airway bills and delivery confirmation on September 28, 2007 attached as exhibit "1" thereto, and Draper's letter of October 1, 2007 as exhibit "2" thereto.

---

[3] Attached to the First Amended Complaint are the pertinent loan agreements entered into between the parties. The only exhibit pages relevant to the instant motion are the service of process articles in the Partner Guaranty, Pledge and Security Agreement (annexed to the Complaint as exhibit "D") and the Developer Limited Guaranty, Pledge and Security Agreement (annexed to the Complaint as exhibit "E"). Therefore, in order to preserve precious resources, we are annexing hereto only those pages. (Moreover, as seen from the undersigned's October 5, 2007 letter to Chambers, the

Exhibit F:    Endorsed Memo denying *ex parte* application for default

judgment dated October 25, 2007.

Exhibit G:    Correspondence between Draper and Harnik dated

October 26 - Nov. 1, 2007.

## LEGAL ARGUMENT

14.    It is submitted that defendants are in default.  The court is respectfully

referred to plaintiff's Memorandum of Law submitted herewith.

Dated:        New York, New York
              November 5, 2007

                                STEPHEN M. HARNIK (SH 9889)

full exhibits are already on file, but are too voluminous to file electronically.)