# EXHIBIT "G"

# Stephen M. Harnik

| | |
|---|---|
| **From:** | Ann Draper [ann.draper@farberandco.com] |
| **Sent:** | Thursday, October 25, 2007 9:04 PM |
| **To:** | Stephen M. Harnik |
| **Cc:** | 'Jonathan Lienhard' |
| **Subject:** | Greystone CDE v. Santa Fe Pointe LP |

Today I reviewed the docket in the NY Action and noted that you have just filed an Affidavit of Service claiming that Defendants' response was due today (October 25). I must disagree, and request that you amend your Affidavit of Service forthwith or we will be forced to file a motion to quash.

As I have previously written, none of the defendants have appeared in the action nor have they been properly served. Your FedEx delivery of the first amended complaint to this firm is of no import as we are not authorized to accept service of process for any of these defendants; you must properly serve the parties themselves.
Moreover, the summons form that you used incorrectly provides for a 20-day response time; the current summons form provides for a 30-day response time in the case of an out-of-state service.

Please respond forthwith regarding your position on service of process.

Ann Draper
>   Ann M. Draper
>   Farber & Company Attorneys, LLP
>   847 Sansome Street, Suite LL
>   San Francisco, California 94111
>   tel. 415-434-5320 x108
>   fax. 415-434-5380
>   www.farberandco.com



CONFIDENTIALITY NOTICE

THIS TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED and may contain confidential information belonging to the server which is protected by the Attorney-Client privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or reliance on the contents of this information is strictly prohibited. If you have received this information in error, immediately notify us by telephone to arrange for its return.

## Stephen M. Harnik

| | |
|---|---|
| **From:** | Ann Draper [ann.draper@farberandco.com] |
| **Sent:** | Friday, October 26, 2007 9:15 PM |
| **To:** | Stephen M. Harnik |
| **Subject:** | Greystone CDE v. Santa Fe Pointe LP (NY Action) |

Please see attached letter, the original of which was mailed to you earlier today.

Ann Draper

    Ann M. Draper
    Farber & Company Attorneys, LLP
    847 Sansome Street, Suite LL
    San Francisco, California 94111
    tel. 415-434-5320 x108
    fax. 415-434-5380
    www.farberandco.com

CONFIDENTIALITY NOTICE

THIS TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED and may contain confidential information belonging to the server which is protected by the Attorney-Client privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or reliance on the contents of this information is strictly prohibited. If you have received this information in error, immediately notify us by telephone to arrange for its return.

# FARBER & COMPANY
ATTORNEYS, LLP

847 Sansome Street, Suite LL  San Francisco  California 94111

October 26, 2007

<u>By E-Mail and U.S. Mail</u>

Stephen H. Harnik, Esq.
Harnik Wilker & Finkelstein LLP
645 Fifth Avenue, 7th Floor
New York, New York  10022

    Re:   *Greystone CDE LLC v. Santa Fe Pointe, LP, et al*

Dear Mr. Harnik:

    As you are aware, this firm represents Plaintiffs Theotis F. Oliphant, Rant LLC, Santa Fe Pointe LP and Santa Fe Pointe Management LLC in the action filed in California against Greystone Servicing, Inc. and Greystone CDE, LLC (originally filed in Alameda County Superior Court as Case No. RG 07-345170, in which the Greystone Defendants have just filed a Notice of Removal to the United States District Court for the Northern District of California).

    I have been made aware of the action that Greystone CDE, LLC has filed against my clients in the United States District Court for the Southern District of New York (Case No. 07-civ-8377) (the "NY Action"), and that counsel for the Greystone Defendants in the California litigation have filed a Notice of the pendency of the NY Action. Although (1) I am not admitted to practice in New York, (2) have not appeared on behalf of my clients in the NY Action, and (3) am not authorized to accept service of process on their behalf, I emailed you yesterday because my review of the electronic PACER docket in the NY Action revealed that you filed an Affidavit of Service in the NY Action incorrectly stating that my clients had been served in the NY Action and incorrectly stating that my clients' response in the NY Action was due on October 25.

