Harnik Wilker & Finkelstein LLP
Attorneys for Plaintiff
Greystone CDE, LLC
Olympic Tower
645 Fifth Avenue, 7th Floor
New York, NY 10022-5937
Tel. No. (212) 599-7575
Facsimile (212) 867-8120
Email: stephen@harnik.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Greystone CDE, LLC,                                                    Docket No. 07 civ. 8377 (RPP)

                        Plaintiff,

        - against -
Sante Fe Pointe, L.P.,
Sante Fe Pointe Management, LLC,
Rant LLC, and
Theotis F. Oliphant,

                        Defendants.
-------------------------------------------------------------X


## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT

November 5, 2007

TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………...……..i

INTRODUCTION……………………………………………………………....1

BACKGROUND……………………………..…………………………….…...1

ARGUMENT…………………………………………………………….............1

POINT I
WHETHER OR NOT MS. DRAPER HAS
APPEARED FOR THE DEFENDANTS, THEY
ARE IN DEFAULT……………………………………………………….......4

POINT II
THE DEFENDANTS HAVE BEEN PROPERLY SERVED………..…........6

POINT III
DEFENDANTS' TIME TO RESPOND WAS
20 DAYS FROM THE DATE OF SERVICE…………………………....…..8

POINT IV
SERVICE OF PROCESS HAVING PROPERLY BEEN
MADE IN RESPECT OF THE COMPLAINT, IT WAS
NOT NECESSARY TO RE-SERVE DEFENDANTS
WITH THE AMENDED COMPLAINT; INDEED,
THE PROFESSIONAL CODE OF CONDUCT
DID NOT PERMIT THAT………………………………………...…………11

CONCLUSION……………………………………………………...................13

# TABLE OF AUTHORITIES

**Cases**                                                                                                           **Page**

*Beller & Keller v. Tyler* 120 F.3d 21,26 (2d Cir. 1997) ................................. 8

*Credit Alliance Corp. v. Joshco Min. Corp.* 90 F.R.D. 187, *188
  (D.C.N.Y., 1981) ................................................................................. 10

*Credit Car Leasing Corp. v. Elan Group Corp.* 185 A.D.2d 109, 586
  N.Y.S.2d 3 (1st Dep't 1992) .................................................................. 7

*Gilbert v. Burnstine*, 255 N.Y. 348, 355-356, 174 N.E. 706 (1931) .............. 7

*H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*,
  432 F.2d 689 (D.D.C.1970) .................................................................. 5

*Lutwin v. City of New York*, 106 F.R.D. 502, 504 n. 1 (S.D.N.Y.1985) ...... 4, 5

*Martha Stewart Living Omnimedia LLC v. Beers Flower Shop, Inc.* Not
  Reported in F.Supp.2d, 1998 WL 646648 (S.D.N.Y. 1998) ....................... 5

*Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir.1981) ....................................... 4

*National Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316,
  84 S.Ct. 411, 414, 11 L.Ed.2d 354 (1964) ............................... 7, 10, 11

*Olympus Corp. v. Dealer Sales & Service, Inc.* 107 FRD 300 (E.D.N.Y.
  1985) .................................................................................................... 7

*Pennoyer v. Neff*, 95 U.S. 714, 735, 24 L.Ed. 565 ......................................... 7

*Secreto v. International Business Machines Corp.* 194 Misc.2d 512,
  *514, 755 N.Y.S.2d 566, 568 (S. Ct. Dutchess Co. 2003) ....................... 8

*Silverman v. RTV Communications Group, Inc.* Not Reported in
  F.Supp.2d, 2002 WL 483421 S.D.N.Y. (2002) ....................................... 5

*Vecchio v. U.S.* 2005 WL 2978699, *3 (S.D.N.Y. 2005) .............................. 8

ii

**Statutes**

Code of Professional Responsibility EC 7-18, DR 7-104......................12

CPLR § 308(4) ..............................................................................................9

CPLR § 312-a................................................................................................9

