# EXHIBIT B

#155250v3

# PARTNER GUARANTY, PLEDGE AND SECURITY AGREEMENT

from

SANTA FE POINTE, MANAGEMENT, LLC,

and

THEOTIS F. OLIPHANT

to

GREYSTONE CDE, LLC

Dated as of December 1, 2006

contemplated by the Loan Agreement including, without limitation, the Partnership Agreement; or (b) any exchange, release or non-perfection of any other collateral, or any release or amendment or waiver of or consent to or departure from any guaranty, for all or any of the Obligations.

**Section 22. Private Sales.** Pledgors recognize that Pledgee may be unable to effect a public sale of any or all the Collateral, by reason of certain prohibitions contained in any federal or state law governing the issuance or sale of securities and applicable state securities laws or otherwise, and may be compelled to resort to one or more private sales thereof to a restricted group of purchasers which will be obliged to agree, among other things, to acquire the Collateral for their own account for investment and not with a view to the distribution thereof. Pledgors acknowledge and agree that any such private sale may result in prices and other terms less favorable to Pledgee than if such sale were a public sale and agree that such circumstances shall not, in and of themselves, result in a determination that such sale was not made in a commercially reasonable manner. Pledgee shall be under no obligation to delay a sale of any of the Collateral for the period of time necessary to permit the Partnership to register for public sale under any federal or state law governing the issuance or sale of securities, even if the Partnership would agree to do so.

**Section 23. Registration of Pledge.** Concurrently with the execution of this Agreement, Pledgors have given to the Partnership written instructions, and has caused the Partnership to deliver, and the Partnership has, delivered to Pledgee a statement confirming that the Partnership has registered on its books the pledge effected by this Agreement.

**Section 24. Reinstatement.** This Agreement shall continue to be effective, or be reinstated, as the case may be, if at any time payment, or any part thereof, of any of the Obligations is rescinded or must otherwise be restored or returned by Pledgee upon the insolvency, bankruptcy, dissolution, liquidation or reorganization of Pledgors or the Partnership or upon or as a result of the appointment of a receiver, intervenor or conservator of, or trustee or similar officer for, Pledgors or the Partnership or any substantial part of their property, or otherwise, all as though such payments had not been made.

**Section 25. Powers Coupled with an Interest.** All authorizations, agencies and powers herein contained with respect to the Collateral are irrevocable and are coupled with an interest.

**Section 26. Submission to Jurisdiction; Waivers.**

(a) PLEDGORS HEREBY IRREVOCABLY AND UNCONDITIONALLY:

(i) SUBMIT THEMSELVES AND THEIR RESPECTIVE PROPERTY IN ANY LEGAL ACTION OR PROCEEDING RELATING TO THIS AGREEMENT, OR ANY OTHER DOCUMENT EXECUTED IN CONNECTION WITH THE TRANSACTIONS CONTEMPLATED BY THE LOAN AGREEMENT, OR FOR RECOGNITION AND ENFORCEMENT OF ANY JUDGMENT IN RESPECT HEREOF OR

15

THEREOF, TO THE NON-EXCLUSIVE GENERAL JURISDICTION OF THE COURTS OF THE STATE OF NEW YORK, THE COURTS OF THE UNITED STATES OF AMERICA FOR THE STATE OF NEW YORK, AND THE APPELLATE COURTS FROM ANY THEREOF;

(ii)   CONSENT THAT ANY SUCH ACTION OR PROCEEDING MAY BE BROUGHT IN SUCH COURTS, AND WAIVES ANY OBJECTION THAT IT MAY NOW OR HEREAFTER HAVE TO THE VENUE OF ANY SUCH ACTION OR PROCEEDING IN ANY SUCH COURT OR THAT SUCH ACTION OR PROCEEDING WAS BROUGHT IN AN INCONVENIENT COURT AND AGREE NOT TO PLEAD OR CLAIM THE SAME;

(iii)   AGREE THAT SERVICE OF PROCESS IN ANY SUCH ACTION OR PROCEEDING MAY BE EFFECTED BY MAILING A COPY THEREOF BY REGISTERED OR CERTIFIED MAIL (OR ANY SUBSTANTIALLY SIMILAR FORM OF MAIL), POSTAGE PREPAID, TO PLEDGORS AT THE ADDRESSES REFERRED TO ON PAGE 1 OF THIS AGREEMENT; AND

(iv)   AGREE THAT NOTHING HEREIN SHALL AFFECT THE RIGHT TO EFFECT SERVICE OF PROCESS IN ANY OTHER MANNER PERMITTED BY LAW OR SHALL LIMIT PLEDGEE'S RIGHT TO SUE IN ANY OTHER JURISDICTION.

(b)   PLEDGORS HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE TRIAL BY JURY IN ANY LEGAL ACTION OR PROCEEDING RELATING TO OR ARISING OUT OF THIS AGREEMENT.

Section 27.   **Counterparts.**  This Agreement may be executed in any number of counterparts, each of which shall be an original, with the same effect as if the signatures thereto and hereto were upon the same instrument.

IN WITNESS WHEREOF, Pledgors have caused this Partner Guaranty, Pledge and Security Agreement to be duly executed and delivered as of the date first above written.

SANTA FE POINTE MANAGEMENT, LLC, an Oklahoma limited liability company

By: *[signature]*
Name: Theotis F. Oliphant
Title: Managing member

*[signature]*
THEOTIS F. OLIPHANT

Santa Fe/Partner Pledge