# EXHIBIT E

# FARBER & COMPANY
ATTORNEYS, LLP

847 Sansome Street, Suite LL  San Francisco, California 94111

October 26, 2007

By E-Mail and U.S. Mail

Stephen H. Harnik, Esq.
Harnik Wilker & Finkelstein LLP
645 Fifth Avenue, 7th Floor
New York, New York  10022

      Re:   *Greystone CDE LLC v. Santa Fe Pointe, LP, et al*

Dear Mr. Harnik:

      As you are aware, this firm represents Plaintiffs Theotis F. Oliphant, Rant LLC, Santa Fe Pointe LP and Santa Fe Pointe Management LLC in the action filed in California against Greystone Servicing, Inc. and Greystone CDE, LLC (originally filed in Alameda County Superior Court as Case No. RG 07-345170, in which the Greystone Defendants have just filed a Notice of Removal to the United States District Court for the Northern District of California).

      I have been made aware of the action that Greystone CDE, LLC has filed against my clients in the United States District Court for the Southern District of New York (Case No. 07-civ-8377) (the "NY Action"), and that counsel for the Greystone Defendants in the California litigation have filed a Notice of the pendency of the NY Action. Although (1) I am not admitted to practice in New York, (2) have not appeared on behalf of my clients in the NY Action, and (3) am not authorized to accept service of process on their behalf, I emailed you yesterday because my review of the electronic PACER docket in the NY Action revealed that you filed an Affidavit of Service in the NY Action incorrectly stating that my clients had been served in the NY Action and incorrectly stating that my clients' response in the NY Action was due on October 25.

      In my email, I stated (A) that none of the defendants had appeared in the action, (B) that none of the defendants had been properly served, (C) that this firm is not authorized to accept service of process for any of these defendants in the NY Action, (D) that your FedEx delivery of the first amended complaint to this firm is of no import, did not state that it was intended to constitute "service" and was taken as a courtesy, (E) that you must properly serve the parties themselves pursuant to the requirements of the Federal Rules, and (F) that because of the out-of-state service, your summons must specify a 30-day response time, not a 20-day response time. This is not the first time I have informed you of a failure to serve my clients in the NY Action. In my email yesterday, I specifically requested that you correct the Affidavit of Service forthwith or my clients would be forced to file a motion to quash, and I asked that you response forthwith regarding regarding your position on service of process. To date I have had no response to my request.

# FARBER & COMPANY
ATTORNEYS, LLP

Stephen Harnik, Esq.
October 26, 2007
Page 2 of 2

While I appreciate you providing this firm with courtesy copies of your filings in the NY Action – just as we provided courtesy copies of the California filings to you and to Diane Fisher even though you did not represent the Greystone Defendants in the California action – such courtesy copies do not constitute valid service of process. Moreover, your use of a defective summons with a 20-day response time (in contravention of the Federal Rules and local practice in New York) is troubling (and potentially sanctionable if not corrected).

My clients are not trying to evade service but they are entitled to insist upon proper formal service of summons and complaint. Alternatively, as I have suggested in the past, you may wish to use the Rule 4(d) procedure for waiver of service of summons.

If you wish to proceed with the NY Action, I again request that you either effect proper formal service of process on my clients or utilize the waiver of service procedure provided by Rule 4(d). In addition, I specifically request that you correct or withdraw your Affidavit of Service forthwith and notify me when you have done so. Should you fail correct or withdraw the false Affidavit of Service forthwith, my clients will retain New York counsel to specially appear for the limited purpose of moving to quash the purported service of summons and (amended) complaint, and seek sanctions and attorneys fees.

Sincerely,
FARBER & COMPANY ATTORNEYS, LLP

By /s/ Ann McFarland Draper
Ann McFarland Draper

AMD:ms

cc:   Mr. Theotis F. Oliphant