# EXHIBIT G

## Stephen M. Harnik

**From:** Ann Draper [ann.draper@farberandco.com]
**Sent:** Thursday, November 01, 2007 10:04 PM
**To:** Stephen M. Harnik
**Cc:** 'Jonathan Lienhard'; FisherD@gtlaw.com; Christian Votava
**Subject:** RE: Greystone v. Sante Fe et al

Thank you for providing a copy of the Application for Default mentioned in your earlier email. We would like to know when this Application was submitted, whether it is the same application which Judge Patterson denied in the Memo Endorsement which appears on the docket with an October 25 date, and whether you have filed a motion as referenced in Judge Patterson's Memo Endorsement.

Separately, we continue to disagree with your claim that proper service has been effected. I expect to respond in more detail to your arguments, but as a threshold matter wish to note the following.

First, there are a number of defects in your attempted service, but my email of yesterday was intended to address only the issue regarding use of Federal Express to deliver the original complaint.

Second, we have disputed the forum selection and service of process provisions of the loan documents prepared by Greystone's counsel, which we believe are invalid and unenforceable as unconscionable contracts of adhesion. The points in my prior emails regarding Federal Express are for the sake of argument, and do not concede that the parties have made a valid or enforceable agreement regarding service of process.

Third, whether Federal Express is "as good as" registered or certified mail is irrelevant, because Federal Express is not "mail." By its very nature, "mail" means and refers to the service provided by the U.S. Postal Service, not a delivery system offered by a private for-profit organization. If the parties had meant a substantially similar form of delivery, they would have said so, but they didn't; the documents (which were prepared by Greystone's counsel) used the word "mail" not the term "delivery system." We believe that the plain meaning of the words used, and *Olympus Corp. v. Dealer Sales & Service, Inc.*, 107 FRD 300 (ED NY 1985), foreclose your argument that Federal Express can be used in lieu of mail.

Fourth, the fact that the service of process language allows for an alternative method of delivery does not constitute a wholesale waiver of CPLR 312-a or any other statutory requirement for service. As I noted yesterday, statutory provisions concerning service of process are strictly construed, and this includes any claim of waiver thereof. Waiver is the relinquishment of a known right. The summons and the acknowledgement forms serve important constitutional purposes, and nothing in the contractual language upon which you rely indicates that the my clients knew of, let alone intended an express waiver of, the acknowledgement form required by CPLR 312-a(a).

I am at a loss to understand why you are so persistent in your refusal to effect proper formal service. We again request that you withdraw the Affidavit of Service, as well as the Application for Default, forthwith.

Ann Draper
Ann M. Draper
Farber & Company Attorneys, LLP
847 Sansome Street, Suite LL
San Francisco, California 94111
tel. 415-434-5320 x108
fax. 415-434-5380
www.farberandco.com

CONFIDENTIALITY NOTICE

THIS TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED and may contain confidential information belonging to the server which is protected by the Attorney-Client privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or reliance on the contents of this information is strictly prohibited. If you have received this information in error, immediately notify us by telephone to arrange for its return.

**From:** Stephen M. Harnik [mailto:stephen@harnik.com]
**Sent:** Thursday, November 01, 2007 5:42 PM
**To:** Ann Draper
**Cc:** Jonathan Lienhard; FisherD@gtlaw.com; Christian Votava
**Subject:** Greystone v. Sante Fe et al

Dear Ms. Draper:

I reply to your two emails of yesterday.

1) We have reviewed your recitation of cases and do not find them applicable. Notably, your bald assertion that Fedex is not "substantially similar" to registered or certified mail is rejected. Fedex is as good as both registered <u>and</u> certified mail. We note that you concede that the parties may agree in advance to permit service of process by means not statutorily authorized. Therefore, we are at a loss to understand the relevance of CPLR 312-a, because here your clients expressly waived the statutory rules of service. *See*, also, *Credit Car Leasing Corp. v. Elan Group Corp.* 185 A.D.2d 109, 586 N.Y.S.2d 3 (1st Dep't 1992) wherein the court granted the plaintiff a default judgment observing "...[w]e agree... that jurisdiction was obtained over defendant-appellant, service of process having been made in accordance with the parties' lease by certified mail at the address designated in the lease. It is well settled that a person who has agreed to receive a particular mode of notification of legal proceedings should be bound by a judgment in which that particular mode of notification has been followed (*Pennoyer v. Neff*, 95 U.S. 714, 735, 24 L.Ed. 565; *Gilbert v. Burnstine*, 255 N.Y. 348, 355-356, 174 N.E. 706". Insofar as the time for your clients to respond to the summons, we refer you to *Beller & Keller* 120 F.3d 21,26 (2d Cir. 1997) ("Rule 12(a) was amended in 1993, and the language referring to time periods contained in state law was deleted...The current version of Rule 12(a) says nothing about borrowing time periods from state law...We hold that under the plain terms of Federal Rule of Civil Procedure 12(a), a defendant has twenty days from receipt of the summons to file an answer unless a federal statute provides otherwise. This is so even if, as permitted by Federal Rule of Civil Procedure 4 (e), the defendant is served pursuant to a state law method of service and the state law provides a longer time in which to answer.")

Therefore, we will not withdraw our application for default.

2) Per your request, a copy of our application is attached. We understand that the clerk's certificate has been signed.

Sincerely,

Stephen M. Harnik, Esq.
Harnik Wilker & Finkelstein LLP
Olympic Tower
645 Fifth Avenue, 7th floor
New York, NY 10022-5937
Tel: (212) 599-7575
Fax: (212) 867-8120
e-mail: stephen@harnik.com

11/2/2007

Visit us at our website: www.harnik.com

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email (office@harnik.com), and destroy the original message. Thank you.