**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GREYSTONE CDE, LLC,<br><br>                    *Plaintiff,*<br><br>     - against -<br><br>SANTE FE POINTE, L.P., *et al.,*<br><br>                    *Defendants.* | Civil Case No:  07CV.8377 (RPP) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY**
**OF DEFAULT JUDGMENT AND CROSS MOTION TO VACATE**
<u>**SERVICE OF COMPLAINT AND AMENDED COMPLAINT**</u>

**AKERMAN SENTERFITT LLP**
335 Madison Avenue, Suite 2600
New York, New York 10017
<u>Telephone</u>: 212.880.3800

*Attorneys for Defendants*
*Specially Appearing for the Limited Purpose of*
*Filing the Instant Opposition and Cross-Motion*

*Of Counsel:*

Donald N. David (DD 5222)
Brian A. Bloom  (BB 5722)
Jeremy A. Shure (JS 0490)

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................... 2

ARGUMENT................................................................................................................... 4

1.    PLAINTIFF HAS FAILED TO SATISFY ITS BURDEN AND THE APPLICABLE
      STANDARD APPLIED IN THIS DISTRICT FOR GRANTING A MOTION FOR
      DEFAULT JUDGMENT................................................................................... 4

2.    THE ALLEGED DEFAULT CANNOT BE SAID TO BE WILLFUL, AS
      DEFENDANTS HAVE NOT BEEN PROPERLY SERVED WITH THE *INITIAL
      COMPLAINT* AND IN FACT HAVE REQUESTED AND ENCOURAGED
      PROPER SERVICE ........................................................................................ 5

      a.  Service By Federal Express Does Not Constitute Valid Service By Mail
          As Required By The Agreement............................................................... 5

      b.  Defendants Have Requested and Encouraged Proper Service On Numerous
          Occasions ............................................................................................... 7

3.    THE ALLEGED DEFAULT CANNOT BE SAID TO BE WILLFUL, AS
      DEFENDANTS HAVE NOT BEEN PROPERLY SERVED WITH THE *FIRST
      AMENDED COMPLAINT* AND IN FACT HAVE REQUESTED AND
      ENCOURAGED PROPER SERVICE ....................................................... 9

4.    THE CALIFORNIA ACTION IS DEMONSTRATIVE OF DEFENDANTS'
      MERITORIOUS DEFENSES IN THIS ACTION ...................................... 11

5.    PLAINTIFF HAS FAILED TO ALLEGE OR DEMONSTRATE ANY
      PREJUDICE IN THE CONTEXT OF A DEFAULT ................................. 12

CONCLUSION................................................................................................... 13

# TABLE OF AUTHORITIES

## CASES

Arthur F. Williams, Inc.  v. Helbig,
208 F.R.D. 41 (E.D.N.Y. 2002) .................................................................................... 13

Bloom v Democratic Nat. Committee,
2002 WL 31496272 (S.D.N.Y. Nov. 6, 2002) ............................................................... 11

Cody v. Mello,
59 F.3d 13, 15 (2d Cir.1995).......................................................................................... 5

Continental Sports Corp. v. Dep't of Labor and Industries,
128 Wash. 2d 594, 599-600 (Wash.  1996) .................................................................... 7

Credit Lyonnais Secs. (USA), Inc. v. Alcantara,
183 F.3d 151, 154 (2d Cir.1999)..................................................................................... 5

Davis v. Musler,
713 F. 2d 907, 916 (2d Cir.1983)................................................................................... 13

Enron Oil Corp. v. Diakuhara,
10 F.3d 90, 96 (2d Cir. 1993).......................................................................................... 5

Kim v. U.S.,
461 F. Supp. 2d 34, 40 (D.D.C. 2006) ........................................................................... 8

Mastec Latin America v. Inepar S/A Industrias E,
2004 WL 1574732 (S.D.N.Y. 2004)............................................................................... 7

Meehan v. Snow,
652 F.2d 274, 277 (2d Cir.1981)..................................................................................... 5

Michelson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,
669 F. Supp. 1244 (S.D.N.Y. 1987)............................................................................... 11

