Harnik Wilker & Finkelstein LLP
Attorneys for Plaintiff
Greystone CDE, LLC
Olympic Tower
645 Fifth Avenue, 7th Floor
New York, NY 10022-5937
Tel. No. (212) 599-7575
Facsimile (212) 867-8120
Email: stephen@harnik.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

Greystone CDE, LLC,                                     Docket No. 07 civ. 8377 (RPP)

                              Plaintiff,

            - against -

Sante Fe Pointe, L.P.,
Sante Fe Pointe Management, LLC,
Rant LLC, and
Theotis F. Oliphant,

                              Defendants.
-------------------------------------------------------------X


# PLAINTIFF'S SUPPLEMENTAL
# MEMORANDUM OF LAW
# IN SUPPORT OF MOTION FOR ENTRY
# OF DEFAULT JUDGMENT


November 14, 2007

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………….....……i

INTRODUCTION……………………………………………………….…...1

BACKGROUND………………………………..……………………….…...1

ARGUMENT……………………………………………………….............2

POINT I
"MAIL" IS COMMONLY UNDERSTOOD TO
INCLUDE A PRIVATE DELIVERY CARRIER..…………….………........2

a.      "Mail" may reasonably refer to a delivery
        carrier other than the U.S. Postal Service……………………..…........3

b.      Service of Process by FedEx was in
        Accordance with the Agreements……………………………..…….......6

POINT II
DEFENDANTS' STRATEGY CAN ONLY
BE SEEN AS DILATORY AND WILLFUL…………………………..…….......9

CONCLUSION……………………………………………….………...............10

# TABLE OF AUTHORITIES

**Cases**                                                           **Page**

*Allen Organ Co. v. Elka S.p.A.* .................................................................. 3, 4

*Bakowski v. Kurimai*, not reported in F. Supp. 2d,
   2000 WL 565230 *4 (D.Conn. 2000) ........................................................ 7

*Bodell v. Albrook Ins. Co.* 119 F.3D 1411, 1414 (9th Cir. 1997) .............. 3, 7

*Computune, Inc. v. Tocio*, 44 Mass. App. Ct. 489, 493 (1998) ...................... 6

*Continental Sports Corp. v. Department of Labor and Industries* 128
Wash.2d 594,  at 603-604 (Wash.,1996) ............................................................. 5

*In re Schram*,  not reported in B.R. 2001 WL 837927*5
   (Bkrtcy. N.D. Ill. 2001) ............................................................................ 7

*McCreesh v. City of Philadelphia* 839 A.2D 1206, 1209 Pa.Cmwlth.,2003). 8

*Northland Pioneer College v. Zarco*  179 Ariz. 44
   (Ariz.App. Div. 1, 1994) ............................................................................ 8

*Shuval v. Partuk* not reported in Cal.Rptr.3d, 2006 WL 235034 .................... 8


**Statutes**

39 C.F.R. §§ 310-320 ..................................................................................... 3

42 Pa.Cons.Stat.Ann. § 5323 ........................................................................ 4

Fed.R.Civ.P. 4(i)(1)(D) ................................................................................. 3

Pa.R.Civ.P. 2180. Subdivision (c)(3) ............................................................. 4

i

# INTRODUCTION

This Supplemental Memorandum of Law is submitted on behalf of plaintiff, Greystone CDE LLC, (hereinafter "plaintiff") in further support of its argument that service of the summons and complaint in this action by Federal Express ("FedEx") was in accordance with the Agreements entered into between the parties.

# BACKGROUND

Plaintiff's motion for entry of a default judgment was orally argued before the court on November 9, 2007. At argument, defendants' New York counsel handed up papers wherein they argued that the term "mail" does not, as a matter of law, include a private delivery carrier such as FedEx, and, therefore, service of the summons in this case by FedEx was improper and did not confer jurisdiction. At the same time, defendants' counsel agreed with the court that whether or not FedEx was a permissible form of service was a question of contract law. Thus, the cases which they cited in their papers in opposition to entry of a default judgment holding that a private delivery carrier is not a statutory substitute for service by "mail" were conceded to be inapplicable to the contract language at issue herein.

