

Fort Lauderdale
Jacksonville
Los Angeles
Madison
Miami
New York
Orlando
Tallahassee
Tampa
Tysons Corner
Washington, DC
West Palm Beach

335 Madison Avenue
Suite 2600
New York, NY 10017

www.akerman.com

212 880 3800 *tel*   212 880 8965 *fax*

Brian A. Bloom
212 880 3832 *direct tel*
212 905 6409 *direct fax*
brian.bloom@akerman.com

February 22, 2008

**VIA FACSIMILE**

**MEMO ENDORSED**

Honorable Judge Robert P. Patterson, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: **Greystone CDE, LLC v. Sante Fe Pointe, L.P., *et al.*
    Index Number 07 Civ. 8377 (RPP)**

Honorable Judge Patterson:

  This firm represents Defendants Sante Fe Pointe L.P., Sante Fe Pointe Management L.L.P., Rant, L.L.C. and Theotis F. Oliphant (collectively "Defendants") in connection with the above-referenced action.

  We are in receipt of Your Honor's Decision and Order dated February 20, 2008 (the "Order") and the Court's direction therein that "[t]he Parties and their principal attorneys are to appear in court on Thursday, February 28, 2008 at 9:30 a.m. to discuss settlement..." (the "Settlement Conference"). As Your Honor is aware, this morning, the Parties called chambers to confirm Defendants' belief that *all* parties, including the attorneys for the parties in the California Action, are required to be present at the Settlement Conference pursuant to the Order.

  Thereafter, Your Honor's law clerk contacted the undersigned indicating that the Court intended to require the in-person attendance of California counsel, New York counsel as well as Party representatives. Defendants believed it was the Court's intention to bring all the lawyers and the Parties together to investigate whether a global settlement resolving both the California and New York Actions. This belief was based on, among things, the following colloquy between Your Honor and counsel for the NY Defendants at oral argument before this Court on February 14, 2007:

{NY027486;1}

---

    MR. DAVID: Your Honor, I just don't see that that's the solution among these parties because, as I said, the real players are out in California.

    THE COURT: Well, I was going to say, I ask that the real players attend the conference.

*See* p. 9-10 of the Transcript of Oral Argument, February 14, 2007.

    Subsequently, however, your undersigned was advised by the Court that, based on Mr. Harnik's representation concerning his role as "principal attorney for Greystone," Greystone's California counsel (Jones Day) was <u>not</u> required to be in attendance.

    Respectfully, Defendants believe that, given the complexity and nature of the claims and counterclaims asserted in the California Action, a settlement conference *without* the in-person attendance and participation by Greystone's California counsel would be fruitless and a waste of resources on the part of both parties, as well as, the Court. Per the Order, both Mr. Oliphant and his counsel in the California Action will travel from California to appear before this Court for the Settlement Conference – we are simply asking that the Plaintiff make the same good faith effort if a global settlement is to be contemplated. As such, Defendants respectfully request that the Court order Greystone's California counsel (at the law firm of Jones Day) to appear in-person at the Settlement Conference on February 28, 2008 for the purpose of discussing a <u>global</u> settlement of both cases and all issues at once.

                                  Respectfully submitted,

                                    AKERMAN SENTERFITT LLP

                                    Brian A. Bloom

cc:    Stephen Harnik, Esq., *counsel for Plaintiff*
        *Via facsimile*

---

*Handwritten endorsement:*

Application granted. The Court's order contemplated that counsel for Greystone Servicing and Greystone CDE LLC in the California action be present at the Conference scheduled for February 28, 2008 at 9:30 AM. Unless counsel acquainted with all the facts in both the California action and the New York action are present, an overall settlement is unlikely. The Court would consider an adjourned date mutually convenient to the parties.

2/22/08

Robert P. Patterson
USDJ

{NY027486;1}