# EXHIBIT "C"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GREYSTONE CDE, LLC,

                          Plaintiff,

                                                    07 CV. 8377 (RPP)

            - against -
                                                    **OPINION AND ORDER**

SANTE FE POINTE L.P.,
SANTE FE POINTE MANAGEMENT, LLC,
RANT LLC, and
THEOTIS F. OLIPHANT,

                          Defendants.
------------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

        On January 7, 2008, Defendants Santa Fe Pointe, L.P., Santa Fe Pointe

Management LLC, Rant LLC, and Theotis F. Oliphant ("Defendants") moved pursuant to

the requirements of Rule 7 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. Rule

83(b), and the inherent power of the Court to stay all proceedings in this case pending a

ruling by the United States Court for the Northern District of California on a venue

transfer motion brought by Greystone Servicing Corp. and Greystone CDE, LLC

("Greystone CDE" or "Plaintiff"), the latter of which is the plaintiff in this case.

Alternatively, if the motion to transfer venue is denied, Defendants moved to stay this

proceeding pending final resolution of the action in California (the "California action").

Defendants sought to reserve their right to challenge the Court's personal jurisdiction

over the Defendants at the time of Defendants' answer or other response to Plaintiff's

complaint.

On January 22, 2008, Plaintiff cross moved for default judgment against Defendants based on Defendants' failure to answer the amended complaint and engage in discovery as ordered by the Court on December 11, 2007. Alternatively, Plaintiff moved to strike Defendants' personal jurisdiction defense.

On February 8, 2008, before the motions were fully submitted in this case, the Northern District of California denied the motion to transfer the California action to New York. Accordingly, Defendants' motion before this Court is to stay the proceedings pending final resolution of the California action. For the foregoing reasons, Defendants' motion to stay (Doc. No. 24) is denied, and Plaintiff's cross-motion for entry of default judgment (Doc. No. 30) is denied.

## DISCUSSION

A district court may stay an action pursuant to "the power inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North Am. Co., 299 U.S. 248, 254 (1936). As the party moving for the stay, Defendants "bear[] the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 708 (1997).

In deciding whether or not to grant a stay, courts consider five factors:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

Kappel v. Comfort, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996) (quoting Volmar Distributors v. New York Post Co., 152 F.R.D. 36, 39 (S.D.N.Y. 1993)). In weighing the

Kappel factors in a case-by-case determination, the "basic goal [is] to avoid prejudice."
Id.

Defendants fail to establish a basis for a stay in this case. They argue that a stay
is warranted because there is a concurrently pending federal action that "arises from the
same nucleus of facts," citing SST Global Technology, LLC v. Chapman, 270 F. Supp.
2d 444, 455 (S.D.N.Y. 2003). The action in this Court arises out of a bridge loan
agreement between Greystone CDE and Defendant Santa Fe Pointe, L.P., and the
agreements executed by the remaining Defendants to guarantee that loan. Greystone
CDE seeks to recover damages for breach of the loan and guaranty agreements in this
action. The claims in the California action, on the other hand, "are not based on the
guaranties with Greystone CDE," as Defendants argued and the Northern District of
California agreed in denying the motion to transfer venue. Santa Fe Pointe, LP v.
Greystone Servicing Corp. Inc., No. 07-cv-5454, slip op. at 8, 9 (N.D. Ca. Feb. 4, 2008).
Defendants' claims in the California action arise out of related claims sounding in tort,
which principally involve the actions of Greystone Servicing, a separate corporation, to
assist Defendants with a HUD application to acquire and rehabilitate a housing
development in Oklahoma and do not directly involve the loan agreement in question in
this action. The substantial differences between these actions weigh against a stay in this
case.

Furthermore, granting a stay would prejudice Plaintiff more than allowing the
case to proceed would prejudice Defendants. See Lasala v. Needham & Co., 399 F.
Supp. 2d 421, 428 (2005) ("Courts are generally reluctant to stay proceedings because
they are concerned with vindicating the *plaintiff*'s right to proceed with its case."); see

3

also An Giang Agric. & Food Import Export Co. v. United States, 350 F. Supp. 2d 1162,
1164 n.3 (2004) (stating that "underpinning much of the case law – implicitly, if not
explicitly – is a concern for the rights of assertedly aggrieved plaintiffs to seek redress in
the courts" while noting a lack of "comparable concern for the rights of defendants").
Plaintiff, which opposes the stay, should be able to proceed in this forum with its claim
against Defendants for default and failure as guarantors to make payment when due.

