Harnik Wilker & Finkelstein LLP
Attorneys for Plaintiff
Greystone CDE, LLC
Olympic Tower
645 Fifth Avenue, 7th Floor
New York, NY 10022-5937
Tel. No. (212) 599-7575
Facsimile (212) 867-8120
Email: stephen@harnik.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Greystone CDE, LLC,                                              Docket No. 07 civ. 8377 (RPP)

                        Plaintiff,
      - against -
Santa Fe Pointe, L.P.,
Santa Fe Pointe Management, LLC,                                 **L.C.R. 56.1 STATEMENT OF MATERIAL**
Rant LLC, and                                                    **FACTS AS TO WHICH THERE ARE NO**
Theotis F. Oliphant                                              **GENUINE ISSUES TO BE TRIED**

                        Defendants.
----------------------------------------------------------------X

      Plaintiff, Greystone CDE, LLC, ("plaintiff") by its attorneys, files this Statement of Material Facts as to which there are no genuine issues to be tried pursuant to L.C.R. 56.1 in support of its Motion for Summary Judgment of even date, and respectfully alleges:

      1. Plaintiff is a limited liability company duly organized and existing under the laws of the State of Delaware authorized to do business in New York with an office at 152 West 57th St., 60th floor, New York, NY 10019.

      2. At all times relevant hereto, Santa Fe Pointe L.P. was and is a limited liability partnership organized and existing under the laws of the State of Oklahoma, with its principal offices at 16416 Oconee Creek Drive, Edmond, OK 73013.

1

3. At all times relevant hereto, Santa Fe Pointe Management, LLC, was and is a limited liability company organized and existing under the laws of the State of Oklahoma, with an address at 16416 Oconee Creek Drive, Edmond, OK 73013.

4. At all relevant times hereto, defendant Theotis F. Oliphant was and is an individual and a citizen of the State of California with an address at 113 Carmel Avenue, El Cerrito, CA 94530.

5. At all times relevant hereto, Rant LLC was and is a limited liability company organized and existing under the laws of the State of Delaware, with an address at 113 Carmel Avenue, El Cerrito, CA 94530, and is an affiliate of Santa Fe Pointe, L.P.

6. On or about December 20, 2006, for good and valuable consideration, Greystone CDE, LLC, as lender (hereinafter "plaintiff" and/or "Lender") entered into a Bridge Loan Agreement (the "the Loan Agreement") with defendant Santa Fe Pointe L.P., as Borrower, (hereinafter "Borrower" and/or "defendant") in the maximum principal amount of $500,000 (the "Loan") to finance predevelopment expenses of an affordable housing development to be known as the Santa Fe Pointe Apartments located at 125 SW 74th St., Oklahoma City, OK which was to be developed and owned by Borrower, (hereinafter the "Project"). A copy of the Loan Agreement is annexed to the Amended Complaint as exhibit "A."

7. On or about December 20, 2006, for good and valuable consideration, Lender entered into a Guaranty and Suretyship Agreement (hereinafter "Guaranty") with defendant Theotis F. Oliphant (hereinafter "Oliphant" and/or "Guarantor" and/or "defendant") whereby Oliphant, *inter alia*, unconditionally and irrevocably guaranteed and became a surety to Lender, for the due, punctual and full payment and performance of Borrower's obligations evidenced by the Loan Agreement and/or incurred under the Loan Documents, (as defined in the Loan Agreement) both principal and interest, and any refinancing or refunding of any thereof, and all other amounts due or to become due under

the Loan Agreement and the other Loan Documents. A copy of the Guaranty is annexed to the Amended Complaint as exhibit "C."

8. On or about December 20, 2006, for good and valuable consideration, Santa Fe Pointe Management, LLC, which is a General Partner of Santa Fe Pointe L.P. (hereinafter the "General Partner" and/or "defendant" and/or "Guarantor") and Oliphant, who is a Limited Partner of Santa Fe Pointe, L.P., as Pledgors, (hereinafter alternately referred to as the "Partners") entered into a Partner Guaranty, Pledge and Security Agreement with Lender whereby *inter alia* the General Partner absolutely, irrevocably and unconditionally guaranteed and became surety to Lender for the full and punctual payment and performance by Borrower of any and all payment obligations and other covenants and obligations of Borrower to Lender in the Loan Documents; and Oliphant, as Limited Partner, reaffirmed his obligations under the Guaranty. A copy of the Partner Guaranty, Pledge and Security Agreement with Lender (hereinafter alternately referred to as the "Partner Pledge") is annexed to the Amended Complaint as exhibit "D."

9. On or about December 20, 2006, for good and valuable consideration, Rant LLC (hereinafter "Rant" and/or "Guarantor" and/or "defendant") entered into a Developer Limited Guaranty, Pledge and Security Agreement with Lender wherein, *inter alia,* Rant (hereinafter alternatively referred to as "Developer") absolutely, irrevocably and unconditionally guaranteed and became surety to Lender for the full and punctual payment and performance by Borrower of its obligations to Lender under the Loan Documents. A copy of the Developer Limited Guaranty, Pledge and Security Agreement (hereinafter alternatively referred to as "Developer Fee Pledge") is annexed to the Amended Complaint as exhibit "E."

