UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREYSTONE CDE, LLC,<br><br>*Plaintiff-Counterclaim Defendant,*<br>- against –<br><br>SANTE FE POINTE, L.P.,<br>SANTE FE POINTE MANAGEMENT, LLC<br>RANT LLC, and<br>THEOTIS F. OLIPHANT,<br><br>*Defendants-Counterclaimants*<br>- against -<br><br>GREYSTONE SERVICING CORPORATION, INC.,<br><br>*Additional Counterclaim Defendant.* | Civil Case No: 07-CV.8377 (RPP)<br><br>**DEFENDANTS-COUNTERCLAIMANTS' OBJECTION TO PLAINTIFF'S LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS** |

  Defendants-Counterclaimants Theotis F. Oliphant, Santa Fe Pointe, LP, Santa Fe Pointe Management, LLC, and Rant, LLC (collectively, the "Oliphant Parties" or "Defendants") hereby object to Plaintiff's L.C.R. 56.1 Statement of Material Facts as to Which There Are No Genuine Issues To Be Tried ("Rule 56.1 Statement") in its entirety. Respectfully, Defendants submit this Objection and Counterstatement of Material Facts dated April 22, 2008 pursuant to the requirements of Local Rule 56.1.

  It is hornbook law that a summary judgment motion must be supported by competent and admissible evidence. Fed. Rule Civ. Proc. 56(e). Furthermore, the Local Rules for the Southern District of New York require that such evidence be referenced in separate statements of material fact and that "[e]ach statement . . . must be followed by citation to evidence which would be admissible, set forth as required by Federal Rule of Civil Procedure 56(e)." Loc. R. 56.1(d).

  Plaintiff's purported Rule 56.1 Statement wholly fails to cite to any evidence, much less admissible evidence. Instead, and in yet another glaring example of Plaintiff's waste of the

{NY030244;1}

resources of the Court and the parties, the Rule 56.1 Statement simply cuts 23 paragraphs from the Plaintiff's First Amended Complaint ("Complaint"), pastes them into a new document, and claims these allegations have somehow been transformed into fact. Plaintiff has failed to meet its burden and has failed to prove the elements of its causes of action. Accordingly, Defendants object to the Rule 56.1 Statement in its entirety and move that it be stricken.

To the extent a counterstatement is deemed necessary, Defendants respond as follows, incorporating the responses contained in the Oliphant Parties' Answer with Affirmative Defenses and Counterclaims, previously filed in the within action. The paragraphs herein are numbered to correspond with the paragraphs in Plaintiff's Rule 56.1 Statement.

1.  This paragraph cites to no admissible evidence and is simply an unsupported allegation taken verbatim from paragraph 1 of Plaintiff's Complaint. Accordingly, Defendants respond as they responded in their Answer: "Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph '1' of the Amended Complaint, and therefore deny same."

2.  Undisputed.

3.  Undisputed.

4.  Undisputed.

5.  This paragraph cites to no admissible evidence and is simply an unsupported allegation taken verbatim from paragraph 5 of Plaintiff's Complaint. Accordingly, Defendants respond as they responded in their Answer: "Defendants admit that Rant LLC was and is a limited liability company organized and existing under the law of the State of Delaware, with an address at 113 Carmel Avenue, El Cerrito, CA 94530, but is without information or knowledge sufficient to form a belief as to whether Rant LLC is an affiliate of Sante Fe Pointe, L.P. as the term 'affiliate' is not defined in the Amended Complaint."

6.  Undisputed.

7.  This paragraph cites to no admissible evidence and is simply an unsupported allegation taken verbatim from paragraph 13 of Plaintiff's Complaint. Accordingly, Defendants respond as they responded in their Answer: "Defendants deny the allegations contained in paragraph '13' of the Amended

{NY030244;1}

      Complaint except admit that on or about December 20, 2006 Oliphant entered into a "Guaranty and Suretyship Agreement with Plaintiff."

8. This paragraph cites to no admissible evidence and is simply an unsupported allegation taken verbatim from paragraph 14 of Plaintiff's Complaint. Accordingly, Defendants respond as they responded in their Answer: "Defendants deny the allegations contained in paragraph '14' of the Amended Complaint, except admit that on or about December 20, 2006 Santa Fe Pointe LP and Oliphant entered into a Partner Guaranty, Pledge and Security Agreement with Plaintiff."

9. This paragraph cites to no admissible evidence and is simply an unsupported allegation taken verbatim from paragraph 15 of Plaintiff's Complaint. Accordingly, Defendants respond as they responded in their Answer: "Defendants deny the allegations contained in paragraph '15' of the Amended Complaint, except admit that on or about December 20, 2006 Rant entered into a Developer Limited Guaranty, Pledge and Security Agreement with Plaintiff."

10. Undisputed.

11. Undisputed.

12. This paragraph cites to no admissible evidence and is simply an unsupported allegation taken verbatim from paragraph 19 of Plaintiff's Complaint. Accordingly, Defendants respond as they responded in their Answer: "Defendants deny and state that the Note does not provide for the maturity date and/or the specific payment detailed in paragraph '19.'"

