# EXHIBIT "F"

# FARBER & COMPANY

ATTORNEYS, P.C.

847 Sansome Street, Suite LL  San Francisco  California 94111

March 27, 2008

Magistrate Judge Joseph C. Spero
United States District Court for the Northern District of California
450 Golden Gate Ave.
Courtroom A, 15th Floor
San Francisco, CA  94102

      Re:  Santa Fe Pointe, LP, et al. v. Greystone Servicing Corp., Inc., et al.
          Action No. C07-05454 JCS

Dear Judge Spero:

     This office represents Plaintiffs Santa Fe Pointe, L.P., Santa Fe Pointe Management, LLC, Rant LLC, and Theotis F. Oliphant (collectively "the Oliphant Parties").

     I wish to bring to your attention the highly misleading nature of a document filed yesterday by the Greystone Defendants—Defendants' Motion for Leave To File a Motion for Reconsideration of February 4, 2008 Order Denying Defendants' Motion To Transfer Venue ("Motion for Leave").

     Remarkably absent from that motion is any discussion or explanation of the true procedural posture of the action pending in the Southern District of New York.
The Court should be aware that the Oliphant Parties have moved the Honorable Robert P. Patterson of the Southern District of New York to transfer venue of that case to this Court. (The Oliphant Parties' moving papers are attached as Exhibit 1 to the Declaration of Erik K. Swanholt accompanying the Motion for Leave.  The Greystone opposition (dated March 8, 2008) and the Oliphant reply papers (dated March 24, 2008) accompany this letter so as to allow the Court to fully review the materials Judge Patterson is presently considering.)

     The Motion for Leave not only fails to mention that **the transfer venue motion is pending**, it leaves the distinct impression that Judge Patterson has already ruled that the New York action will **not** be transferred.  For example, the Greystone Defendants' brief makes such wildly overstated and misleading arguments as the following:

- "Beyond question, the New York action will proceed (by contractual agreement of the parties), and is proceeding faster."  (Motion for Leave, 2:19-20.)

- "[T]he fact remains that no claim realistically can be made that New York is not the appropriate forum; all of these claims will proceed in New York, and sooner." (Motion for Leave, 5:22-23.)

FARBER & COMPANY

A T T O R N E Y S ,  P . C .

Santa Fe Pointe, LP, et al. v. Greystone Servicing Corp., Inc., et al.
Magistrate Judge Joseph C. Spero
March 27, 2008
Page 2 of 2

- "[T]he fact remains that no claim realistically can be made that New York is <u>not</u> the appropriate forum, or that the claims now tendered by all parties in New York should be transferred to California, or anywhere else. All of these claims <u>will</u> proceed in New York, and sooner." (Motion for Leave, 8:10-13; emphasis in original.)

In fact, however, Judge Patterson presently has under consideration—through the Oliphant Parties' transfer venue motion—the very issue of whether the New York action should proceed or be transferred to this Court. As demonstrated in the motion papers supporting that motion, the matter should be transferred to California where (a) this Court has already ruled on the 28 U.S.C. §1404(a) convenience of witnesses and interests of justice issues, (b) discovery has been conducted, and (c) mediation is pending.

The Greystone attorneys further confuse the issue by citing to portions of Judge Patterson's denial of a motion to stay (Exhibit 4 to Declaration of Erik J. Swanholt) that was heard in February. That motion was heard, however, before the Oliphant Parties filed their Counterclaim in that action, which changed the issues before Judge Patterson, as the Oliphant Parties fully explain in the transfer venue motion.

In light of the above, we believe any consideration of the Greystone Defendants' Motion for Leave is premature, and we respectfully request that you defer any ruling on it until Judge Patterson has had an opportunity to act on the transfer venue motion pending before him.

Very truly yours,

Eric J. Farber

# EXHIBIT "G"

# JONES DAY

555 SOUTH FLOWER STREET · FIFTIETH FLOOR · LOS ANGELES CALIFORNIA 90071-2300
TELEPHONE 213-489-3939 · FACSIMILE 213-243-2539

Direct Number: (213) 243-2195
mkemple@jonesday.com

JP002175                        March 27, 2008
585449-605001

Magistrate Judge Joseph C. Spero
United States District Court for the Northern District of California
450 Golden Gate Ave.
Courtroom A, 15th Floor
San Francisco, CA 94102

           Re:   Santa Fe Pointe, L.P. v. Greystone Servicing Corp., Inc.
                 Case No. C07-05454 JCS

Dear Judge Spero:

    We are in receipt of Plaintiffs' 58-page submission to your attention of today's date, in
response to Defendants' motion for leave to reconsider. Defendants request that Plaintiffs'
submission be disregarded and stricken by the Court, as a violation of Local Rule 7-9(d).

    If the Court is going to consider Plaintiffs' improper submission, and permit such
briefing, Defendants offer the following three points in rebuttal to that improper submission:

    First, Defendants do not "hide" anything. The Oliphant Parties' Motion to Transfer filed
in New York is the central evidence cited by Defendants in their motion (and attached thereto) as
inescapably evidencing changed conditions which warrant transfer of this action to New York.
Nothing was "hidden," as Plaintiffs' fabricate as an excuse to get before this Court.

    Second, the Oliphant Parties' pending Motion in the New York case notwithstanding,
Judge Patterson in New York already *has* ruled on the merit of Plaintiffs' argument that New
York is not the proper forum for this dispute – indeed *rejected* that very argument, in writing:

> More importantly, Plaintiff (Greystone) selected this forum based on
> the forum selection clauses of the loan guaranties, which each
> Defendant (Oliphant Parties) executed in favor of Greystone CDE....
> Subsequent to signing the loan and guaranty agreements, Defendant
> Oliphant's law office rendered a legal opinion as to the validity and
> enforceability of the bridge loan agreement and the partners' guaranties
> thereof. **Having previously agreed to litigate this case in New York
> should Plaintiff institute an action here, Defendants cannot now
> claim that their burden in doing so outweighs the interest of
> Plaintiff in proceeding with this action.**

JONES DAY

William W. Schofield
March 27, 2008
Page 2

Swanholt Decl. to Request, Ex. 4 (Order of Feb. 20, 2008 in the New York action) at 4 (emph. added). We repeat again that to which the Oliphant Parties take (through improper submission) exception: "[N]o claim realistically can be made that New York is not the appropriate forum." Mot. 5:22-23. Their New York motion does not become "realistic" by their decision to ignore that prior, written ruling of the New York Court.

Third, and on a related point, Plaintiffs' contention that because they have affirmatively elected to bring all their claims as against all parties in New York, New York is a *less* desirable forum than it was when Judge Patterson made the statement quoted above, is simply preposterous. In Plaintiffs' profoundly odd view, because **all parties have now elected to pursue all their claims in the one venue in which all parties agreed would not be challenged – New York – New York is now a *less* desirable forum.** We say again, "no claim realistically can be made that New York is not the appropriate forum." Mot. 5:22-23.

Simply, there is no basis to delay Defendants' request to reconsider. All of the California claims against all parties (and more) are being litigated in New York (and sooner) – the one venue to which the parties "irrevocably and unconditionally" consented they could be brought, and the one venue the parties "irrevocably and unconditionally" consented they would not challenge. There no longer are any countervailing arguments to transfer of this action to New York. Indeed, that is why Plaintiffs' want this Court's ruling "delayed." Defendants respectfully request that they be given leave now to seek reconsideration or dismissal or transfer of this action to the Southern District of New York.

Respectfully submitted,

Mark D. Kemple