# EXHIBIT "I"

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTA FE POINTE, LP, ET AL., | Case No. C-07-05454 JCS |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF FEBRUARY 4, 2008 ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE, SETTING BRIEFING AND HEARING SCHEDULE FOR MOTION TO RECONSIDER , AND DENYING MOTION TO DISMISS WITHOUT PREJUDICE [Docket Nos. 49, 50]** |
| GREYSTONE SERVICING CORP., INC., ET AL., | |
| Defendants. | |
| _____/ | |

Defendants bring a motion seeking leave to file a motion for reconsideration of the Court's February 4, 2008 decision denying their motion to transfer ("the Motion for Leave"). In light of developments in the New York Action, the Court GRANTS the Motion for Leave, which shall be deemed Defendants' motion for reconsideration. Plaintiffs may file an Opposition brief no later than April 18, 2008. Defendants' Reply shall be filed no later than April 25, 2008. A hearing on the motion to reconsider is set for **May 9, 2008 at 9:30 a.m.**

Defendants' Motion to Dismiss [Docket No. 49] is denied without prejudice to refiling the motion after the motion for reconsideration has been decided. Accordingly, the hearing scheduled for **April 18, 2008** at 9:30 a.m. is **vacated.**

IT IS SO ORDERED.

Dated: April 3, 2008

_____
JOSEPH C. SPERO
United States Magistrate Judge

United States District Court
For the Northern District of California

# EXHIBIT "J"

Eric J. Farber (SBN: 169472)
efarber@pinnaclelawgroup.com
William W. Schofield (SBN: 062674)
wschofield@pinnaclelawgroup.com
Kevin F. Rooney (SBN: 184096)
krooney@pinnaclelawgroup.com
Pinnacle Law Group LLP
425 California Street, Suite 1800
San Francisco, California 94104
Telephone: (415) 394-5700
Facsimile: (415) 394-5003

Attorneys for Plaintiffs SANTA FE POINTE, LP,
SANTA FE MANAGEMENT, LLC, RANT, LLC,
and THEOTIS OLIPHANT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| SANTA FE POINTE, LP, et al. | Case No.: C07-05454 JCS |
| Plaintiffs, | **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO RECONSIDER** |
| vs. | |
| GREYSTONE SERVICING CORPORATION, INC., et al., | Date:     May 9, 2008 |
| | Time:    9:30 a.m. |
| Defendants. | Ctrm:   A (15th Flr.) |
| | Before:  Hon. Joseph C. Spero |

## I.    INTRODUCTION

The Greystone Defendants persist in making this litigation as costly as possible for Mr. Oliphant and the entity Plaintiffs (collectively "the Oliphant Parties") by continually making and renewing procedural challenges that do nothing to advance this litigation. At some point this all has to stop.

Greystone's present motion asks the Court to reconsider its denial of a prior transfer-venue motion that was extensively briefed at considerable expense. The only basis for the present motion is that the Oliphant Parties have filed a protective counterclaim in the New York action, as

1  required to place the issues there in proper perspective should that litigation proceed. But the

2  filing of that counterclaim does nothing to change the Court's reasoning in denying Greystone's

3  previous transfer-venue motion. The Court denied that motion based on the deference rightly

4  afforded the Oliphant Parties in choosing where to sue. Greystone had not, and could not, display

5  the convenience of parties and witnesses or the interests of justice mandated a change of forum.

6  The Court's reasoning applies with equal force now, as explained below. The Oliphant Parties'

7  protective counterclaim in the New York action does not mean they forfeit their right to be

8  plaintiffs here.

9     Moreover, Greystone misleads the Court into believing the New York action is more

10  mature and will proceed faster than this case. Not so. It is here, not New York, where the parties

11  have exchanged information about witnesses and documents, where the parties have engaged in

12  extensive discovery, and where the parties are scheduled to mediate their claims. None of this has

13  happened in New York. Indeed, the Oliphant Parties have moved the New York court to transfer

14  that case to the Northern District of California, and that motion is presently pending (a fact

15  Greystone fails to reveal to this Court).

16     The motion to reconsider should be denied.

17                          **II.    ARGUMENT**

18     **A.    Greystone Misstates the Basis for the Court's Earlier Ruling**

19     Greystone starts its brief by mischaracterizing the Court's February 4, 2008 Order Denying

20  Greystone's Motion to Transfer Venue ("Order").[1] According to Greystone the basis of the Order

21  was that (a) the claims in this case were different from the claims in New York, (b) only one of the

22  Greystone parties sued here was a plaintiff in New York, (c) New York had not established

23  jurisdiction, and (d) a question was presented as to whether the New York venue selection

24  provisions were unenforceable. Greystone Br., 1:2-12.

25

26

27

---

28  [1] Indeed, Greystone does not even attach the February 4, 2008 Order to its motion to reconsider. The Order is attached to the Declaration of William W. Schofield in Opposition to Motion to Reconsider ("Schofield Decl.") as Exhibit A.

1    In fact, however, the existence of the New York action had little, if any, bearing on the

2  Court's Order. Rather, the Court's logic—as explained in the "Analysis" portion of the Order

3  (Order, at 8:23-10:19)—was as follows.