    In my email, I stated (A) that none of the defendants had appeared in the action, (B) that none of the defendants had been properly served, (C) that this firm is not authorized to accept service of process for any of these defendants in the NY Action, (D) that your FedEx delivery of the first amended complaint to this firm is of no import, did not state that it was intended to constitute "service" and was taken as a courtesy, (E) that you must properly serve the parties themselves pursuant to the requirements of the Federal Rules, and (F) that because of the out-of-state service, your summons must specify a 30-day response time, not a 20-day response time. This is not the first time I have informed you of a failure to serve my clients in the NY Action. In my email yesterday, I specifically requested that you correct the Affidavit of Service forthwith or my clients would be forced to file a motion to quash, and I asked that you response forthwith regarding regarding your position on service of process. To date I have had no response to my request.

tel 415 434 5320  fax 415 434 5380  www.farberandco.com

**FARBER & COMPANY**
ATTORNEYS, LLP

Stephen Harnik, Esq.
October 26, 2007
Page 2 of 2

    While I appreciate you providing this firm with courtesy copies of your filings in the NY Action – just as we provided courtesy copies of the California filings to you and to Diane Fisher even though you did not represent the Greystone Defendants in the California action – such courtesy copies do not constitute valid service of process. Moreover, your use of a defective summons with a 20-day response time (in contravention of the Federal Rules and local practice in New York) is troubling (and potentially sanctionable if not corrected).

    My clients are not trying to evade service but they are entitled to insist upon proper formal service of summons and complaint. Alternatively, as I have suggested in the past, you may wish to use the Rule 4(d) procedure for waiver of service of summons.

    If you wish to proceed with the NY Action, I again request that you either effect proper formal service of process on my clients or utilize the waiver of service procedure provided by Rule 4(d). In addition, I specifically request that you correct or withdraw your Affidavit of Service forthwith and notify me when you have done so. Should you fail correct or withdraw the false Affidavit of Service forthwith, my clients will retain New York counsel to specially appear for the limited purpose of moving to quash the purported service of summons and (amended) complaint, and seek sanctions and attorneys fees.

                                           Sincerely,
                                           FARBER & COMPANY ATTORNEYS, LLP

                                           By /s/ Ann McFarland Draper
                                              Ann McFarland Draper

AMD:ms

cc:    Mr. Theotis F. Oliphant

## Stephen M. Harnik

**From:** Ann Draper [ann.draper@farberandco.com]
**Sent:** Tuesday, October 30, 2007 4:35 PM
**To:** Stephen M. Harnik
**Subject:** Greystone CDE v. Santa Fe Pointe LP (NY Action)

I write because my clients have neither been served nor appeared in the above-referenced NY Action, and to date I have had no response to my letter emailed and mailed on October 29 addressing this issue and requesting that you withdraw the inaccurate proof of service that you have apparently filed.

Moreover, at 11:18 am this morning our receptionist took a message from Sarah in your office stating that conference has been set up before Judge Patterson on Dec. 6th in the NY Action. Naturally, I appreciate your courtesy in informing us of events in the NY Action, particularly since we filed suit against both Greystone CDE and Greystone Servicing in California and served both defendants before your action was filed in New York. Nonetheless, I again note that my clients have neither been served nor appeared in the NY Action. I am perplexed as to why you have taken no steps to service my clients, or at least send the Rule 4(d) forms, as we have notified you that my clients are not evading service but do insist on formal service of process.

I would appreciate a prompt reply.

Ann Draper

    Ann M. Draper
    Farber & Company Attorneys, LLP
    847 Sansome Street, Suite LL
    San Francisco, California 94111
    tel. 415-434-5320 x108
    fax. 415-434-5380
    www.farberandco.com

CONFIDENTIALITY NOTICE

THIS TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED and may contain confidential information belonging to the server which is protected by the Attorney-Client privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or reliance on the contents of this information is strictly prohibited. If you have received this information in error, immediately notify us by telephone to arrange for its return.