CPLR § 3216..................................................................................................8

Fed. R. Civ. P. 12(b)(6)................................................................................1

Fed. R. Civ. P. 55(b)(2)............................................................................1, 4

## INTRODUCTION

This Memorandum of Law is submitted on behalf of plaintiff Greystone CDE LLC, (hereinafter "plaintiff") in support of its motion brought pursuant to Fed. R. Civ. P. 55(b)(2) for entry of a default judgment against the defendants Sante Fe Pointe L.P., Sante Fe Pointe Management, LLC, Rant LLC, and Theotis F. Oliphant (hereinafter "defendants"); for severance of plaintiff's claim for attorneys' fees pursuant to contract; and for such other and further relief as the Court deems just and proper under the circumstances.

## BACKGROUND

This action arises out of defendants' breach of a loan agreement, loan documents and a note to make payment when due, and the failure of defendants, Sante Fe Pointe Management, LLC, Rant LLC and Theotis F. Oliphant, as guarantors, to make payment when due. Plaintiff has brought suit to recover damages suffered as a result of these actions.

The facts as relevant to this motion are set forth in the Declaration of Stephen M. Harnik, Esq. dated November 5, 2007, to which the court is respectfully referred. In a nutshell, in the loan agreements (copies are attached

1

to the Complaint[1]) which defendants entered into with plaintiff, they agreed that "SERVICE OF PROCESS...MAY BE EFFECTED BY MAILING A COPY THEREOF BY REGISTERED OR CERTIFIED MAIL (OR ANY SUBSTANTIALLY SIMILAR FORM OF MAIL) TO THE [DEFENDANTS]." (Emphasis in original). (*See*, the Partner Guaranty, Pledge and Security Agreement [annexed to the Complaint as exhibit "D"] and the Developer Limited Guaranty, Pledge and Security Agreement [annexed to the Complaint as exhibit "E"]). This action was commenced on September 26, 2007. On September 28, 2007, the summons and complaint were delivered to the defendants by Federal Express ("Fedex"). (*See*, Harnik Decl. ex. E *sub*. ex. 1).

On October 1, 2007, Ann McFarland Draper, Esq., wrote the undersigned that she represented the defendants. She acknowledged that plaintiff had commenced the within action against her clients in New York and demanded that it be dismissed forthwith for lack of subject matter and personal jurisdiction. (Harnik Decl. ex. E *sub*. Ex. 2).

On October 24, 2007, the undersigned filed their affidavit of service

---

[1] The Complaint was filed on September 26, 2007. On October 5, 2007, plaintiff filed its First Amended Complaint as of Right. In order to demonstrate that full diversity existed between the parties, the citizenship of the general and limited partners of the LLC's was set forth in ¶'s 1, 3, 5 & 7. That is the only difference between the Amended Complaint and the Complaint. The "Complaint" herein refers to the Amended Complaint unless otherwise noted.

2

of process together with the Clerk's Certificate for a default and a form of default judgment.

On October 25, 2007, the Court filed its Endorsed Memo denying plaintiff's application for a default judgment and . . . "directing plaintiff to proceed by moving for entry of a default with notice of such motion to defendants." (Harnik Decl. Ex. "F").

On October 26, 2007, Ms. Draper wrote in pertinent part: ..."(A) that none of the defendants has appeared in the action, (B) that none of the defendants had been properly served, (C) that this firm is not authorized to accept service of process for any of these defendants in the NY Action[2], (D) that your FedEx delivery of the first amended complaint to this firm is of no import, did not state that it was intended to constitute "service" and was taken as a courtesy, (E) that you must properly serve the parties themselves pursuant to the requirements of the Federal Rules, and (F) that because of the out-of-state service, your summons must specify a 30-day response time, not a 20-day response time." (Harnik Decl. Ex. "G").

Ms. Draper's letter of October 26, 2007, to the contrary, it is submitted that defendants have defaulted as a matter of law.