Nat'l Equipment Rental, Ltd. v. Szukhent,
375 U.S. 311, 315-16 (1964) ......................................................................................... 7

Northland Pioneer College v. Zarco,
179 Ariz. 44, 47 (Ariz. Ct. App. 1994) .......................................................................... 8

Olympus Corp. v. Dealer Sales & Service, Inc.,
107 F.R.D. 300 (E.D.N.Y. 1985) ................................................................................... 7

Pearson v. Board of Educ. of City of New York,
2004 WL 2297354 (S.D.N.Y. 2004)...........................................................................7

S.E.C. v. McNulty,
137 F.3d 732, 738 (2d Cir. 1998).........................................................................5,9,12

Secreto v. International Business Machines, Corp.,
194 Misc.2d 512 (S. Ct. Dutchess Co. 2003)...........................................................7

Shah v. N.Y. State Dep't of Civil Service,
168 F.3d 610, 615 (2d Cir. 1999)............................................................................5

Triad Energy Corp. v. McNell,
110 F.R.D. 382, 385 (S.D.N.Y. 1986) .....................................................................8

Vecchio v. U.S.,
2005 WL 2978699 (S.D.N.Y. 2005)........................................................................7

## FEDERAL STATUTES

Federal Rule of Civil Procedure Rule 4(d)...............................................................10, 12

Federal Rule of Civil Procedure Rule 4(i)...............................................................8

Federal Rule of Civil Procedure Rule 5(2)(B)..........................................................3

Federal Rule of Civil Procedure Rule 5(2)(C)..........................................................3

Federal Rule of Civil Procedure Rule 5(2)(D)..........................................................3

Federal Rule of Civil Procedure Rule 6(e)...............................................................3

Federal Rule of Civil Procedure Rule 11.................................................................4

28 U.S.C. §1404(a)...........................................................................................4

## MISCELLANEOUS

Local Civil Rule 5.3.........................................................................................3

Donald N. David (DD 5222)
Brian A. Bloom  (BB 5722)
Jeremy A. Shure (JS 0490)
**AKERMAN SENTERFITT LLP**
335 Madison Avenue, Suite 2600
New York, New York 10017
Telephone:  212.880.3800
Facsimile:  212.880.8965

*Attorneys for Defendants[1]*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GREYSTONE CDE, LLC, <br><br> *Plaintiff,* <br><br> - against - <br><br> SANTE FE POINTE, *et al.,* <br><br> *Defendants.* | Civil Case No:  07CV.8377 (RPP) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY**
**OF DEFAULT JUDGMENT AND CROSS MOTION TO VACATE**
**SERVICE OF COMPLAINT AND AMENDED COMPLAINT**

        This is a special and limited appearance for the express and limited purpose of submitting

the within opposition papers and cross-motion seeking related relief.  To be clear, this is <u>not</u> a

general appearance.[2]  Subject to the foregoing, this memorandum of law is submitted on behalf

of Defendants Sante Fe Pointe, L.P., Sante Fe Pointe Management, LLC, Rant LLC, and Theotis

---

[1]        Specially appearing for the limited purpose of opposing the within motion for default
judgment and to cross-move for the related relief of seeking to vacate the improper service of
process.

[2]        To that end, Defendant's counsel Akerman Senterfitt LLP has filed a Notice of Special
and Limited Appearance.

{NY021392;1}

F. Oliphant (collectively, "Defendants")[3] in opposition to Plaintiff's Motion for Entry of Default

Judgment, dated November 5, 2007 (the "Motion for Default") and in support of its cross-

application for an Order from this Court seeking (i) to determine that the putative service of the

complaint herein was ineffective and, therefore, to vacate the service of the Complaint and the

Amended Complaint in the instant action; (ii) to strike the affidavit of service filed by Plaintiff;

and (iii) to strike the Clerk's Certificate issued at Plaintiff's request.[4]

## PRELIMINARY STATEMENT

Behind Plaintiff's Motion for Default is a struggle between the parties over where this

case is to be litigated.  Defendants in this case are actually the plaintiffs in another action now

pending in the United States District Court for the Northern District of California as Civil Case

No. 3:07-cv-05454-JCS (the "California Action") against the Plaintiff of the instant action.[5]  The

California Action was commenced on September 7, 2007, well before the Complaint in this ac-

tion was filed.  A true and correct copy of the First Amended Complaint in the California Action,

dated September 24, 2007 (which action has been removed to the US District Court in and for

---

[3]    Counsel for Defendants appears herein specially for the limited purpose of opposing Plaintiff's motion for default judgment and seeking cross relief vacating the improper service and attendant certificate of service filed by the Plaintiffs with the Clerk of Court.  The filing of the instant opposition pleadings shall not be deemed a general appearance for purposes of personal jurisdiction.