At the conclusion of the oral argument, the court asked both sides to supplement their papers with cases which have bearing on the question of service. As seen below, most of the cases which discuss private delivery carriers and service of process do so in the context of statutory service requirements (not applicable here).[1] Nevertheless, the cases make clear at the same time that a private delivery carrier is commonly understood to be a carrier of "mail," which directly addresses the issue here.

## ARGUMENT

## POINT I

## "MAIL" IS COMMONLY UNDERSTOOD TO INCLUDE A PRIVATE DELIVERY CARRIER

The question to be determined herein is what the parties reasonably understood when they agreed to service by "...registered or certified mail (or any substantially similar form of mail)."[2]

---

[1] Plaintiff submits that the lack of cases where delivery through private carrier pursuant to contractual service language was disputed itself is an indicator that defendants in similar cases rarely allege improper service.

[2] At oral argument, the court asked who drafted the Agreements at issue. While it may be that plaintiff was the drafter, the fact is that defendant Theotis Oliphant is an attorney and businessman and a former partner of DLA Piper Rudnick Gray Cary, a large, international law firm and holds himself out as "sophisticated" in "...structuring and documenting equity and debt financings and real estate equity fund formation." Thus, as has been argued in the motion to transfer the California action, the parties were of equal bargaining power when the Agreements were drafted.

### a.    "Mail" may reasonably refer to a delivery carrier other than the U.S. Postal Service

The word "mail" may reasonably refer to a delivery carrier other than the U.S. Postal Service ("USPS").[3]    *Bodell v. Albrook Ins. Co.* 119 F.3D 1411 (9th Cir. 1997)("...Pursuant to that authority and its general enumerated powers, the Postal Service has promulgated regulations governing *mail delivery by private carriers. See* 39 C.F.R. §§ 310-320. Because it regulates both *the delivery of mail by private carriers* and the general public's use of the mail delivery system, we conclude that it is not unreasonable to believe that the Postal Service is a regulatory agency.")(emphasis supplied).

That "mail" does not refer exclusively to the US Postal Service, is made clear in *Allen Organ Co. v. Elka S.p.A.* 615 F. Supp. 328 (E.D. PA. 1985). In that case, which was a patent infringement action against an Italian corporation, the Italian corporation moved to dismiss because service of process had been made by a private mail carrier. The District Court, Troutman, Senior District Judge, denied the motion holding as follows:

> Defendant contends that service of the complaint was improper because it did not conform to the dictates of Fed.R.Civ.P. 4(i)(1)(D).[fn omitted]

---

[3] It is ironic that defendants' counsel should assert that "...it is perplexing as why Plaintiff has chosen to [serve by FedEx] when faced with the opportunity to simply stroll to the Post Office and comply with the express language of the agreement." (Def't Brief, p. 5). The court may take judicial notice of the fact that it is common to find a FedEx box at the entrance of many if not all US post offices.

This, however, is an alternative form of service. Under the circumstances existing in this case, subdivision (e) of Rule 4 provides that service may be made in the manner prescribed by the rules of the state in which the district court is held. Pennsylvania provides for service on a foreign corporation in Pa.R.Civ.P. 2180. Subdivision (c)(3) of that rule makes reference to 42 Pa.Cons.Stat.Ann. § 5323, which in turn authorizes service outside the Commonwealth "By any form of mail addressed to the person to be served and requiring a signed receipt". § 5323(a)(3). Even if defendant were correct in its assertion that Federal Rule 4(i) contemplates only public mail, i.e., letters sent through the United States Postal Service and thence to the postal authorities in the foreign jurisdiction, it is apparent that the Pennsylvania rule is not so limited. *The term "any form of mail" is broad enough to encompass the private mail service employed by plaintiff in this case.* Notice to the defendant of the claims against it is the purpose of service and it is the signed receipt rather than the carrier that insures the fulfillment of that purpose. Although one of the alternative service rules must be followed to effect proper service, searching for the most restrictive one does not advance any legitimate interest of the courts nor of the defendant. *Id.*, at 330. (Emphasis supplied).