        More importantly, Plaintiff selected this forum based on the forum selection
clauses of the loan guaranties, which each Defendant executed in favor of Greystone
CDE.  By signing the Guaranty and Suretyship Agreement, Defendant Theotis Oliphant
irrevocably agreed that Greystone CDE may bring an action arising out of the guaranty in
any state or federal court located in New York, consented to the jurisdiction of such court
in any action, and waived any objection to the laying of venue of any such action.
(Compl., Ex. C at 11.)  Defendants Santa Fe Pointe Management LLC, Theotis Oliphant,
and Rant LLC also signed pledge agreements by which they irrevocably and
unconditionally submitted themselves and their property in any legal action relating to
those agreements to the non-exclusive general jurisdiction of the state, federal, and
appellate courts of the State of New York.  (Compl., Ex. D at 15-16; Ex. E at 14.)
Subsequent to signing the loan and guaranty agreements, Defendant Oliphant's law office
rendered a legal opinion as to the validity and enforceability of the bridge loan agreement
and the partners' guaranties thereof.  (Harnik Decl., Ex. G, ¶ 3.)  Having previously
agreed to litigate this case in New York should Plaintiff institute an action here,
Defendants cannot now claim that their burden in doing so outweighs the interest of
Plaintiff in proceeding with its action.

The interests of the courts, non-parties, and the public do not weigh strongly in favor of granting a stay. In view of the claims raised by the California action, a stay of this action is not likely to lead to a more expeditious resolution of this case but rather would enable Defendants to utilize the bridge loan to finance the California action.

Defendants urge the Court to decide the motion to stay on the first-to-file rule. Embracing the advice of the U.S. Supreme Court that wise judicial administration "does not counsel rigid mechanical solution of such problems," Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183 (1950), the Court declines to grant a stay based on Defendants' technical first filing. Although it is true that Defendants filed an action in California state court prior to Plaintiff's filing of this action, they did not serve process until the day before Plaintiff filed its action here in New York, nor did they disclose the filing of their action while they negotiated with Plaintiff. Moreover, as Plaintiff points out, the California action was filed well after Defendants received a notice of default and of Greystone CDE's intent to pursue collection remedies. This sequence weighs against an application of the first to file rule. See Capital Records, Inc. v. Optical Recording Corp., 810 F. Supp. 1350, 1355 (S.D.N.Y. 1992) ("Another factor that weighs against application of the first-filed rule is that this action was essentially a victory in a race to the courthouse triggered by ORC's letter. ORC's letter served the dual purpose of proposing further settlement discussion and putting Capitol on notice that failure of the negotiations would lead to legal action.").

## CONCLUSION

Whether there is any merit to Defendants' claims in California can be determined by the California court, but Defendants here should not be in the position of spending the remaining proceeds of the bridge loan pursuing the action. Defendants' motion for a stay (Doc. No. 24) is denied. Plaintiff's motion to enter a default judgment (Doc. No. 30) is denied, and Plaintiff's motion to strike Defendants' personal jurisdiction defense (Doc. No. 30) is denied since such a defense has not been raised. Defendants are to answer the complaint or otherwise respond in ten (10) days of this opinion.

The parties and their principal counsel are to appear in court on Thursday, February 28, 2008, at 9:30 AM to discuss settlement so the legal fees in this case and the California case will not result in further injury to both parties.

IT IS SO ORDERED.

Dated: New York, New York
February 20, 2008

Robert P. Patterson, Jr.
U.S.D.J.

**Copies of this Opinion and Order sent to:**

*Attorneys for Plaintiff*
Harnik Wilker & Finkelstein LLP
ATTN: Stephen M. Harnik
645 Fifth Avenue, 7th Floor
New York, NY 10022-5937
Tel: 212-599-7575
Fax: 212-867-8120

*Attorneys for Defendants*
Akerman Senterfitt LLP
ATTN: Donald N. David, Brian A. Bloom, Jeremy A. Shure
335 Madison Avenue, Suite 2600
New York, NY 10017
Tel: 212-880-3800
Fax: 212-880-8965