10. On or about December 20, 2006, for good and valuable consideration, Santa Fe Pointe, L.P. executed and delivered to plaintiff a Bridge Promissory Note ("Note") a Specimen copy of which is annexed to the Amended Complaint as exhibit "G."

11. On or about June 29, 2007, for good and valuable consideration, Santa Fe Pointe L.P. executed an Allonge to Bridge Promissory Note whereby the Maturity Date of the Note was amended to be December 15, 2007, and Lender gave its consent thereto. A copy of the Allonge and the Consent is annexed to the Amended Complaint as exhibit "H."

12. By the Note, Santa Fe Pointe L.P. promised to pay to plaintiff on the earlier of December 15, 2007, or upon an Event of Default, (as defined in the Loan Agreement) the sum of $500,000 with interest.

13. On or about August 21, 2007, defendants were notified that they were in default of their obligations under the instruments annexed to the Amended Complaint as exhibits "A" – "F." This Notice of Default is annexed to the Amended Complaint as exhibit "I".

14. Upon an Event of Default (as defined in the Loan Agreement) the indebtedness evidenced by the Note became due and payable.

15. On September 18, 2007, plaintiff gave defendant Notice of Acceleration of the Note. A copy of the Notice of Acceleration is annexed to the Amended Complaint as exhibit "J."

16. On or about September 10, 2007, defendants Rant and Santa Fe Pointe, L.P. executed Addendum #3 to the Purchase Contract which purported to extend the Purchase Contract through October 15, 2007 and provided for Buyer extension options with additional earnest money following October 15, 2007.

17. Section 4, headed "Negative Covenants," of the Assignment of Purchase Agreement by Santa Fe Pointe L.P. in favor of plaintiff dated as of December 20, 2006, (annexed to the

4

Amended Complaint as exhibit "B") provides in pertinent part that "Borrower shall not …(b) amend or modify any of the terms of the Purchase Agreement, except with the prior written consent of the Lender; (c) terminate or give or join in any material waiver, consent or approval with respect to the Purchase Agreement, except with the prior written consent of the Lender; …(f) take any other action in connection with the Purchase Agreement which would materially impair the value of the rights or interests of the Borrower or the Lender whereunder or therein without the prior written consent of the Lender (to be granted or withheld in the Lender's sole discretion);…"

18.     Defendants Rant and Santa Fe Pointe L.P. neither requested, nor were granted, plaintiff's consents as provided above.

19.     In their Answer dated March 3, 2008, ("Answer") defendants do not deny – and therefore admit – that they never received plaintiff's prior written consent to amend the Purchase Agreement on September 10, 2007.

20.     All covenants, agreements obligations and liabilities of the Borrower are a direct and primary obligation of the Guarantor pursuant to the Guaranty, the Partners pursuant to the Partner Pledge, and the Developer pursuant to the Developer Fee Pledge, and each of Guarantor's, Partners' and Developer's obligations are not as a surety. These defendants' respective guarantees are of payment and performance and not of collection. Their obligations are continuing, absolute and unconditional, irrespective of any circumstance whatsoever which might otherwise constitute a legal or equitable discharge or defense of a guarantor or surety.

21.     The Guarantor, the Partners and the Developer unconditionally and irrevocably waived any rights and defenses they have, had, or will have, in respect of the causes of action alleged herein.

22. Oliphant is personally a signatory to all of the Loan Documents and is i) the Managing Member of Santa Fe Pointe Management, LLC, ii) the Managing Member of Santa Fe Pointe Management LLC, and iii) the Managing Member of Rant LLC.

23. Oliphant is an attorney — a former transactional partner with a large international law firm who holds himself out as possessing experience in a "sophisticated corporate and private equity practice."

24. Oliphant's own law firm issued an opinion letter endorsing the enforceability of the Bridge Loan documents.

25. The Oliphant parties allege that Greystone Servicing unilaterally withdrew the Oliphant Parties' HUD loan application which caused the seller of the Apartment Building to temporarily terminate negotiations with the Oliphant Parties for further extensions of the close date.

26. No part of the Loan disbursed by plaintiff to Borrower, or for its benefit, has been repaid, although duly demanded.

27. Plaintiff is owed $534,594.51 plus interest, costs and attorneys' fees.


Dated:   New York, New York
         March 17, 2008


                              Harnik Wilker & Finkelstein LLP

                              _____
                              by: Stephen M. Harnik, Esq. (SH 9889)
                              Attorneys for Plaintiff
                              Greystone CDE, LLC
                              645 Fifth Avenue, 7th Floor
                              New York, NY 10022
                              (212) 599-7575