13. This paragraph cites to no admissible evidence and is simply an unsupported allegation taken verbatim from paragraph 20 of Plaintiff's Complaint. Accordingly, Defendants respond as they responded in their Answer: "Defendants deny and state that the Notice of Default, annexed to the Amended Complaint as Exhibit 'I,' does not read as detailed by Plaintiff in paragraph '20.'"

14. This paragraph cites to no admissible evidence and is simply an unsupported allegation taken verbatim from paragraph 22 of Plaintiff's Complaint. Accordingly, Defendants respond as they responded in their Answer: "Defendants deny and state that the Loan Agreement does not provide for automatic acceleration upon all Events of Default detailed in section 9.1 of the Loan Agreement."

15. This paragraph cites to no admissible evidence and is simply an unsupported allegation taken verbatim from paragraph 24 of Plaintiff's Complaint. Accordingly, Defendants respond as they responded in their Answer: "Defendants admit that Exhibit 'J' to the Amended Complaint is a letter from Greystone CDE, LLC to Sante Fe Pointe, L.P., Sante Fe Pointe Management,

{NY030244;1}

L.L.C., Theotis F. Oliphant, and Rant, LLC, which purports to be a 'notice of acceleration.' However, Defendants deny that allegation number '24' is an element of a breach of contract claim against Sante Fe Pointe LP."

16. This paragraph cites to no admissible evidence and is simply an unsupported allegation taken verbatim from paragraph 34 of Plaintiff's Complaint. Accordingly, Defendants respond as they responded in their Answer: "Defendants neither admit nor deny the allegation in paragraph '34' as Addendum #3, as provided by Plaintiff, is not an executed copy of Addendum #3 as claimed in allegation number '34.' Defendants reserve the right to further reply to this allegation if supplied with an executed copy of Addendum #3 at some future date."

17. This paragraph cites to no admissible evidence and is simply an unsupported allegation taken verbatim from paragraph 35 of Plaintiff's Complaint. Accordingly, Defendants respond as they responded in their Answer: "Defendants admit the allegations contained in paragraph '35' of the Amended Complaint, but state that the quotation contained therein is not complete."

18. This paragraph cites to no admissible evidence and is simply an unsupported allegation taken verbatim from paragraph 36 of Plaintiff's Complaint. Accordingly, Defendants respond as they responded in their Answer: "Defendants object to the allegation contained in paragraph '36' as being vague and ambiguous. However, to the extent that a response is required: deny."

19. Disputed. The Complaint's allegation concerning prior written consent is contained in paragraph 36. Defendants' Answer responds to that paragraph as follows: "Defendants object to the allegation contained in paragraph '36' as being vague and ambiguous. However, to the extent that a response is required: deny."

20. This paragraph cites to no admissible evidence and is simply an unsupported allegation taken verbatim from paragraph 43 of Plaintiff's Complaint. Accordingly, Defendants respond as they responded in their Answer: "Defendants object to the allegations contained in paragraph '43' as they are compound. However, to the extent that a response is required: deny."

21. This paragraph cites to no admissible evidence and is simply an unsupported allegation taken verbatim from paragraph 44 of Plaintiff's Complaint. Accordingly, Defendants respond as they responded in their Answer: "Defendants deny the allegations contained in paragraph '44' of the Amended Complaint."

22. Disputed. The phrase "Loan Documents" is undefined. Undisputed that Mr. Oliphant signed the documents annexed to the Complaint as Exhibits A-G, but for

the most part did so on behalf of the entities who were parties to the documents, not as a "personal signatory."

23. Undisputed that Mr. Oliphant is an attorney.

24. Disputed. This paragraph cites to no admissible evidence, does not define "Bridge Loan Documents," and contains an unsupported and vague conclusion ("endorsing the enforceability") concerning a document that is not properly before the court.

25. Undisputed.

26. This paragraph cites to no admissible evidence and is simply an unsupported allegation taken verbatim from paragraph 39 of Plaintiff's Complaint. Accordingly, Defendants respond as they responded in their Answer: "The allegation contained in paragraph '39' is a legal conclusion, as the fact of whether or not there was 'due demand' is a legal determination. As such, paragraph '39' is not an allegation to which responsive pleading is required, and Defendants leave Plaintiff to its proofs with respect to whether there has been due demand. To the extent that responsive pleading is required: deny."

27. This paragraph cites to no admissible evidence and is simply an unsupported allegation taken verbatim from paragraph 45 of Plaintiff's Complaint. Accordingly, Defendants respond as they responded in their Answer: "Defendants deny the allegations contained in paragraph '45' of the Amended Complaint."

Dated: New York, New York
April 22, 2008

Respectfully submitted,

AKERMAN SENTERFITT LLP

By: _____
Donald N. David (DD 5222)
Brian A. Bloom (BB 5722)
Jeremy Shure (JS 0490)

*Attorneys for Defendants-Counterclaimants*

{NY030244;1}