4    Greystone's motion was premised on 28 U.S.C. §1404(a), which allows a district court to

5  transfer venue to another district where the claim could have been brought for the "convenience of

6  witnesses and parties" and in the "interests of justice." The Court rightly pointed out that to

7  prevail on such a motion, a party seeking transfer must make "a strong showing . . .to warrant

8  upsetting the plaintiff's choice of forum." (Order, at 8:24-28, citing, Decker Coal Co. v.

9  Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).)

10    The Greystone defendants had urged that the forum selection clauses contained in the

11  bridge loan guaranties mandated that this action be prosecuted in New York. The Court made two

12  responses to this argument. First, the language of the forum selection clauses was permissive only

13  and did not purport to make the New York courts the exclusive jurisdiction in which the claims

14  could be litigated. (Order, at 9:18-20.) Second, the claims being asserted by the Oliphant Parties

15  in this litigation "do not arise from the duties and obligations contained in the guaranties" that

16  contained the forum selection clauses. (Order, at 9:20-23.) Therefore, the Oliphant Parties were

17  entitled to the deference that is generally afforded a plaintiff's choice of forum. (Order, at 9:23-

18  25.[2])

19    Nothing has changed to alter this reasoning.

20    The forum selection clauses still remain permissive. The issues of negligence and breach

21  of fiduciary duty in the handling of the HUD application, raised by the Oliphant Parties' complaint

22  here, do not involve the guaranties in which the forum selection clauses are contained. In sum, the

23  reasons that favored the Court deferring to the Oliphant Parties' choice of this district to litigate

24  remain the same.

25

26

27

28  [2] Moreover, the factors underlying convenience of parties and witnesses did not strongly support
    venuing the matter in New York, as they must if the Court was to disturb the Oliphant Parties'
    choice of forum. Order, at 10:6-17.

*Santa Fe Pointe, LP, et al v. Greystone Servicing Corp., et al.* (C07-05454 JCS)                    - 3
Plaintiffs' MPA in Opposition to Motion To Dismiss

1    That the Oliphant Parties filed a protective counterclaim in the New York action does not

2    change the rationale for allowing this action to proceed here. Under Greystone's reasoning, the

3    Oliphant Parties would forfeit their right to proceed as plaintiffs here by the mere act of filing a

4    protective counterclaim in New York. In other words, the Oliphant Parties can litigate only as

5    defendants in a forum they did not select, not as plaintiffs here. There is no authority for such a

6    bizarre concept.

7    **B.    Greystone Misstates the Procedural Posture of the Two Cases and Ignores the**

8    **Motion To Transfer Venue That Is Pending in New York**

9    Greystone at several points in its brief makes the unsupported, and wildly overstated, claim

10   that the New York action will proceed first and is proceeding "faster" than this case:

11   • "Beyond question, the New York action will proceed (by contractual agreement of

12   the parties), and is proceeding faster." (Greystone Br., 2:19-20.)

13   • "[T]he fact remains that no claim realistically can be made that New York is not the

14   appropriate forum; all of these claims will proceed in New York, and sooner."

15   (Greystone Br., 5:22-23.)

16   • "[T]he fact remains that no claim realistically can be made that New York is <u>not</u> the

17   appropriate forum, or that the claims now tendered by all parties in New York

18   should be transferred to California, or anywhere else. All of these claims <u>will</u>

19   proceed in New York, and sooner." (Greystone Br., 8:10-13; emphasis in original.)

20   These misstatements ignore two important facts. First, it is this case, not the New York

21   action, that is proceeding apace. In response to the Court's order—entered at the February 8, 2008

22   Case Management Conference—that mediation be completed by the end of May 2008, the parties

23   have engaged in active discovery here. They exchanged F.R.C.P. Rule 26(f) initial disclosures of

24   witnesses and documents two-and-one half months ago, propounded and responded to

25   interrogatories in February and March 2008, propounded and responded to Requests for

26   Production of Documents in February and March 2008, and the Oliphant Parties responded to far-

27   reaching Requests for Admissions in March. (Declaration of William W. Schofield in Opposition

28   to Motion for Reconderation ("Schofield Decl."), ¶4.) The parties have also agreed to Court-

1  sponsored mediation, have conferred with the appointed mediator, and have a full-day mediation

2  scheduled for May 22, 2008. (Id. at ¶¶5-6.) By contrast, no discovery has been undertaken in the

3  New York action; indeed, the parties have yet to make the F.R.C.P. Rule 26(f) initial disclosures

4  in that case. (Id. at ¶8.)

5      Second, Greystone fails to explain that the Oliphant Parties have a pending motion before

6  the Honorable Robert P. Patterson of the Southern District of New York to transfer venue of that

7  case to this Court. The Oliphant Parties' moving papers are attached as Exhibit 1 to the

8  Declaration of Erik K. Swanholt accompanying the Motion for Reconsideration. The Greystone

9  opposition (dated March 8, 2008) and the Oliphant reply papers (dated March 24, 2008) are

10  attached to the accompanying Declaration of William W. Schofield as Exhibits B and C to allow

11  the Court to fully review the materials Judge Patterson is presently considering.

12      Greystone's motion not only fails to mention that **the transfer venue motion is pending**

13  **and has not been ruled on**, it leaves the incorrect impression that the motion has been denied.