## Stephen M. Harnik

| From: | Stephen M. Harnik |
|---|---|
| Sent: | Tuesday, October 30, 2007 5:10 PM |
| To: | 'Ann Draper' |
| Cc: | 'Jonathan Lienhard'; 'FisherD@gtlaw.com'; Christian Votava |
| Subject: | RE: Greystone CDE v. Santa Fe Pointe LP (NY Action) |

| Tracking: | Recipient | Read |
|---|---|---|
| | 'Ann Draper' | |
| | 'Jonathan Lienhard' | |
| | 'FisherD@gtlaw.com' | |
| | Christian Votava | Read: 10/30/2007 5:14 PM |

Dear Ms. Draper:

As I wrote you on October 8, 2007, your clients contractually agreed to accept service of process by registered or certified mail (or any substantially similar form of mail). Thus, we effected service by Fedex, and your clients are now in default. Unless you can provide us with statutory or case law to the contrary, we will not withdraw our affidavit in support of plaintiff's application for a default judgment.

Sincerely,

Stephen M. Harnik, Esq.
Harnik Wilker & Finkelstein LLP
Olympic Tower
645 Fifth Avenue, 7th floor
New York, NY 10022-5937
Tel: (212) 599-7575
Fax: (212) 867-8120

e-mail: stephen@harnik.com

Visit us at our website: www.harnik.com

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email (office@harnik.com), and destroy the original message. Thank you.

---

**From:** Ann Draper [mailto:ann.draper@farberandco.com]
**Sent:** Tuesday, October 30, 2007 4:35 PM
**To:** Stephen M. Harnik
**Subject:** Greystone CDE v. Santa Fe Pointe LP (NY Action)

I write because my clients have neither been served nor appeared in the above-referenced NY Action, and to date I have had no response to my letter emailed and mailed on October 29 addressing this issue and requesting that

10/30/2007

you withdraw the inaccurate proof of service that you have apparently filed.

Moreover, at 11:18 am this morning our receptionist took a message from Sarah in your office stating that conference has been set up before Judge Patterson on Dec. 6th in the NY Action. Naturally, I appreciate your courtesy in informing us of events in the NY Action, particularly since we filed suit against both Greystone CDE and Greystone Servicing in California and served both defendants before your action was filed in New York. Nonetheless, I again note that my clients have neither been served nor appeared in the NY Action. I am perplexed as to why you have taken no steps to service my clients, or at least send the Rule 4(d) forms, as we have notified you that my clients are not evading service but do insist on formal service of process.

I would appreciate a prompt reply.

Ann Draper

    Ann M. Draper
    Farber & Company Attorneys, LLP
    847 Sansome Street, Suite LL
    San Francisco, California 94111
    tel. 415-434-5320 x108
    fax. 415-434-5380
    www.farberandco.com

CONFIDENTIALITY NOTICE

THIS TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED and may contain confidential information belonging to the server which is protected by the Attorney-Client privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or reliance on the contents of this information is strictly prohibited. If you have received this information in error, immediately notify us by telephone to arrange for its return.

10/30/2007

## Stephen M. Harnik

**From:** Ann Draper [ann.draper@farberandco.com]
**Sent:** Wednesday, October 31, 2007 5:44 PM
**To:** Stephen M. Harnik
**Cc:** 'Jonathan Lienhard'; FisherD@gtlaw.com; Christian Votava
**Subject:** RE: Greystone CDE v. Santa Fe Pointe LP (NY Action)

We believe that the burden of establishing the legal requirements – as well as the facts – to support a claim of service of process lies with the party making that claim. Nonetheless, I write to provide some legal authority that Greystone CDE has not properly or effectively served my clients with summons and complaint in the NY Action. The authorities and arguments set forth below are not intended to waive any other objections or arguments relating to deficiencies in your purported service of process (including, *inter alia*, the requirement to serve a summons stating a 30-day response time for the first amended complaint).