---

[2] Although not relevant to this motion, on September 7, 2007, the defendants herein with the exception of Sante Fe Pointe Management, LLC, represented by Ms. Draper's firm, commenced an action against plaintiff in the Superior Court of California, County of Alameda for breach of fiduciary duty/constructive fraud and intentional interference with propective economic advantage in connection with the subject matter of the NY action. On September 25, 2007, the named defendants herein filed a First Amended and Supplemental Complaint for Damages and Declaratory Relief.

3

## ARGUMENT

### POINT I

### WHETHER OR NOT MS. DRAPER HAS APPEARED FOR THE DEFENDANTS, THEY ARE IN DEFAULT

Ms. Draper's first point in her letter of October 26, is that defendants have not appeared. Obviously, that is not a defense to a default motion. Indeed, it is just the opposite: defendants' failure to appear and respond is the reason that they are in default.

It is also questionable whether or not Ms. Draper has "appeared." Apparently, based upon her letter of October 1, 2007 (Harnik Decl. Ex. "E" *sub* Ex. 2) wherein she acknowledged that plaintiff had commenced the within action against her clients in New York and demanded that it be dismissed forthwith for lack of subject matter and personal jurisdiction, the court believed that she had appeared, or otherwise it would not have denied the application for default and caused plaintiff to move pursuant to Fed. R. Civ. P. 55(b)(2). *Meehan v. Snow,* 652 F.2d 274, 277 (2d Cir.1981). ("[I]n order to insure defendant an opportunity to defend against plaintiff's application, a court usually will try to find that there has been an appearance by defendant, which has the effect of requiring that notice of the application for a default be given to him.") S*ee, also, Lutwin v. City of New York,* 106

F.R.D. 502, 504 n. 1 (S.D.N.Y.1985) (defense attorney's attendance at a status conference and statement of intention to file an answer could be considered an appearance), *aff'd* 795 F.2d 1004 (2d Cir.1986); *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689 (D.D.C.1970) (statement made by defense counsel that plaintiff "would have difficulty in getting a judgment" held sufficient to establish an appearance). *Martha Stewart Living Omnimedia LLC v. Beers Flower Shop, Inc.* Not Reported in F.Supp.2d, 1998 WL 646648 (S.D.N.Y.1998). *Silverman v. RTV Communications Group, Inc.* Not Reported in F.Supp.2d, 2002 WL 483421 (S.D.N.Y. 2002), ("appearance under Rule 55(b)(2) is broadly defined and is not limited to a formal court filing.")

It is also contradictory of Ms. Draper to maintain that she has not "appeared," but at the same time to have i) demanded that the action be dismissed (*see* her letter of October 1, 2007); ii) requested that the exhibits to the Amended Complaint be sent to her (Harnik Decl. ex. C); iii) provided the undersigned with purported "…legal authority that Greystone CDE has not properly or effectively served my clients," and demanded that the "false" affidavit of service be withdrawn forthwith; iii) disputed the forum selection and service of process provisions in the loan documents "…which we

5

believe are invalid and unenforceable as unconscionable contracts of adhesion." (*See* Harnik Decl. ex. F).

In any event, whether or not Ms. Draper has appeared, the defendants did not respond to the summons within 20 days, and are, therefore, in default.[3]

## POINT II

## THE DEFENDANTS HAVE BEEN PROPERLY SERVED

Defendants' counsel next argues that the defendants have not been properly served. In her email of October 31, 2007 (Harnik Decl. ex. F) she baldly asserted that Fedex is not "substantially similar" to registered or certified mail. In fact, Fedex is as good as both registered and certified mail, as each step of the way is documented and the sender receives proof of delivery. (*See*, Harnik Decl. ex. E *sub*. ex. 1). Interestingly, in her email of October 31, 2007, (Harnik Decl. ex. G), Ms. Draper conceded that the parties may agree in advance to permit service of process by means not statutorily authorized, citing *National Equipment Rental, Ltd. V. Szukhent*

---

[3] According to the US Postal Service (USPS) website, Certified Mail provides proof of mailing at the time of mailing and date and time of delivery or attempted delivery. A delivery record is maintained by the USPS. Certified mail is available with First-Class Mail and Priority Mail. Registered Mail provides maximum protection and security for valuables. It provides the sender with mailing receipt and a delivery record is maintained by the USPS. A record of mailing is maintained at the mailing post office.