[4]    In contravention of the Federal Rules of Civil Procedure, Plaintiff has set a return date for this motion only four (4) days after filing it with the Clerk of Court.  Fed.R.Civ.P. Rule 6(e) provides that an additional three (3) days must be added to the prescribed time period when service is made under Fed.R.Civ.P Rule 5(2)(B), (C) or (D).  In this district, delivery by Federal Express comes within the scope of Fed. R Civ. P. 6(e).  *See* Local Civil Rule 5.3 (stating that "Overnight service shall be deemed service by mail for purposes of Fed. R. Civ. P. 6(e)."  The FedEx was deposited on Monday, November 5.  Accordingly, the *earliest* compliant date for return of the motion would be November 12, 2007.

[5]    Although not completely relevant to the instant application for default judgment, the New York Defendants filed the California Action *prior* to the filing of the within action.

the Northern District of California by the California Defendants (our New York Plaintiffs)), is

attached as Exhibit "A" to the Declaration of Donald N. David dated November 8, 2007 ("David

Decl.") submitted herewith in opposition to Plaintiff's motion for default and in support of De-

fendant's cross-motion to vacate the improper service and strike the affidavit of service and re-

lated certificate of service.

After the New York Defendants had filed and served their amended complaint in Califor-

nia, the New York Plaintiff (who is one of the two California Defendants) commenced this ac-

tion involving some (but not all) of the same subject matter, issues, and parties because it wishes

to litigate these issues in New York instead of California. Indeed to that end, after attempting to

seek a "Clerk's Default" without notice to Defendants and being denied same by this Court and

after filing their motion for default judgment (which Defendant believes borders on frivolous

pursuant to Rule 11), Greystone CDE LLC (Plaintiff here) filed a motion in the California action

to transfer venue to THIS COURT pursuant to 28 U.S.C. § 1404(a).[6]

The absurdity of Plaintiff's Motion for Default is that, despite repeated due demand,

Plaintiff still *refuses* to properly serve Defendants with the Summons and the Amended Com-

plaint, and instead seeks this default judgment as a means to avoid litigating these same issues in

California. As set forth below, there are no valid grounds to hold Defendants in default in this

action, as Defendants have not dodged or ignored the Complaint, but rather, have encouraged

and requested proper service. Plaintiffs refusal to comply with the applicable provisions of the

N.Y. C.P.L.R. and the Federal Rules of Civil Procedure sheds some light on their litigation tac-

tic.

---

[6]    *See* Exhibit "C" to the David Decl. for a true and accurate copy of the motion to transfer
filed in the California action by the New York Plaintiff.

{NY021392;1}

**ARGUMENT**

## 1. PLAINTIFF HAS FAILED TO SATISFY ITS BURDEN AND THE APPLICABLE STANDARD APPLIED IN THIS DISTRICT FOR GRANTING A MOTION FOR DEFAULT JUDGMENT

In determining whether to enter a default judgment, there is a preference for district courts "to reach judgments on the merits and not by way of default judgments." *Shah v. N.Y. State Dep't of Civil Service*, 168 F.3d 610, 615 (2d Cir. 1999) (citations omitted); *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir.1995). Thus, the Second Circuit has warned the District Courts, that "[w]hile courts are entitled to enforce compliance with the time limits of the [Federal Rules of Civil Procedure] by various means, the extreme sanction of a default judgment must remain a weapon of last, rather than first resort." *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir.1981). For this reason, any doubt as to whether a default judgment should be entered must be resolved in favor of the opposing party. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

Where, as here, a defendant opposes a motion for a default judgment, the Court should consider three factors: (1) whether and to what extent the default was willful; (2) whether defendants have a meritorious defense; and (3) whether the adversary would suffer prejudice if the default were set aside. *Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154 (2d Cir.1999); *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998).