Although in *Allen Organ Co.*, the court concentrated on the requirement of a signed receipt, in the case at bar, the agreements did not even so much as call for that. Rather, the agreements merely called for service by "...registered or certified mail (or any substantially similar form of mail)..." Neither registered nor certified mail requires a signed receipt

unless a "Return Receipt" is requested for an additional fee. FedEx delivery
includes the same features of registered and certified mail, *i.e.* a mailing
receipt and online access to delivery information, and in addition does
provide a signed receipt.[4]

Interestingly, the very case defendants' cite in support of their
contention that service by FedEx was improper (*Continental Sports Corp. v.
Department of Labor and Industries* 128 Wash.2d 594,     at 603-
604 (Wash.,1996), *see*, Def's Opp., p 6-7) actually states that under the

---

[4] The FedEx proof of delivery (Harnik Decl. ex. "E" *sub* ex. 1) shows the delivery history minute by
minute, and gives such information as the tracking number: signature of recipient: ship date: delivery date:
destination: delivered to (residence or business); service type: and weight.  At oral argument, the court
inquired what the term "signature release on file" means. According to FedEx's website
http://www.fedex.com/us/customersupport/express/faq/tracking.html:

> **Can I leave instructions to have a FedEx Express package left without a
> signature, if I am the recipient?**
>
> For your security. FedEx couriers will not leave packages without a signature
> unless you or the shipper have an agreement on file with FedEx. If you wish to
> establish a permanent signature release on file, you may submit a Signature
> Release Form, available at any FedEx shipping center near you.
>
> If you miss a normal package delivery, FedEx couriers will automatically
> reattempt delivery three times before returning your package to the shipper. On
> each delivery attempt, if you are not available to sign for the package, the courier
> will leave a Delivery Notice, usually on your front door. You have several options
> at this time, as follows:
>
> - Sign the Delivery Notice on the space provided and leave it where the
>   FedEx courier can find it. The courier will then leave your package on the
>   next delivery attempt.
> - Complete the signature release form on the back of the Delivery Notice,
>   and either leave it where the courier can find it, or place it in a nearby
>   FedEx Drop Box. You will then be signed up for permanent signature
>   release.
> - Call 1.800.GoFedEx 1.800.463.3339 to arrange to pick up your package
>   at a convenient FedEx World Service Center near you.

circumstances therein, service of a notice of Appeal of a tax decision which

the statue required to be sent by mail, but which instead was sent by FedEx,

was acceptable, nevertheless:

> We are satisfied that Continental substantially
> complied with the requirements of RCW
> 51.48.131. As noted above, the Department
> concedes that the notice of appeal would have been
> timely filed if it had been addressed to the Board
> or the Department and delivered to the United
> States Postal Service on the 30th day of the appeal
> period. Because Federal Express furnished
> Continental with a receipt which indicated the date
> and time Continental deposited the notice of
> appeal with Federal Express, the Department was
> able to ascertain that the notice of appeal was sent
> to the Board on the final day of the appeal *604
> period. The Department, therefore, was in as good
> a position as it would have been had the notice of
> appeal been sent to the Board "by mail."

### b.    Service of Process by FedEx was in Accordance with the Agreements

The language of the agreements called for service by "…registered or

certified mail (or *any* substantially similar form of mail)…[emphasis

added]." At oral argument, defendants' counsel could suggest only *one*

other method of USPS mail service that might satisfy the requirement, that

being Express Mail. As far as we have been able to determine, there is no

other USPS mail service which is "substantially similar" to registered or

certified mail. Thus, the parties evidently had private delivery services in

mind when they agreed to this service language, or otherwise, they could, and presumably would have simply identified "Express Mail" as the third and only alternative. Instead, however, they agreed to "any" other "substantially similar" form of mail.