14      Judge Patterson presently has the motion under consideration. As demonstrated in the

15  moving papers supporting that motion, the matter should be transferred to California where (a) this

16  Court has already ruled on the 28 U.S.C. §1404(a) convenience of witnesses and interests of

17  justice issues, (b) discovery has been conducted, and (c) mediation is scheduled for next month.

18      Greystone further confuses the issue by citing to portions of Judge Patterson's denial of a

19  motion to stay (Exhibit 4 to Declaration of Erik J. Swanholt) that was heard in February 2008.

20  That motion was heard, however, before the Oliphant Parties filed their Counterclaim in that

21  action, which changed the issues before Judge Patterson, as the Oliphant Parties fully explain in

22  the transfer-venue motion pending in New York.

23                          **III.    CONCLUSION**

24      The Oliphant Parties want only to litigate their claims on the merits, not to respond to

25  Greystone's persistent and costly procedural maneuvers. Greystone has had its day in court on the

26  section 1404(a) issues, fully aired the issues then, and lost. The case is proceeding through

27  discovery and mediation and should not be disrupted. At the very least, consideration of

28

1

2     Greystone's present motion to reconsider is premature until Judge Patterson acts on the transfer-

3     venue motion pending before him.

4

5     Dated:  April 18, 2008.                          PINNACLE LAW GROUP, LLP
                                                        Attorneys for Plaintiffs
6

7                                                       By /s/ William W. Schofield
8                                                          William W. Schofield

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **DECLARATION OF ERIC J. FARBER REGARDING NON-ECF USER'S SIGNATURE**

2     I, Eric J. Farber, declare:

3     William W. Schofield, a signatory to this document, is not an ECF User.

4     I am a registered ECF User and hereby attest that concurrence in the filing of the
5  document has been obtained from the other signatory, William W. Schofield, which shall serve in
6  lieu of his signature on the document. I maintain records to support this concurrence for
7  subsequent production for the court if so ordered or for inspection upon request by a party until
8  one year after final resolution of the action (including appeal, if any).

9     I declare under penalty of perjury under the laws of the United States of America that the
10  foregoing is true and correct and that this declaration was executed this 18th day of April 2008, at
11  San Francisco, California.

12                              /s/    *Eric J. Farber*
                                       Eric J. Farber

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I, Eric J. Farber, declare:

1. I am an attorney at law over the age of eighteen years of age and not a party to this action. My business address is 425 California Street, #1800, San Francisco, CA 94104.

2. On April 18, 2008, I served true and correct copies of the foregoing pleading: **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORIES IN OPPOSITION TO MOTION TO RECONSIDER** on the interested parties by electronically filing such documents through the CM/ECF system of the United States District Court for the Northern District of California, which will send electronic notification of such filing to the following registered users:

Mark D. Kemple mdkemple@jonesday.com

Erik K. Swanholt ekswanholt@jonesday.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this 18th day of April 2008, at San Francisco, California.

      /s/ *Eric J. Farber*
       Eric J. Farber

1   Eric J. Farber (SBN: 169472)
    efarber@pinnaclelawgroup.com
2   William W. Schofield (SBN: 062674)
    wschofield@pinnaclelawgroup.com
3   Kevin F. Rooney (SBN: 184096)
    krooney@pinnaclelawgroup.com
4   Pinnacle Law Group LLP
    425 California Street, Suite 1800
5   San Francisco, California 94104
    Telephone: (415) 394-5700
6   Facsimile: (415) 394-5003

7   Attorneys for Plaintiffs SANTA FE POINTE, LP,
    SANTA FE MANAGEMENT, LLC, RANT, LLC,
8   and THEOTIS OLIPHANT

9
                    UNITED STATES DISTRICT COURT
10                  NORTHERN DISTRICT OF CALIFORNIA

11                       (SAN FRANCISCO DIVISION)

12  SANTA FE POINTE, LP, et al.          Case No.: C07-05454 JCS

13                         Plaintiffs,   **DECLARATION OF WILLIAM W.**
                                         **SCHOFIELD IN OPPOSITION TO**
14              vs.                      **MOTION TO RECONSIDER**

15  GREYSTONE SERVICING               Date:    May 9, 2008
    CORPORATION, INC., et al.,        Time:    9:30 a.m.
16                                     Ctrm:    A (15th Flr.)
                          Defendants.   Before:  Hon. Joseph C. Spero
17

18

19

20

21      I, William W. Schofield, say:

22      1.      I am an attorney at law licensed to practice before this Court and am employed by

23  Pinnacle Law Group, LLP, attorneys for Plaintiffs in this action.  I have personal knowledge of the

24  following facts and could and would testify to them if called as a witness.

25      2.      A true copy of the Court's February 4, 2008 Order Denying Greystone's Motion to

26  Transfer Venue is attached as Exhibit A.

27      3.      At the Court's February 8, 2008 Case Management Conference, the Court ordered

28  the parties to complete initial discovery and engage in Alternative Dispute Resolution in this case

1  no later than the end of May 2008. The Court has scheduled a further Case Management

2  Conference for early June 2008.

3      4.     To meet these deadlines, and to assure a meaningful mediation, the parties have

4  engaged in active discovery. The parties exchanged initial F.R.C.P. Rule 26(f) disclosures of

5  witnesses and documents to support their claims on February 1, 2008. The parties propounded

6  interrogatories and Requests for Production in February 2008, and responded to the interrogatories

7  and Requests for Production in March 2008. Additionally, each of the four Plaintiffs separately

8  responded to more than 50 Requests for Admission in March 2008.