The rules governing service of process in New York do not expressly provide for service of process by an express delivery system, such as Federal Express, and courts that have considered the sufficiency of service by Federal Express have rejected it. See *Broughton v. Chrysler Corporation*, 144 FRD 23, 28 (WD NY 1992); *Pearson v. Board of Educ. of City of New York*, 2004 WL 2297354 (SD NY 2004); *Olympus Corp. v. Dealer Sales & Service, Inc.*, 107 FRD 300 (ED NY 1985). While it is true that the New York statutes contain an alternate method provision allowing courts to authorize service "in such manner as the court, upon motion without notice, directs, if service is impracticable under" the other specified methods [see, e.g., NY CPLR. §308(5)], those provisions only come into play when the prerequisites are met. In *Olympus Corp.*, the Court rejected an attempt to effect service by Federal Express in the absence of prior court order and the required showing of impracticability. *Olympus Corp. v. Dealer Sales & Service, Inc.*, supra, 107 FRD at 305. It is also noteworthy that in *Olympus Corp.*, the court rejected an attempt to serve the parties through service on attorneys who represented the defendant distributor in another action.

The fact that loan documents contain language purporting to constitute agreement to receive process by ""registered or certified mail (or any substantially similar form of mail)" does not cure the defective service. Even assuming *arguendo* that this clause is valid and enforceable, it does not authorize service through Federal Express. New York courts require strict compliance with the rules governing service of process. See, *McCray v. Petrini*, 622 N.Y.S.2d 815, 816 (2d Dept. 1995); *Broughton v. Chrysler Corporation*, supra, 144 FRD at 26. While New York law permits parties to a contract to agree in advance to permit service of process by means not statutorily authorized [*Nat'l Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315-16 (1964); *Mastec Latin America v. Inepar S/A Industrias E*, 2004 WL 1574732 (SD NY 2004)], Federal Express was not specifically mentioned in the contractual language upon which you apparently rely. Neither is Federal Express "substantially similar" to registered or certified mail, and courts interpreting the CPLR draw a distinction between them.

Moreover, nothing in the contractual language regarding service alters the requirements specifying what must be transmitted. Where service is effected to an out-of-state defendant, New York C.P.L.R. § 312-a(a) requires inclusion of an acknowledgement form. It is immaterial that a defendant received actual notice of a pending suit, or even actually received of the Summons and Complaint; New York requires that the acknowledgement of receipt be returned to the sender for service of process to be complete, and actual notice alone will not fulfill the requirements of proper service, where there are other deficiencies. *Broughton* 144 FRD at 27-28; *Shenko Electric, Inc. v. Hartnett*, 161 A.D.2d 1212 (4th Dept. 1990); *Feinstein v. Bergner*, 48 N.Y.2d 234 (1979); *Buggs v. Ehrnschwender*, 968 F.2d 1544, 1548 (2d Cir. 1992). Case law relating to return of the acknowledgement form remains in effect and is unchanged by the contractual language upon which you apparently rely.

Here, the required acknowledgement was neither included nor returned. Thus, your purported service of process is incomplete and improper, regardless of whether sent by mail or by Federal Express.

Please withdraw your false Affidavit of Service forthwith.

Ann Draper

11/1/2007

Ann M. Draper
Farber & Company Attorneys, LLP
847 Sansome Street, Suite LL
San Francisco, California 94111
tel. 415-434-5320 x108
fax. 415-434-5380
www.farberandco.com

[ ▼ ]
CONFIDENTIALITY NOTICE

THIS TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED and may contain confidential information belonging to the server which is protected by the Attorney-Client privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or reliance on the contents of this information is strictly prohibited. If you have received this information in error, immediately notify us by telephone to arrange for its return.

---

**From:** Stephen M. Harnik [mailto:stephen@harnik.com]
**Sent:** Tuesday, October 30, 2007 2:10 PM
**To:** Ann Draper
**Cc:** Jonathan Lienhard; FisherD@gtlaw.com; Christian Votava
**Subject:** RE: Greystone CDE v. Santa Fe Pointe LP (NY Action)

Dear Ms. Draper:

As I wrote you on October 8, 2007, your clients contractually agreed to accept service of process by registered or certified mail (or any substantially similar form of mail). Thus, we effected service by Fedex, and your clients are now in default. Unless you can provide us with statutory or case law to the contrary, we will not withdraw our affidavit in support of plaintiff's application for a default judgment.