6

375 US 311, 315-16 (1964). Therefore, Ms. Draper's reliance on the service requirements under CPLR 312-a are entirely misplaced because here her clients expressly agreed to the manner of service which plaintiff employed. *See*, also, *Credit Car Leasing Corp. v. Elan Group Corp.* 185 A.D.2d 109, 586 N.Y.S.2d 3 (1st Dep't 1992) wherein the court granted the plaintiff a default judgment observing "...[w]e agree... that jurisdiction was obtained over defendant-appellant, service of process having been made in accordance with the parties' lease by certified mail at the address designated in the lease. It is well settled that a person who has agreed to receive a particular mode of notification of legal proceedings should be bound by a judgment in which that particular mode of notification has been followed *(Pennoyer v. Neff,* 95 U.S. 714, 735, 24 L.Ed. 565; *Gilbert v. Burnstine*, 255 N.Y. 348, 355-356, 174 N.E. 706 [1931]."

Defendants' counsel alternatively argues that Fedex is not "mail," and writes that "By its very nature, "mail" means and refers to the service provided by the U.S. Postal Service, not a delivery system offered by a private for-profit organization." She cites to *Olympus Corp. v. Dealer Sales & Service, Inc.* 107 FRD 300 (E.D.N.Y. 1985), but that case provides no support for her argument. To the contrary, there are a slew of cases which have held that Fedex is the functional equivalent of mail (indeed, it is often

7

referred to as "overnight *mail*") *See, e.g. Secreto v. International Business Machines Corp.* 194 Misc.2d 512, *514, 755 N.Y.S.2d 566, 568 (S. Ct. Dutchess Co. 2003) ("Here, no substantive right of the plaintiff has been abridged, particularly as the Federal Express delivery of the CPLR 3216 demand has been proven by documentary evidence to have been accomplished upon plaintiff's counsel, in a manner that is the functional equivalent to registered or certified mail delivery."); *Vecchio v. U.S.* 2005 WL 2978699, *3 (S.D.N.Y. 2005) (Federal Express proof of delivery form was sufficient to establish receipt by agency, as would be a certified or registered mail receipt").

Thus, defendants were properly served.

## POINT III

### DEFENDANTS' TIME TO RESPOND WAS 20 DAYS FROM THE DATE OF SERVICE

Defendants' counsel argued from the outset that defendants had 30 days within which to respond to the summons. However, as we wrote on November 1, 2007, (Harnik Decl. Ex. "G"), and as explained in *Beller & Keller v. Tyler* 120 F.3d 21,26 (2d Cir. 1997), that is not correct. In *Beller & Keller*, plaintiff, a New York law firm, brought a breach of contract action against its clients, Arizona residents, for unpaid legal fees and expenses.

8

The defendants were served under New York's "nail and mail" provision, CPLR § 308(4) and defaulted, whereupon plaintiff filed an *ex parte* application for a default judgment which the district court (Robert P. Patterson, Jr., J.) granted. The defendants then twice moved to vacate the judgment which Judge Patterson denied in both instances. On appeal of the second denial, defendants maintained that their time to respond to the summons should have been calculated under the CPLR's "nail and mail" method of service, not the federal rules. That is the essentially the same argument that Ms. Draper has made in the instant case. However, the Second Circuit corrected defendants' misapprehension of the law, holding:

> …Rule 12(a) was amended in 1993, and the language referring to time periods contained in state law was deleted…The current version of Rule 12(a) says nothing about borrowing time periods from state law…We hold that under the plain terms of Federal Rule of Civil Procedure 12(a), a defendant has twenty days from receipt of the summons to file an answer unless a federal statute provides otherwise. This is so even if, as permitted by Federal Rule of Civil Procedure 4(e), the defendant is served pursuant to a state law method of service and the state law provides a longer time in which to answer. *Id.* at 26.