As set forth below, Defendants respectfully argue that: (1) the alleged default was not willful, and in fact, Defendants have on multiple occasions requested and encouraged proper service of the Summons and Complaint; (2) the California Action is demonstrative of Defendants' meritorious defenses in this action; and (3) the Plaintiff has not alleged it would suffer even an iota of prejudice if this Court denied the Motion for Default Judgment for the simple reason that there can be no prejudice. For these reasons, Plaintiff's Motion for Default should be denied.

4

## 2. THE ALLEGED DEFAULT CANNOT BE SAID TO BE WILLFUL, AS DEFEN-DANTS HAVE NOT BEEN PROPERLY SERVED WITH THE *INITIAL COM-PLAINT* AND IN FACT HAVE REQUESTED AND ENCOURAGED PROPER SERVICE

### a. Service By Federal Express Does Not Constitute Valid Service By Mail As Required By The Agreement

In this case Plaintiff claims that Defendants contractually agreed to receive service by mail. Without admitting that the contract provisions are valid and enforceable,[7] the contractual language upon which Plaintiff relies describes a seemingly straight-forward methodology for the manner of service, to wit, "[s]ervice of process may be effected by *mailing* a copy thereof by *registered or certified mail* (or any substantially similar form of *mail*) to the [Defendants]." (emphasis added). *See* David Dec., Ex. "B" at p. 15-16 (annexing a true and accurate copy of the agreement). Service by Federal Express was simply not included in the service of process provision. Despite the absence of a provision for federal express service, on September 27, 2007, Plaintiff allegedly transmitted by Federal Express copies of the Summons and Complaint to Defendants, in contravention of the service requirements of the Partner Guaranty, Pledge and Security Agreement upon which Plaintiff relies. *Id.*

Admittedly it is perplexing as to why Plaintiff has chosen to go this route, when faced with the opportunity to simply stroll to the Post Office and comply with the express language of the agreement. It is even more perplexing as to why Plaintiff, faced with repeated attempts to obtain compliance with the service clause, has chosen to involve the Court in this proceeding instead of simply complying.

New York law permits parties to a contract to agree in advance to allow service of process by means not statutorily authorized. *Nat'l Equipment Rental, Ltd. v. Szukhent,* 375 U.S. 311,

---

[7]    In fact, the California Action contends that the non-exclusive forum selection clause and the service provision are unenforceable as unconscionable adhesion provisions.

315-16 (1964); *Mastec Latin America v. Inepar S/A Industrias E*, 2004 WL 1574732 (S.D.N.Y. 2004).

However, service by Federal Express is *not* substantially similar to registered or certified mail; even the courts interpreting the N.Y. C.P.L.R. draw a distinction between them. *See Olympus Corp. v. Dealer Sales & Service, Inc.*, 107 F.R.D. 300 (E.D.N.Y. 1985) ("New York law does not expressly authorize service by an express delivery service such as Federal Express."); *Pearson v. Board of Educ. of City of New York*, 2004 WL 2297354 (S.D.N.Y. 2004) ("Sending a copy of the summons and complaint via an overnight-mail courier such as Federal Express does not fulfill the second step of the 'leave and mail' provision.").

Plaintiff disingenuously refers the Court to a "slew of cases" that support its contention that service by Federal Express is identical in form and substance to "mail." *See* Motion for Default at 7-8. To the contrary, Plaintiff's only support is: (1) a lower court opinion from Dutchess County concerning statutorily prescribed service for failure to prosecute an action; and (2) an unreported decision in this District concerning what constitutes "receipt and presentment" under the Federal Tort Claims Act. *See Secreto v. International Business Machines, Corp.*, 194 Misc.2d 512 (S. Ct. Dutchess Co. 2003) and *Vecchio v. U.S.*, 2005 WL 2978699 (S.D.N.Y. 2005); *see also* Motion for Default at 7-8.[8]

By its very nature, "mail" means and refers to the service provided by the United States Postal Service ("USPS"), not a delivery system offered by a private for-profit organization. *See Continental Sports Corp. v. Dep't of Labor and Industries*, 128 Wash. 2d 594, 599-600 (Wash. 1996) ("We are not satisfied that sending postal matter by private delivery service is sending it

---

[8]    In *Vecchio*, the Court even drew the distinction that certain types of "mail" were sufficient, while others are not, stating, "[t]he cases explain that 'proof of receipt [may be] established by sending the claim by certified or registered mail,' but that proof of mailing by regular mail is not sufficient." *Id.* at *4.