There are numerous cases (in addition to those cited in our main brief) which hold that "mail" may refer to a private delivery carrier and/or that FedEx is the functional equivalent of "mail" and, therefore, in the words of the Agreements at issue in the instant case, "substantially similar." *See, Bodell v. Albrook Ins. Co., supra.: see* also, *Bakowski v. Kurimai*, not reported in F. Supp. 2d, 2000 WL 565230 *4 (D.Conn. 2000)("The court finds that the proffered Federal Express proof of delivery forms signed by USAF personnel...are sufficient proof of the agency's timely receipt of the plaintiff's claims."); *In re Schram*, not reported in B.R. 2001 WL 837927*5 (Bkrtcy. N.D. Ill. 2001)("Assuming that [Debtor] did attempt to send it to the Court, he chose not to send it by some sort of delivery system that would have provided proof that it was actually sent and to what address. *E.g.* certified or registered mail or a private delivery service like FedEx or UPS"); *Computune, Inc. v. Tocio*, 44 Mass. App. Ct. 489, 493 (1998)("Delivery by Federal Express, in the circumstances present here, serves the same function and provides the same proof of delivery as certified

or registered mail."); *McCreesh v. City of Philadelphia* 839 A.2D 1206, 1209 Pa.Cmwlth. 2003)(" At a minimum, personal service by "competent adult" would also cover private carriers such as United Parcel Service and Federal Express."); *Shuval v. Partuk* not reported in Cal.Rptr.3d, 2006 WL 235034, ($2^d$ Dist. 2006)(" service [of the order to show cause] via a carrier such as DHL is authorized by statute").

Lastly, defendants' reliance on *Northland Pioneer College v. Zarco* 179 Ariz. 44 (Ariz.App. Div. 1, 1994) is also misplaced. The issue in that case was whether or not a petition was timely filed with the Arizona Deparmtent of Economic Security Appeals Board. Appellant's petition, sent by Fedex on the last day of the statutorily prescribed deadline, was received by the Department on the next day. The applicable regulation in that case expressly distinguished between "[transmission] via the United States Postal Service" and "by any [other] means." A petition under that regulation was deemed filed on the date shown by the postmark if sent via USPS. However, a petitioner was free to choose alternative carriers, in which case the date of actual receipt was deemed as the filing date. Thus, *Northland*, in fact, supports plaintiff's argument that FedEx delivery is "substantially

8

similar" to USPS mail.[5]

Accordingly, service of the summons and complaint by FedEx was in accordance with the parties' agreements because FedEx is "substantially similar" to registered or certified mail, and it is reasonable that the parties considered it as such.

## POINT II

### DEFENDANTS' STRATEGY CAN ONLY BE SEEN AS DILATORY AND WILLFUL

Defendants' strategy heretofore is altogether difficult to fathom. On the one hand, they accuse plaintiff of "gamesmanship" and repeatedly argue that the matter of their disputed default could readily be resolved by plaintiff's sending counsel a Rule 4(d) waiver of service form. (Defts' Br. pp. 7-9). However, the Rule 4(d) waiver (assuming it is accepted by defendants – which it does not have to be) merely affords defendants extra time to respond to the summons and complaint (it also avoids their being taxed with the costs of service[6]). But, as pointed out in plaintiff's moving papers, defendants were offered extra time to respond on October 8, 2007, (which was 10 days prior to the time their response was due) (*see* Harnik

---

[5] *Northland*'s bald assertion that a "private delivery" carrier cannot deliver "mail" (which is the proposition for which defendants have cited this case) is contradicted by the USPS itself. *See, Bodell, supra.*
[6] In this case, those costs are *de minimis* since service was effected by FedEx.

Decl. ex. "C"). Accordingly, their trial strategy can only be understood as dilatory and willful.

## CONCLUSION

By reason of the foregoing, it is submitted that the defendants have willfully defaulted and a judgment by default should, therefore, be entered. Plaintiff's claim for attorneys' fees should be severed and set down for inquest.

Dated: November 14, 2007
       New York, New York

HARNIK WILKER & FINKELSTEIN LLP

by: Stephen M. Harnik (SH 9889)

Attorneys for Greystone CDE LLC
645 Fifth Avenue, 7th Floor
New York, NY 10022-5937
(212) 599-7575