9      5.     The parties have agreed to Court-Sponsored mediation as the ADR option, and the

10 Court has so ordered. The Court-appointed mediator is Peter W. Sherwood, Esq.

11     6.     The parties have had the initial conference call with Mr. Sherwood, discussed the

12 facts of the case, and have been given a briefing and mediation schedule. An all-day mediation is

13 scheduled for May 22, 2008, and mediation briefs are due a week before the mediation.

14     7.     Presently pending before the Honorable Robert P. Patterson of the Southern

15 District of New York is the motion of my clients to transfer venue of that case to the Northern

16 District of New York. The moving memorandum of points and authorities is attached as Exhibit 1

17 to the Declaration of Greystone's counsel Erik K. Swanholt submitted in support of this motion.

18 True copies of the opposition brief submitted on behalf of Greystone and the reply brief submitted

19 on behalf of my clients are attached to this Declaration as Exhibits B and C, respectively.

20     8.     Judge Patterson has not ruled on the motion to transfer venue.

21     9.     It is my understanding that no discovery has commenced in the New York Action,

22 and that the parties have yet to even make their F.R.C.P. Rule 26(f) disclosures.

23         I declare under penalty of perjury under the laws of the United States of America that the

24 foregoing is true and correct and that this Declaration is made in San Francisco, California on

25 April 16, 2008.

26

27                          /s/ *William W. Schofield*
                            William W. Schofield

28

**DECLARATION OF ERIC J. FARBER REGARDING NON-ECF USER'S SIGNATURE**

I, Eric J. Farber, declare:

William W. Schofield, a signatory to this document, is not an ECF User.

I am a registered ECF User and hereby attest that concurrence in the filing of the document has been obtained from the other signatory, William W. Schofield, which shall serve in lieu of his signature on the document. I maintain records to support this concurrence for subsequent production for the court if so ordered or for inspection upon request by a party until one year after final resolution of the action (including appeal, if any).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this 18th day of April 2008, at San Francisco, California.

/s/    _Eric J. Farber_
Eric J. Farber

_Santa Fe Pointe, LP, et al v. Greystone Servicing Corp., et al._ (C07-05454 JCS)
Schofield Declaration in Opposition to Motion To Reconsider

- 3

Case 3:07-cv-05454-JCS    Document 56-2    Filed 04/18/2008    Page 4 of 4

PROOF OF SERVICE

I, Eric J. Farber, declare:

1.      I am an attorney at law over the age of eighteen years of age and not a party to this action. My business address is 425 California Street, #1800, San Francisco, CA 94104.

2.      On April 18, 2008, I served true and correct copies of the foregoing pleading: **DECLARATION OF WILLIAM W. SCHOFIELD IN OPPOSITION TO MOTION TO RECONSIDER** on the interested parties by electronically filing such documents through the CM/ECF system of the United States District Court for the Northern District of California, which will send electronic notification of such filing to the following registered users:

Mark D. Kemple        mdkemple@jonesday.com

Erik K. Swanholt      ekswanholt@jonesday.com


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this 18th day of April 2008, at San Francisco, California.


                                        /s/    _Eric J. Farber_____
                                               Eric J. Farber

# EXHIBIT A

Case 3:07-cv-05454-JCS    Document 573    Filed 02/04/2008    Page 1 of 10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTA FE POINTE, LP, ET AL., | Case No. C-07-5454 JCS |
| Plaintiffs, | |
| v. | **ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE [Docket No. 10]** |
| GREYSTONE SERVICING CORP., INC., ET AL., | |
| Defendants. | |
| _____/ | |

## I.    INTRODUCTION

This action was initially filed in Alameda County Superior Court and subsequently removed by Defendants to this Court on the basis of diversity jurisdiction. Defendants now bring a Motion to Transfer Venue (the "Motion"), asking that the Court transfer the action pursuant to 28 U.S.C. § 1404(a) to the Southern District of New York, where a later-filed action involving related claims is pending. The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The Court determines that the Motion is suitable for determination without oral argument, pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing scheduled for **February 8, 2008 is VACATED.** For the reasons stated below, the Motion is DENIED.

## II.    BACKGROUND

### A.    The First Amended Complaint

Plaintiff Theotis Oliphant is an individual whose principal residence is in Alameda County, California. First Amended Complaint ("FAC") ¶ 4. Oliphant is general partner of Plaintiff Santa Fe Pointe, LP ("SFP"), which is an Oklahoma limited partnership with its principal place of business in Oklahoma City. FAC ¶¶ 2, 5. Oliphant is managing partner of Plaintiff Santa Fe Management LLC, which is an Oklahoma limited liability company with its principal place of business in