Sincerely,

Stephen M. Harnik, Esq.
Harnik Wilker & Finkelstein LLP

11/1/2007

# Stephen M. Harnik

| | |
|---|---|
| **From:** | Ann Draper [ann.draper@farberandco.com] |
| **Sent:** | Wednesday, October 31, 2007 5:45 PM |
| **To:** | Stephen M. Harnik |
| **Cc:** | 'Jonathan Lienhard'; FisherD@gtlaw.com; Christian Votava |
| **Subject:** | RE: Greystone CDE v. Santa Fe Pointe LP (NY Action) |

Your email refers to an "application for a default judgment." Please provide me with a courtesy copy of this application by return email. Thank you.

Ann Draper
    Ann M. Draper
    Farber & Company Attorneys, LLP
    847 Sansome Street, Suite LL
    San Francisco, California 94111
    tel. 415-434-5320 x108
    fax. 415-434-5380
    www.farberandco.com

CONFIDENTIALITY NOTICE

THIS TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED and may contain confidential information belonging to the server which is protected by the Attorney-Client privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or reliance on the contents of this information is strictly prohibited. If you have received this information in error, immediately notify us by telephone to arrange for its return.

---

**From:** Stephen M. Harnik [mailto:stephen@harnik.com]
**Sent:** Tuesday, October 30, 2007 2:10 PM
**To:** Ann Draper
**Cc:** Jonathan Lienhard; FisherD@gtlaw.com; Christian Votava
**Subject:** RE: Greystone CDE v. Santa Fe Pointe LP (NY Action)

Dear Ms. Draper:

As I wrote you on October 8, 2007, your clients contractually agreed to accept service of process by registered or certified mail (or any substantially similar form of mail). Thus, we effected service by Fedex, and your clients are now in default. Unless you can provide us with statutory or case law to the contrary, we will not withdraw our affidavit in support of plaintiff's application for a default judgment.

Sincerely,

Stephen M. Harnik, Esq.
Harnik Wilker & Finkelstein LLP

11/1/2007

# Stephen M. Harnik

| | |
|---|---|
| **From:** | Ann Draper [ann.draper@farberandco.com] |
| **Sent:** | Thursday, November 01, 2007 10:04 PM |
| **To:** | Stephen M. Harnik |
| **Cc:** | 'Jonathan Lienhard'; FisherD@gtlaw.com; Christian Votava |
| **Subject:** | RE: Greystone v. Sante Fe et al |

Thank you for providing a copy of the Application for Default mentioned in your earlier email. We would like to know when this Application was submitted, whether it is the same application which Judge Patterson denied in the Memo Endorsement which appears on the docket with an October 25 date, and whether you have filed a motion as referenced in Judge Patterson's Memo Endorsement.

Separately, we continue to disagree with your claim that proper service has been effected. I expect to respond in more detail to your arguments, but as a threshold matter wish to note the following.

> First, there are a number of defects in your attempted service, but my email of yesterday was intended to address only the issue regarding use of Federal Express to deliver the original complaint.
>
> Second, we have disputed the forum selection and service of process provisions of the loan documents prepared by Greystone's counsel, which we believe are invalid and unenforceable as unconscionable contracts of adhesion. The points in my prior emails regarding Federal Express are for the sake of argument, and do not concede that the parties have made a valid or enforceable agreement regarding service of process.
>
> Third, whether Federal Express is "as good as" registered or certified mail is irrelevant, because Federal Express is not "mail." By its very nature, "mail" means and refers to the service provided by the U.S. Postal Service, not a delivery system offered by a private for-profit organization. If the parties had meant a substantially similar form of delivery, they would have said so, but they didn't; the documents (which were prepared by Greystone's counsel) used the word "mail" not the term "delivery system." We believe that the plain meaning of the words used, and *Olympus Corp. v. Dealer Sales & Service, Inc.*, 107 FRD 300 (ED NY 1985), foreclose your argument that Federal Express can be used in lieu of mail.
>
> Fourth, the fact that the service of process language allows for an alternative method of delivery does not constitute a wholesale waiver of CPLR 312-a or any other statutory requirement for service. As I noted yesterday, statutory provisions concerning service of process are strictly construed, and this includes any claim of waiver thereof. Waiver is the relinquishment of a known right. The summons and the acknowledgement forms serve important constitutional purposes, and nothing in the contractual language upon which you rely indicates that the my clients knew of, let alone intended an express waiver of, the acknowledgement form required by CPLR 312-a(a).