Thus, defendants herein had 20 days to respond to the summons.

In response, Ms. Draper has argued that her clients did not "knowingly" waive their right to being served with the CPLR 312-a acknowledgment form which effectively lengthens the time within which to

respond to a summons under state law. However, the defendants never had a "right" to service under §312-a.

Moreover, if extra time to respond to the summons was defense counsel's principal concern, it was hers for the asking. Thus, on October 8, 2007, -- which was 7 days before defendants' time to respond to the summons had expired, -- the undersigned offered Ms. Draper extra time to respond, (and at the same time explained the propriety of the manner of service). (Harnik Decl. Ex. "C"). Rather than accept that offer for more time, however, Ms. Draper insisted that defendants be served other than as provided in the agreements.

Ms. Draper next claimed that the forum selection and service of process provisions in the loan documentation were "...invalid and unenforceable as unconscionable contracts of adhesion." That desperate argument has no merit as the very case she previously cited, *National Equipment Rental, Ltd. V. Szukhent* 375 US 311, 315-16 (1964), makes clear. *See*, also, *e.g. Credit Alliance Corp. v. Joshco Min. Corp.* 90 F.R.D. 187, *188 (D.C.N.Y., 1981) ("The motion to dismiss for lack of personal jurisdiction is also denied. In this case, personal jurisdiction is based upon provisions in the note and guarantee agreements appointing a New York agent for the service of process. Defendants' motion is predicated on the

10

argument that the provision is unconscionable and therefore unenforceable. The claim is unpersuasive. "(P)arties to a contract may agree in advance to submit to the jurisdiction of a given court" by appointing an agent for the service of process. *National Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316, 84 S.Ct. 411, 414, 11 L.Ed.2d 354 (1964). The mere assertions that the individual defendants did not read the contract, and were not represented by counsel does not warrant a finding of procedural unconscionability. Nor does plaintiff have any legal obligation to explain the provision.")

Having let more than 20 (or even 30) days go by without responding to the summons, defendants have intentionally defaulted and a judgment of default should, therefore, be entered.

## POINT IV

**SERVICE OF PROCESS HAVING PROPERLY BEEN MADE IN RESPECT OF THE COMPLAINT, IT WAS NOT NECESSARY TO RE-SERVE DEFENDANTS WITH THE AMENDED COMPLAINT; INDEED, THE PROFESSIONAL CODE OF CONDUCT DID NOT PERMIT THAT.**

On October 5, 2007, plaintiff filed its First Amended Complaint as of Right. In order to demonstrate that full diversity existed between the parties,

the citizenship of the general and limited partners of the LLC's was set forth in ¶'s 1, 3, 5 & 7.  That is the only difference between the Amended Complaint and the Complaint.  Since Ms. Draper had informed the undersigned that she represented the defendants, the Amended Complaint was served upon her by email and by first class mail.  To have done otherwise would have run afoul of the Code of Professional Responsibility EC 7-18, DR 7-104 ("During the course of the representation of a client, a lawyer shall not 1) Communicate …with a party the lawyer knows to be represented by a lawyer…").  Whether or not Ms. Draper had made an appearance was irrelevant.

Accordingly, defendants had 10 days from service of the Amended Complaint (or 20 days from the original service – both of which landed on October 18, 2007) to respond. Having failed to respond, defendants are now in default.

## **CONCLUSION**

By reason of the foregoing, it is submitted that the defendants have willfully defaulted and a judgment by default should, therefore, be entered. Plaintiff's claim for attorneys' fees should be severed and set down for inquest.

Dated: November 5, 2007
       New York, New York

                        HARNIK WILKER & FINKELSTEIN LLP

                        by: Stephen M. Harnik (SH 9889)

                        Attorneys for Greystone CDE LLC
                        645 Fifth Avenue, 7th Floor
                        New York, NY 10022-5937
                        (212) 599-7575