'by mail.'. . . we are not willing to hold that mail is anything other than postal matter carried by the United States Postal Service."); *W.A. Foote Memorial Hosp. v. City of Jackson*, 262 Mich. App. 333, 339 (Mich. Ct. App., 2004)[9] ("[t]he term 'mail' is defined [by Random House] as 'letters, packages, etc., sent or delivered by the postal service.' In turn, 'postal service' refers to the 'post office,' which is 'an office or station of a government postal system at which mail is received and sorted, from which it is dispatched and distributed.... Thus, 'certified mail'. . . encompasses only 'mail' sent by the United States Postal Service - not delivery by private carrier services.") (internal citations omitted); *see also Kim v. U.S.*, 461 F. Supp. 2d 34, 40 (D.D.C. 2006) (finding service improper because the Defendant was served by Federal Express and not by certified or registered mail as required by Fed. R. Civ.P. 4(i)); *Northland Pioneer College v. Zarco*, 179 Ariz. 44, 47 (Ariz. Ct. App. 1994) (finding that "[w]hile it is undisputed that there are many private companies engaged in the delivery of documents for a fee, the only entity authorized to deliver mail is the United States Postal Service.").

Where service of process has not been properly effected, as is the case here, the court lacks personal jurisdiction over the purportedly defaulting defendants, and a default judgment against them would necessarily be void. *See Triad Energy Corp. v. McNell*, 110 F.R.D. 382, 385 (S.D.N.Y. 1986).

### b. Defendants Have Requested and Encouraged Proper Service On Numerous Occasions

---

[9]     In *W.A. Foote Memorial Hospital,* the Court of Appeals in Michigan was to decide whether the term "certified mail" under a provision of Michigan law encompasses priority overnight delivery by Federal Express for purposes of timely filing an appeal with the Michigan Tax Tribunal. The court held that "the term 'certified mail' refers to a classification of domestic mail provided by the United States Postal Service and therefore explicit statutory allowances for mailing by 'certified mail' under [the provision of Michigan law] are inapplicable to a petition sent via Federal Express delivery."

This is not a case where a defendant has ignored, avoided or even evaded service of process, thereby necessitating a plaintiff to seek the Court's assistance in obtaining a default judgment. To the contrary, rather than dodge service, these Defendants have *requested* and *encouraged* proper service of the Complaint (and the Amended Complaint) on numerous occasions.

Ann McFarland Draper, counsel to the Defendants in the separate California Federal Action (who is not even admitted in New York and has not appeared in the New York Action in any way and who never advised that she was representing the defendants *in the New York Action*), sent the following requests for proper service to Plaintiff's counsel:

- October 25, 2007: "As I have previously written, none of the defendants have appeared in the action nor have they been properly served. Your FedEx delivery of the first amended complaint to this firm is of no import as we are not authorized to accept service of process for any of these defendants; you must properly serve the parties themselves." David Dec. Ex. "D".

- October 26, 2007: "While I appreciate you providing this firm with courtesy copies of your filings in the New York Action. . .such courtesy copies do not constitute valid service of process. . . My clients are not trying to evade service but they are entitled to insist upon proper formal service of summons and complaint." David Dec. Ex. "E".

- October 30, 2007: "I write because my clients have neither been served nor appeared in the above-referenced New York Action. . . I am perplexed as to why you have taken no steps to service my clients, or at least send Rule 4(d) forms, as we have notified you that my clients are not evading service but do insist on formal service of process." David Dec. Ex. "F".

- November 1, 2007: "I am at a loss to understand why you are so persistent in your refusal to effect proper formal service." David Dec. Ex. "G".