Schofield Declaration - Exhibit A

1  Oklahoma. FAC ¶¶ 3, 5. Oliphant is also managing partner of Plaintiff Rant, LLC, which is a

2  Delaware limited liability company with its principal place of business in Alameda County,

3  California. Complaint ¶¶ 4-5.

4     Defendant Greystone Servicing Corporation ("Greystone Servicing") is a Georgia

5  Corporation with its principal place of business in New York City. FAC ¶ 6. Defendant Greystone

6  CDE, LLC ("Greystone CDE") is a Delaware Corporation with its principal place of business in

7  New York City. FAC ¶ 7.

8     Plaintiffs' claims are based on the alleged conduct of Defendants in connection with efforts

9  by Plaintiffs to acquire and rehabilitate an apartment building in Oklahoma City (the "Project") as a

10  tax-credit developer of a Low Income Housing Tax Credit project offered through the Federal

11  Housing Administration's Office of Housing and Urban Development ("HUD"). FAC ¶ 1.

12  Defendants are originators of Federal Housing Administration ("FHA") multifamily loans and are

13  HUD-approved underwriters for the FHA's Multifamily Accelerated Processing Program.

14  Complaint ¶¶ 1, 14. As such, Defendants serve as an intermediary between developer clients and

15  FHA offices to facilitate HUD approval of applications and to obtain financing for their clients.

16  FAC ¶ 14.

17     On September 7, 2006, Plaintiffs and Greystone Servicing entered into a written agreement

18  (the "Engagement Agreement") whereby Plaintiffs appointed Greystone Servicing to serve as their

19  exclusive agent to process the HUD application for financing the acquisition and rehabilitation on

20  the Project. FAC ¶ 15. Under the Engagement Agreement, Plaintiffs and Greystone Servicing were

21  to jointly prepare the application, while Defendants were to underwrite the financing for the Project

22  and submit the application to HUD on Plaintiffs' behalf. FAC ¶ 16. Also in September 2006,

23  Plaintiffs arranged for bond-financing of the Project whereby over $7 million in tax-exempt bonds

24  were to be sold. FAC ¶ 17. Because the bond issue was to expire December 20, 2006, the bond

25  financing had to close by that date. FAC ¶ 17. Therefore, Plaintiffs impressed on Defendants that

26  the HUD application had to be filed by November 2006. FAC ¶ 17.

27     In late October 2006, Greystone Servicing informed Plaintiffs that it was behind schedule,

28  and in November 2006, Greystone Servicing informed Plaintiffs that the HUD application would not

United States District Court
For the Northern District of California

2

1  be filed in 2006. FAC ¶¶ 23, 25.  To address Plaintiffs' concerns regarding the bond financing,

2  Defendants promised to fund a non-recourse bridge-loan to cover the purchase of the Project and the

3  cost of the issuing the tax-exempt bonds.  FAC ¶ 25.  On November 16, 2006, Defendant Greystone

4  CDE sent Plaintiff Oliphant a bridge loan term sheet that provided  for a non-recourse bridge loan to

5  Oliphant in the amount of $4,348,400, the full amount of the purchase price of the Project.  FAC

6  ¶ 26.  However, when Oliphant received the final bridge loan documents, on December 17, 2006, the

7  amount of the loan was only $500,000, which would cover the cost of the bond issuance but not

8  acquisition of the Project.  FAC ¶ 29.  In addition, the loan was not non-recourse, as promised, but

9  instead included a personal guaranty by Oliphant and a spousal guaranty.  FAC ¶ 29.  At this point,

10  however, the bonds had already been sold – on December 13 and 14 – and the cost of their issuance

11  had already been incurred, in the amount of $251,000.  FAC ¶ 28.  Because Plaintiffs would lose the

12  bond funding if the acquisition of the Project was not closed by December 20, 2006, Oliphant signed

13  the bridge-loan documents as presented.  FAC ¶ 30.

14  　　　　Greystone Servicing submitted the final HUD application on March 14, 2007.  FAC ¶ 31.

15  On April 17, 2007, the tax credit purchaser/syndicator that had been lined up for the Project backed

16  out.  FAC ¶ 32.  In June 2007, Plaintiffs found a new syndicator and co-developer, David Henry,

17  who agreed to serve as general contractor, property manager and co-developer.  On July 5, 2007,

18  Oliphant met with HUD personnel in Oklahoma City and was told that the HUD application had

19  been rejected.  FAC ¶ 34.  The HUD representative told Oliphant that Greystone's representative

20  had gone out of her way to make disparaging remarks about the Project to the HUD Oklahoma City

21  representative.  FAC ¶ 34.

22  　　　　Subsequently, Greystone's Betsy Vartanian contacted HUD personnel in Oklahoma City,

23  who agreed to reconsider the application without starting over from the beginning if Greystone

24  would provide additional materials addressing HUD's concerns.  FAC ¶ 36.  In the meantime,

25  Plaintiffs continued to work with David Henry and the seller of the Project to proceed with the

26  closing of the acquisition of the project.  FAC ¶ 37.  Plaintiffs and Henry were unable to reach an

27  agreement that addressed Henry's concerns about the deal and in August 2007, Greystone and Henry

28  began negotiating on ways to get the deal done without Oliphant and Plaintiffs.  FAC ¶¶ 38-40.