I am at a loss to understand why you are so persistent in your refusal to effect proper formal service. We again request that you withdraw the Affidavit of Service, as well as the Application for Default, forthwith.

Ann Draper
> Ann M. Draper
> Farber & Company Attorneys, LLP
> 847 Sansome Street, Suite LL
> San Francisco, California 94111
> tel. 415-434-5320 x108
> fax. 415-434-5380
> www.farberandco.com

CONFIDENTIALITY NOTICE

THIS TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED and may contain confidential information belonging to the server which is protected by the Attorney-Client privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or reliance on the contents of this information is strictly prohibited. If you have received this information in error, immediately notify us by telephone to arrange for its return.

---

**From:** Stephen M. Harnik [mailto:stephen@harnik.com]
**Sent:** Thursday, November 01, 2007 5:42 PM
**To:** Ann Draper
**Cc:** Jonathan Lienhard; FisherD@gtlaw.com; Christian Votava
**Subject:** Greystone v. Sante Fe et al

Dear Ms. Draper:

I reply to your two emails of yesterday.

1) We have reviewed your recitation of cases and do not find them applicable. Notably, your bald assertion that Fedex is not "substantially similar" to registered or certified mail is rejected. Fedex is as good as both registered <u>and</u> certified mail. We note that you concede that the parties may agree in advance to permit service of process by means not statutorily authorized. Therefore, we are at a loss to understand the relevance of CPLR 312-a, because here your clients expressly waived the statutory rules of service. *See*, also, *Credit Car Leasing Corp. v. Elan Group Corp.* 185 A.D.2d 109, 586 N.Y.S.2d 3 (1st Dep't 1992) wherein the court granted the plaintiff a default judgment observing "...[w]e agree... that jurisdiction was obtained over defendant-appellant, service of process having been made in accordance with the parties' lease by certified mail at the address designated in the lease. It is well settled that a person who has agreed to receive a particular mode of notification of legal proceedings should be bound by a judgment in which that particular mode of notification has been followed (*Pennoyer v. Neff,* 95 U.S. 714, 735, 24 L.Ed. 565; *Gilbert v. Burnstine,* 255 N.Y. 348, 355-356, 174 N.E. 706". Insofar as the time for your clients to respond to the summons, we refer you to *Beller & Keller* 120 F.3d 21,26 (2d Cir. 1997) ("Rule 12(a) was amended in 1993, and the language referring to time periods contained in state law was deleted...The current version of Rule 12(a) says nothing about borrowing time periods from state law...We hold that under the plain terms of Federal Rule of Civil Procedure 12(a), a defendant has twenty days from receipt of the summons to file an answer unless a federal statute provides otherwise. This is so even if, as permitted by Federal Rule of Civil Procedure 4 (e), the defendant is served pursuant to a state law method of service and the state law provides a longer time in which to answer.")

Therefore, we will not withdraw our application for default.

2) Per your request, a copy of our application is attached. We understand that the clerk's certificate has been signed.

Sincerely,

Stephen M. Harnik, Esq.
Harnik Wilker & Finkelstein LLP
Olympic Tower
645 Fifth Avenue, 7th floor
New York, NY 10022-5937
Tel: (212) 599-7575
Fax: (212) 867-8120
e-mail: stephen@harnik.com

11/2/2007

Visit us at our website: www.harnik.com

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email (office@harnik.com), and destroy the original message. Thank you.

11/2/2007