Accordingly, Plaintiff's alleged default is *anything* but willful, when Plaintiff's New York counsel has been given numerous chances to properly serve Defendants and Defendants have asked for proper service at least four (4) separate times. *See S.E.C. v.*, 137 F.3d 732 (2d Cir. 1998) (stating that "[w]illfulness in the context of a default [is] conduct that is more than

8

merely negligent or careless" and that the conduct of counsel or the litigant must be "egregious and ... not satisfactorily explained."). In fact, counsel for these Defendants in the California action (the CA Plaintiffs) has repeatedly requested that a Rule 4(d) waiver of service form be provided to the New York Defendants. Plaintiff has simply refused to comply with the Federal Rules of Civil Procedure and with the relevant New York CPLR service requirements despite being advised that their service was faulty and that as such, this Court lacked proper personal jurisdiction.

It is respectfully submitted that Plaintiff's gamesmanship and litigation strategy with respect to the dispute is clear in the face of Plaintiff's motion in the California Action to transfer venue to the federal court in New York, filed just yesterday! It is clear that Plaintiff does not simply wish to concede that service was in fact improper (and to reserve or to forward a Rule 4(d) waiver of service for signature by an authorized representative) for fear that it will cause harm to itself and to its venue dispute motion.

### 3. THE ALLEGED DEFAULT CANNOT BE SAID TO BE WILLFUL, AS DEFENDANTS HAVE NOT BEEN PROPERLY SERVED WITH THE *FIRST AMENDED COMPLAINT* AND IN FACT HAVE REQUESTED AND ENCOURAGED PROPER SERVICE

On October 5, 2007, Plaintiff filed with this Court its First Amended Complaint.[10] Plaintiff admittedly did <u>not</u> serve or even attempt to serve the First Amended Complaint on the De-

---

[10]    Once the First Amended Complaint was filed with the Court it superceded the Initial Complaint. Given the fact that the defendants had not yet appeared by counsel in the New York action (and without even admitting that service was ever properly accomplished and/or that personal jurisdiction was obtained over the defendants), service of the First Amended Complaint upon Ms. Draper, who never stated that she was authorized to accept service of the First Amended Complaint, was wholly improper. In fact, Ms. Draper was never authorized to accept service of any documents other than documents in the California Action in which she appeared on behalf of the Plaintiffs. Furthermore, it is noteworthy that the package sent to Ms. Draper, which enclosed an *incomplete* copy of the First Amended Complaint did <u>not</u> enclose a summons

fendants. *See* Motion for Default at 11-12.   Not only did Plaintiff fail to serve the Defendants, but it also attempted to serve the First Amended Complaint on Ms. Draper, who is <u>not</u> counsel to Defendants in the New York Litigation, and who stated repeatedly that she was not authorized to accept service of New York litigation documents.   Plaintiff's attempt to effect service by mailing a copy of the first amended complaint to defendant's attorney of record <u>in another matter</u> has been quashed as insufficient service to confer jurisdiction, in view of fact that the attorney was not authorized to accept service of process on his client's behalf.   *See Michelson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 669 F. Supp. 1244 (S.D.N.Y. 1987).

There have been no appearances in response to the Initial Complaint, including repeated statements by Ms. Draper to Plaintiff's counsel that she was not (and is not) counsel in this New York action nor was she authorized to accept service of process in this action.   Accordingly, the First Amended Complaint was ***required*** to be formally and personally served on the parties themselves in order for this Court to have personal jurisdiction over these Defendants.   *See Bloom v Democratic Nat. Committee*, 2002 WL 31496272 (S.D.N.Y. Nov. 6, 2002) (finding that the Court lacked personal jurisdiction over the defendants because the plaintiff failed to serve them with either a summons or the amended complaint, and that any default judgment entered against the defendants would thus be void for want of personal jurisdiction.).   Similar to *Bloom*, in this case, Plaintiffs concede that they did <u>not</u> personally serve the Amended Complaint on Defendants.   *See* Affidavit of Service of Amended Complaint, dated October 5, 2007, attached to the David Dec. at Ex. "H".