United States District Court

For the Northern District of California

1    On August 9, 2007, Graystone unilaterally withdrew the HUD loan application without prior

2    notice or warning to Plaintiffs. FAC ¶ 42. On August 21, 2007, Greystone CDE declared the bridge

3    loan in default and threatened legal enforcement. FAC ¶ 45. On August 22 and in the weeks

4    followed, Greystone pressured Plaintiffs to allow David Henry to take over the Project, telling

5    Plaintiffs that they would initiate a collection action against Plaintiffs if they did not agree to the

6    deal. FAC ¶ 46. In a telephone conference between Greystone and Oliphant on September 14,

7    2007, Greystone told Opliphant that it was "out" of the deal if Oliphant could not prove that the

8    Project was not a viable deal. FAC ¶ 50.

9    On September 21, 2007, Greystone CDE notified Plaintiffs that it was accelerating the bridge

10   loan and declaring all amounts under the bridge loan immediately due and payable. FAC ¶ 52.

11   Based on these allegations, Plaintiffs asserted the following claims against Defendants:

12   Claim One: Professional Negligence, based on the allegation that the Greystone Defendants

13   "breached their respective duties of due care owed to Plaintiffs . . . with respect to the Project

14   and the HUD financing."

15   Claim Two: Breach of Fiduciary Duty/ Constructive Fraud based on the alleged breach of the

16   "trust and confidence Plaintiffs . . . reposed in . . . defendants by virtue of the Engagement

17   Agreement, the business relationship, and the Greystone Defendants' position as a HUD-

18   approved underwriter for the FHA's Multifamily Accelerated Processing . . . Program."

19   Claim Three: Intentional Interference with Prospective Economic Advantage based on

20   Defendants' alleged interference with Plaintiffs' "existing business relationship with the

21   Seller of the Project and with the HUD office in Oklahoma City."

22   Claim Four: Negligent Interference with Prospective Economic advantage.

23   Claim Five: Anticipatory Breach based on Greystone's repudiation of the written agreements

24   to accomplish the financing for the acquisition of the Project.

25   **B.    Procedural Background of this Action**

26   Plaintiffs filed this action in Alameda County Superior Court on September 7, 2007. They

27   filed a First Amended Complaint on September 25, 2007, which included additional alleged

28   misconduct that occurred after the original complaint was filed. The First Amended Complaint was

**United States District Court**
For the Northern District of California

4

Case 3:07-cv-05484-JCS     Document 57     Filed 04/22/2008     Page 5 of 10

1   served on Greystone Servicing on September 25, 2007 and on Greystone CDE on September 26,

2   2007. *See* Declaration of Ann McFarland Draper in Opposition to Defendants' Motion to Transfer

3   Case to Southern District of New York ("Draper Decl."), Exs B & C (proof of service). On

4   October 25, 2007, Defendants moved the action to this Court on the basis of diversity jurisdiction.

5   On November 7, 2007, they filed the instant motion to transfer.

6       **C.       Procedural Background of the New York Action**

7       On September 26, 2007 Greystone CDE filed an action in the Federal District Court for the

8   Southern District of New York (the "New York Action") seeking damages based on the alleged

9   breach of the bridge loan agreement between Greystone CDE and the Plaintiffs in this action.

10  Draper Decl., ¶ 4. Greystone CDE served the complaint on Plaintiffs by Federal Express on

11  September 27, 2007. Draper Decl., Ex. D (December 2, 2007 Opinion and Order in New York

12  Action) at 2-3. Plaintiffs did not respond and, upon the request of Greystone CDE, the clerk's office

13  entered default. *Id.* at 3. Greystone CDE then sought entry of default judgment in the New York

14  Action. *Id.* Plaintiffs opposed the motion, making a limited appearance in the New York Action to

15  argue that service by FedEx was not proper. *Id.* at 5. The court in the New York Action concluded

16  that service by Federal Express was not proper under the various contractual agreements between the

17  parties and vacated the default in an order filed December 2, 2007. *Id.* at 9-10.

18      **D.       The Motion**

19      Defendants assert that this action should be transferred under 28 U.S.C. § 1404(a) to the

20  Southern District of New York, where it can be heard with the action that is already pending there.

21  In support of this contention, they point primarily to provisions contained in the bridge loan

22  guaranties that state as follows:

23          **Section 15. Governing Law. THIS AGREEMENT SHALL BE**
            **GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH**
24          **THE LAWS OF THE STATE OF NEW YORK WITHOUT**
            **GIVING EFFECT TO ITS CONFLICTS OF LAWS**
25          **PRINCIPLES . . .**

26          . . .

27          **Section 26. Submission to Jurisdiction; Waivers.**

28

5

Schofield Declaration - Exhibit A

*Sidebar (left margin, rotated):* **United States District Court** For the Northern District of California

**(a) PLEDGORS HEREBY IRREVOCABLY AND UNCONDITIONALLY:**

**(i) SUBMIT THEMSELVES AND THEIR RESPECTIVE PROPERTY IN ANY LEGAL ACTION OR PROCEEDING RELATING TO THIS AGREEMENT, OR ANY OTHER DOCUMENT EXECUTED IN CONNECTION WITH THE TRANSACTIONS CONTEMPLATED BY THE LOAN AGREEMENT, OR FOR RECOGNITION AND ENFORCEMENT OF ANY JUDGMENT IN RESPECT HEREOF OR THEREOF, TO THE NONEXCLUSIVE GENERAL JURISDICTION OF THE COURTS OF THE STATE OF NEW YORK, THE COURTS OF THE UNITED STATES OF AMERICA FOR THE STATE OF NEW YORK AND THE APPELLATE COURTS FROM ANY THEREOF;**