---

or any indication that a response was required.  Ms. Draper assumed that the document was being sent to her as a mere courtesy and not in an attempt to confer jurisdiction and to seek a response.

{NY021392;1}

While Plaintiff attempts to hoodwink this Court into believing that Ms. Draper held herself out as counsel for Defendant, one must wonder: when Plaintiff was told that Ms. Draper was not counsel for Defendants, *why* did the Plaintiff not simply *serve the Defendant with the Amended Complaint*? Undoubtedly, Plaintiff's intended all along to use this Motion for Default as a means to avoid trying this case on its merits.

Further, Plaintiff's ridiculous "argument" that service of papers on a defendant that is represented (in another jurisdiction, in another matter) "run[s] afoul of the Code of Professional Responsibility" as communication with an adverse client known to be represented by a lawyer is pure absurdity and is irrelevant to the inquiry before this Court. If the Plaintiffs were genuinely concerned about the Code of Professional Responsibility – which we suggest they were not – they could have easily inquired as to who could properly accept service in the New York litigation and who would be authorized to complete a Rule 4(d) waiver. Clearly, as the record reflects, Plaintiff did neither of these things. Instead, the Plaintiff simply chose to look the other way when it chose characterize the courtesy copies sent to Ms. Draper as formal service of process, even in the face of Ms. Draper's repeated representations that she was not authorized to accept service of *any* pleadings in the New York litigation.

## 4. THE CALIFORNIA ACTION IS DEMONSTRATIVE OF DEFENDANTS' MERITORIOUS DEFENSES IN THIS ACTION

To make a sufficient showing of a meritorious defense, Defendant "need not establish his defense conclusively, but must present evidence of facts that if proven at trial, would constitute a complete defense." *McNulty*, 137 F.3d at 740 (internal quotation marks and citations omitted).

11

As set forth above, the parties to this action are the same parties as in the California action,[11] though they are aligned differently; *i.e.*, the Plaintiffs in this action are Defendants in the California action, and *vice versa*. The issues and parties in the California Action and in this New York action are related. However, the New York Action is but a piece of the California Action, viz. the California Action will resolve the New York Action, but not *vice versa*.

Accordingly, this Court is respectfully referred to the California Amended Complaint (filed by the Defendant in the California Action against this Plaintiff), which sets forth seven (7) causes of action against this Plaintiff. There can be no doubt that these Defendants have offered evidence of facts that constitute its ability to defend itself in this action.

## 5. PLAINTIFF HAS FAILED TO ALLEGE OR DEMONSTRATE ANY PREJUDICE IN THE CONTEXT OF A DEFAULT

To establish prejudice in the context of a default, there must be a showing that "the delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir.1983); *see also Arthur F. Williams, Inc. v. Helbig*, 208 F.R.D. 41 (E.D.N.Y. 2002), (*citing Davis v. Musler*, 713 F. 2d 907, 916 (2d Cir.1983)). In this case, Plaintiff does not even allege that it will be prejudiced in any of these ways nor does the record support such a finding. As such, Plaintiff has failed to meet its burden of establishing any prejudice from now allowing Defendants time to respond to the Complaint, once properly served.

---

[11]     To be completely accurate, the California Action has an additional Defendant, Greystone Servicing Corporation, Inc.

## CONCLUSION

For the foregoing reasons, Defendants respectfully requests an Order: (i) denying Plaintiff's Motion for Default Judgment in its entirety; (ii) determining that the putative service of the complaint herein was ineffective and, therefore vacating the service of process of the Complaint and the Amended Complaint in the instant action and the associated certificates of service as well as the Clerk's Certificate of Default issued therefrom; and (iii) for such other and further relief as this Court deems just and proper under the circumstances.

Dated: New York, New York
       November 8, 2007

AKERMAN SENTERFITT LLP

By:_____
       Donald N. David (DD 5222)
       Brian A. Bloom  (BB 5722)
       Jeremy A. Shure (JS 0490)

335 Madison Avenue, Suite 2600
New York, New York 10017
Telephone:  (212) 880-3800
Facsimile:  (212) 880-8965

*Attorneys for Defendants
Specially Appearing for the Limited Purpose Filing
the Instant Opposition and Cross-Motion*

{NY021392;1}