**(ii) CONSENT THAT ANY SUCH ACTION OR PROCEEDING MAY BE BROUGHT IN SUCH COURTS, AND WAIVES ANY OBJECTION THAT IT MAY NOW OR HEREAFTER HAVE TO THE VENUE OF ANY SUCH ACTION OR PROCEEDING IN ANY SUCH COURT OR THAT SUCH ACTION OR PROCEEDING WAS BROUGHT IN AN INCONVENIENT COURT AND AGREE NOT TO PLEAD OR CLAIM THE SAME;**

**(iii) AGREE THAT SERVICE OF PROCESS IN ANY SUCH ACTION OR PROCEEDING MAY BE EFFECTED BY MAILING A COPY THEREOF BY REGISTERED OR CERTIFIED MAIL(OR ANY SUBSTANTIALLY SIMILAR FORM OF MAIL), POSTAGE PREPAID BY PLEDGORS AT THE ADDRESSES REFERRED TO ON PAGE 1 OF THIS AGREEMENT; AND**

**(iv) AGREE THAT NOTHING HEREIN SHALL AFFECT THE RIGHT TO EFFECT SERVICE OF PROCESS IN ANY OTHER MANNER PERMITTED BY LAW OR SHALL LIMIT PLEDGEE'S RIGHT TO SUE IN ANY OTHER JURISDICTION.**

. . .

6

*United States District Court*
*For the Northern District of California*

1   Declaration of Erik K. Swanholt ("Swanholt Decl."), Exs. 3D & 3E (Santa Fe Management and Rant

2   guaranties for bridge loan).[1]

3          Based on the provisions designating New York law as the governing law for the bridge loan

4   guaranties, Defendants argue that this action should be heard by a New York court. Further, in light

5   of the forum-selection clauses, Plaintiffs' choice of forum should not be afforded deference,

6   Defendants assert. Rather, the Court should transfer the action to the Southern District of New

7   York, as contemplated by the parties in the bridge loan documents. Defendants further assert that

8   the action should be transferred because doing so will promote judicial efficiency, most parties and

9   third-party witnesses live closer to New York than they do to this district, and California has little or

10  no interest in resolving this controversy, which relates to an out-of-state development. Finally,

11  Defendants argue that the doctrine of federal comity under which a district court may decline to

12  exercise jurisdiction where a related action is already pending in another district court – the so-called

13  first-to-file rule – should not apply here because Plaintiffs' action was filed in anticipation of

14  Defendants' action and amounts to forum-shopping.

15         In their Opposition, Plaintiffs object to the transfer of this action to New York for several

16  reasons. First, they argue that the threshold requirement for a § 1404(a) transfer – that the transferee

17  court could exercise personal jurisdiction over Plaintiffs with respect to all relevant claims and that

18  venue there would be proper – has not been met. In particular, Plaintiffs argue that New York

19  cannot exercise personal jurisdiction over the Plaintiffs in this action because they do not have

20  minimum contacts with New York and there is not forum selection clause in the Engagement

21  Agreement with Greystone Servicing, the bridge loan agreement, the bridge loan promissory note or

22  _____

23      [1]  The Oliphant guaranty contains somewhat different language:

24          **Section 3.08 Jurisdiction; Etc.** The Guarantor irrevocably (a) agrees
            that the Lender may bring suit, action or other legal proceedings arising
25          out of this Guaranty in the courts of the State of New York or the courts
            of the United States located in New York; (b) consents to the jurisdiction
26          of each such court in any such suit, action or prceeding; (c) waives any
            objection which the Guarantor may have to the laying of the venue of any
27          such suit, action, or proceeding in any of such courts . . .

28  Swanholt Decl., Ex. 3C.

United States District Court
For the Northern District of California

Case 3:07-cv-03484-JCS    Document 57-3    Filed 02/08/2008    Page 38 of 100

1  the assignments made to repay the note. The only documents that include forum selection clause

2  are the guaranties and these provisions are limited to claims arising out of those agreements,

3  Plaintiffs argue. Therefore, they assert, these provisions do not support a finding of personal

4  jurisdiction as to Plaintiffs' claims in this action, which are not based on the guaranties with

5  Greystone CDE. Plaintiffs argue further that the documents signed in support of the bridge loan,

6  including the guaranties, are unconscionable and unenforceable in light of the circumstances under

7  which they were signed. Therefore, they argue, the forum selection clauses in the guaranties are

8  invalid and cannot give rise to personal jurisdiction

9       Second, Plaintiffs argue that even if New York could exercise personal jurisdiction over

10  Plaintiffs, the factors that are considered in determining whether a convenience transfer is

11  appropriate do not weigh strongly in favor of transfer, as Defendants are required to establish. In

12  particular, Plaintiffs assert: 1) Plaintiffs' choice of forum is entitled to deference; 2) the contracts

13  were not negotiated or executed in New York; 3) the choice of law provision in the guaranty

14  agreements likely do not apply to Plaintiffs claims and California law, rather than New York law,

15  may well apply to those claims; 4) Plaintiffs have little or no contact with New York, while

16  Defendants do much of their business in California; 5) New York is no more convenient for parties

17  and witnesses than California; and 6) it will be more expensive to litigate in New York than

18  California.

19       Third, Plaintiffs argue that the significance of the forum selection clause has been overstated

20  by Defendants. In particular, while Defendants have stated that a party opposing transfer bears a

21  heavy burden where there is a forum selection clause, Plaintiffs argue that this rule does not apply

22  where the forum selection clause is permissive, as this one is.

23  **IV.   ANALYSIS**

24       Pursuant to 28 U.S.C. § 1404(a), a case may be transferred "for the convenience of the

25  parties of the parties and witnesses, in the interest of justice" to "any other district or division where

26  the action might have been brought." A party seeking transfer must make "a strong showing . . . to

27  warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*,

28  805 F.2d 834, 843 (9th Cir. 1986). In determining whether to transfer an action pursuant to

**United States District Court**
For the Northern District of California

Schofield Declaration - Exhibit A

1    § 1404(a), the court must balance a number of case-specific factors, including "(1) the location

2    where the relevant agreements were negotiated and executed, (2) the state that is most familiar with

3    the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the

4    forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the

5    differences in the costs of litigation in the two forums, (7) the availability of compulsory process to

6    compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof."

7    *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).  In addition, the presence of a

8    forum selection clause is a "significant factor" in the § 1404(a) analysis.  *Id.* at 499.

9         The Ninth Circuit has held that the enforceability of a forum selection provision where

10   jurisdiction is based on diversity is a question of federal law.  *Manatti-Farrow, Inc. v. Gucci*

11   *America, Inc.*, 858 F.2d 509, 513 (9th Cir. 1988).  Under federal law, a mandatory forum selection

12   clause is presumed valid and must be specifically enforced.  *The Bremen v. Zapata Off-Shore Co.*,

13   407 U.S. 1, 15 (1972).  On the other hand, "[a] permissive forum selection clause . . . simply means

14   that the parties consent to the jurisdiction of the designated forum."  *Hsu v. OZ Optics Ltd.*, 211

15   F.R.D. 615, 618 (N.D. Cal. 2002) (holding that where forum selection clause was permissive, party

16   seeking convenience transfer was required to overcome the deference that is normally afforded the

17   plaintiff's choice of forum and denying request to transfer action).

18        Here, the language of the forum selection clauses in the guaranties is clearly permissive.  The

19   provisions do not purport to make New York *exclusive* jurisdiction in which claims arising from

20   the guaranties can be litigated.  Further, the Court notes that the forum selection clauses are limited

21   to claims that arise from the agreements in which they are contained.  The claims that Plaintiffs

22   assert in their First Amended Complaint do not arise from the duties and obligations contained in the

23   guaranties that were signed in support of the bridge loan.  Therefore, the forum selection clauses

24   contained in the guaranties do not apply to this action and Plaintiffs are entitled to the deference that

25   is generally afforded a plaintiff's choice of forum.

26        Defendants' reliance on *Unisys v. Access Co., Ltd.*, 2005 WL 3157457 (N.D. Cal. November

27   23, 2005) is misplaced.  In that case, the court gave a permissive forum selection "substantial

28   consideration" in its determination that a § 1404(a) transfer was warranted.  *Id.* at *5.  The court

Schofield Declaration - Exhibit A

United States District Court

For the Northern District of California

1   noted that at oral argument, when asked why the court should not enforce the forum selection clause,

2   the plaintiff could not offer a "salient reason" in response. *Id.* In that case, however, in contrast to

3   the facts here, there was no dispute that the claims at issue arose out of the contract containing the

4   forum selection clause. Nor was there any argument that the agreement containing the forum

5   selection clause was itself unconscionable and unenforceable. Therefore, *Unisys* is not on point.

6        Looking to the remaining factors listed above, the Court concludes that Defendants have not

7   made the strong showing that is necessary to overcome Plaintiff's choice of forum. First, the

8   relevant agreements were negotiated in both California and New York, while the place of

9   performance was in Oklahoma. Thus, this factor is neutral. Second, although New York law may

10  govern some of the claims, it is far from clear that it will apply to all of the claims in this case. In

11  any event, courts routinely apply the law of other states and, therefore, the fact that the Court may be

12  required to apply New York law does not strongly support transfer. Third, the parties contacts with

13  the relevant fora do not strongly support transfer: Plaintiffs have strong ties with California, while

14  Defendants have strong ties with New York. Fourth, the cost of litigation is likely to be comparable

15  in either California or New York and, therefore, does not support transfer. Fifth, either venue is

16  likely to require witnesses to travel. Because the witnesses are not predominantly located in or near

17  New York, this factor does not favor transfer.

18       The Court concludes that Defendants have not demonstrated that a transfer is warranted

19  under 28 U.S.C. § 1404(a).[2]

20  **IV.   CONCLUSION**

21       For the reasons stated above, the Motion is DENIED.

22       IT IS SO ORDERED.

23

24  Dated: February 4, 2008

25                                          JOSEPH C. SPERO
                                            United States Magistrate Judge

26

27  _____

28       [2]  Because the Court finds that Defendants are not entitled to a convenience transfer under § 1404(a), it does not reach the question of whether the first-to-file doctrine should be applied here.

10

Schofield Declaration - Exhibit A

United States District Court
For the Northern District of California