Harnik Wilker & Finkelstein LLP
Attorneys for Plaintiff Greystone CDE, LLC
& Additional Counterclaim
Defendant Greystone Servicing Corp. Inc.
Olympic Tower
645 Fifth Avenue, 7th Floor
New York, NY 10022-5937
Tel. No. (212) 599-7575
Facsimile (212) 867-8120
Email: stephen@harnik.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Greystone CDE, LLC,                                          Docket No. 07 civ. 8377 (RPP)
      Plaintiff-Counterclaim,
      Defendant,

    - against -
Santa Fe Pointe, L.P.,
Santa Fe Pointe Management, LLC,
Rant LLC, and
Theotis F. Oliphant,
      Defendants-Counterclaimants

    -against-
Greystone Servicing Corporation, Inc.,
      Additional Counterclaim
      Defendant.
------------------------------------------------------------X


# PLAINTIFF'S MEMORANDUM OF LAW
# IN SUPPORT OF MOTION FOR RECONSIDERATION
# OR REARGUMENT AND FOR A STAY

MAY 19, 2008

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………….....….…i

INTRODUCTION……………………………………….…………………...1

PROCEDURAL AND SUBSTANTIVE FACTS
PERTINENT TO THE MOTION……………………………….…..............1

ARGUMENT

THE TRANSCRIPT SHOWS THAT THERE ARE
NO MATERIAL FACTS WHICH ARE GENUINELY
AT ISSUE, AND THEREFORE, PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT SHOULD BE GRANTED……………...…….3

CONCLUSION…………………………….........................................11

# TABLE OF AUTHORITIES

**Cases**                                                                                                                        **Page**

*E. F. Hutton Group Inc. v. Aubin* 1987 WL 7730 *4 (S.D.N.Y. 1987)....... 10

*Graham Architectural Products Corp. v. St. Paul Mercury Ins. Co.* 303 F.Supp.2d 274, 275 (E.D.N.Y.2004).................................................5

*Metropolitan West Asset Management, LLC v. Shenkman Capital Management, Inc.* 2005 WL 1963943, 5 -6 (S.D.N.Y.2005)..................... 6

*Motown Records, Inc v. Mary Jane Girls, Inc.* 660 F. Supp. 174, 175 (S.D.N.Y. 1987)..................................................................... 10

*Oral-B Laboratories, Inc. v. Mi-Lor Corp.*, 611 F.Supp. 460, 463 (S.D.N.Y.1985)..................................................................... 10

*Sweetheart Plastics v. Illinois Tool Works, Inc.* 267 F.Supp. 938, 944 (S.D.N.Y.1967)..................................................................... 10

**Statutes**

28 USC § 1404(a)..................................................................... 1

Fed. R. Civ. P. 56 (1)(d).............................................................. 3

Fed. R.Civ. P. 52 and 60 ............................................................. 1

L.C.R. 6.3.............................................................................. 1

L.C.R. 83.1............................................................................ 1

i

## INTRODUCTION

This Memorandum of Law is submitted on behalf of plaintiff Greystone CDE LLC, (hereinafter "plaintiff" or "Greystone") in support of its motion brought pursuant to L.C.R. 83.1, for the following relief:

(1) That the clerk of the Court be directed *not* to transfer the originals of all papers on file in the case pending determination of the instant motion; and further

(2) Pursuant to Fed. R.Civ. P. 52 and 60 and L.C.R. 6.3, for reconsideration or reargument of this Court's oral order of May 13, 2008, and upon the grant of such motion:

- i) order that plaintiff's motion for summary judgment be granted; alternatively,
- ii) that the Order to be entered herein denying plaintiff's motion for summary judgment specifically state that the denial is without prejudice;
- iii) for such other and further relief as the Court deems just and proper under the circumstances.

## PROCEDURAL AND SUBSTANTIVE FACTS PERTINENT TO THE MOTION

On May 13, 2008, this Court heard oral argument on defendants' motion to transfer this case to the Federal District Court, Northern District of California pursuant to 28 USC § 1404(a) and plaintiff's cross-motion to dismiss defendants' counterclaims and for summary judgment. At the conclusion of oral argument, the Court granted defendants' motion to

1

transfer "...in the interest of justice" (p. 95 line 24);[1] denied plaintiff's motion to dismiss counterclaims; and *without prejudice* denied plaintiff's motion for summary judgment, at the same time holding that "...the facts weigh heavily in the plaintiff's favor." (p. 95 lines 21-22)

On May 13, 2008, a memorandum to the docket clerk was filed stating "Argument/Hearing begun and concluded on 5/13/08. Contested Issue: yes. (ja)."

The motion for summary judgment was evidently denied on the basis of plaintiff's L.C.R. 56.1 statement (Dkt. # 56) having not directed the Court

---

[1] At the same time, the Court found that defendants "...in pleading that there should not be a change of venue in California ...violate[d] the term of actual explicit terms of the agreements which they signed . . . because they're not supposed to claim a claim or plead things that – as I read the provisions of the loan agreement, that object in any way to venue in this court" (p. 96 lines 4-9). The instant motion is grounded upon a rough draft copy of the transcript from the May 13, 2008 proceedings. ("p.") refers to the transcript's page number, *i.e.* to the successive numbers running down the right margin and not to the "page" number at the bottom center.

Counsel requested that the court reporter, Ms. Michelle Bulkley, furnish the transcript overnight, however, her schedule did not allow for that. Instead, Ms. Bulkley provided counsel with a rough draft copy and has promised to have the final version filed the week of May 19. Should any of the citations in the final version substantively differ from the citation herein, we shall immediately bring this to the Court's attention. We are proceeding on the basis of the rough draft copy of the transcript because L.C.R. 83.1 provides: "In a case ordered transferred from this district, the clerk, *unless otherwise directed*, shall upon the expiration of five (5) days mail to the clerk of the court to which the case is transferred (1) certified copies of the court's opinion ordering the transfer, or its order, and of the docket entries in the case, and (2) the originals of all other papers on file in the case." (Emphasis supplied). Since Judge Patterson has by his oral order of May 13, ordered this case to be transferred to California, time is of the essence.

L.C.R. 6.3 provides that on a motion for reconsideration or reargument, no affidavits shall be filed. Therefore, for the Court's convenience, annexed as appendix to this Memorandum is the Transcript (Ex. "A").

and defense to the Note, and the events of default. However, as shown below, even if that were the case, it was cured upon "interrogation" of plaintiff's counsel at oral argument (*see* Fed. R. Civ. P. 56(d)(1)), and the transcript of the proceeding shows that, in fact, no material facts are genuinely at issue. Thus, because this Court is now intimately familiar with the motion for summary judgment, and because the record shows that plaintiff is entitled to summary judgment, plaintiff moves herein for reconsideration or reargument and upon grant of such motion respectfully asks that its motion for summary judgment be granted.

## ARGUMENT

### THE TRANSCRIPT SHOWS THAT THERE ARE NO MATERIAL FACTS WHICH ARE GENUINELY AT ISSUE, AND THEREFORE, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED

In respect of plaintiff's motion for summary judgment, at the conclusion of oral argument the Court held as follows:

> With respect to the motion for summary judgment, I think that the plaintiffs LCR 56.1 statement of material facts is appropriate in many respects, since there has been no discovery here. I think they're entitled to rely on the fact that they are -- Greystone is a limited liability company clearly organized and existing under the laws of the state of Delaware, and I don't find that there's any genuine opposition to that allegation, including the

3

authorization to do business in New York [at] 152 west 57th street.

And certain of the allegations regarding the defendants are all admitted by the defense, and [I] think it is adequate for the plaintiff to allege, as it does in paragraphs 6, 7, 8, and 9 of the copies of the loan agreements that are involved, copies of the guarantees, copies of the partner pledge agreements. I'm going through 6, 7, 8, 9, 10, copies of the bridge promissory note, copies of the allonge consent annexed to the amended complaint, copies of the terms – an allegation with respect to the terms of the note which should have -- I think the plaintiff should have directed the Court and defense to the actual note by exhibit. And they are defective in their 56.1 statement in not doing so.

Also that the most serious defect is that there is no allegations of fact that relate to the events of default. We had to go through those on oral argument here, and that's not the proper way to bring up Rule 56.1 motion. There should be statements. There was no extension of the contract on July 31st on or before July 31st, and accordingly, there was no purchase and sale agreement in place at that time and that, consequently, there was a default. That should have been stated as a material fact. Those are genuine issues that -- those are facts of the -- and I don't think the issue of consent that has been raised is material, because the contract was in default on July 31st, evidently, since the defendant admits that addendum No. 3 was executed on September 10th of 2007, a good 40 days thereafter.

Now, that doesn't -- the problem is that the motion is not properly brought. The defense does not raise the issue of duress in connection with this

4

> motion in their papers. They have orally. Whether it is a genuine issue of material fact is something for some other judge to determine, and I'm going to pass on that matter. But based on what I have heard here today, the only issue is whether there is some -- whether the defendants can prove that the plaintiff Greystone CDE in notifying -- I think all of the letterhead of Greystone Servicing was used, I think it is clear that the notice came from Greystone CDE, because they sent a letter signed that way. And obviously, they are the party that was party to the bridge loan. So I'm going to deny the motion for summary judgment, and without prejudice, because it seems to me that the facts weigh heavily in the plaintiff's favor. (p. 93 lines 23-25; p. 94 lines 1 – 25; p. 95 lines 1-22).

Thus, plaintiff's motion for summary judgment was denied not because the Court found genuine issues of material fact, but rather because it had "not been properly brought." On the other hand, Fed. R. Civ. 56 (d) reads:

> (1)  **Establishing Facts**. If summary judgment is not rendered on the whole action, the court should to the extent practicable, determine what material facts are not genuinely at issue. The Court should so determine by examining the pleadings and evidence before **and by interrogating the attorneys**. It should then issue an order specifying what facts ...are not genuinely at issue. The facts so specified must be treated as established in the action. (Emphasis supplied).

During oral argument any defect in the bringing of the motion was cured. *Graham Architectural Products Corp. v. St. Paul Mercury Ins. Co.* 303 F.Supp.2d 274, 275 (E.D.N.Y.2004) ("The following facts, drawn from

5

the pleadings, affidavits, Local Rule 56.1 statements, and the parties' representations made during oral arguments on September 16, 2003 and January 12th, 2004, are uncontested. *See* Fed.R.Civ.P. 56.") *Cf. Metropolitan West Asset Management, LLC v. Shenkman Capital Management, Inc.* 2005 WL L 1963943, 5 -6 (S.D.N.Y.,2005) ("Neither in its Local Rule 56.1 statement nor during oral argument did plaintiff offer any basis to conclude that any report showing sales by the Fund was inaccurate. Accordingly, we deem these matters admitted for the purposes of these motions.") Thus, in respect of clarifying plaintiff's 56.1 statement:

(i)  plaintiff's counsel guided the Court to the Note which is exhibit "G" to the Complaint and which was specifically referenced in plaintiff's L.C.R. 56.1 statement at ¶10. Moreover, the Court itself stated that it was proper for plaintiff in its L.C.R. to cite documents which are attached to the amended complaint. (p.14, lines 20-25; p. 15 lines 2-3 and 22-23).

(ii)  With respect to the event of default, counsel pointed the Court to the Notice of Default (ex. "I" to the Complaint and referenced at ¶13 of the L.C.R. 56.1 statement). The Notice of Default specifically refers to the contract for the sale of the Project. That instrument is annexed to ex. "B" of the complaint and was also referred to at ¶13 of the L.C.R. And here,

after the benefit of counsel's guidance, as noted directly above, the Court found:

> There was no extension of the contract on July 31st on or before July 31st, and accordingly, there was no purchase and sale agreement in place at that time and that, consequently, there was a default... I don't think the issue of consent that has been raised is material, because the contract was in default on July 31st, evidently, since the defendant admits that addendum No. 3 was executed on September 10th of 2007, a good 40 days thereafter.

(iii)   With respect to whether "duress" was a genuine issue of material fact, while the Court stated above that it was going "...to pass on that matter," at the very same time it observed that that defense *has not been raised*. And the Court further held earlier in the May 13, 2008 oral argument as follows:

> THE COURT:  There's got to be a genuine issue of material fact.  There's no affidavit in here on these motion papers that even asserts duress, nothing. There's nothing on this motion that asserts duress.
> MR. DAVID:  Your Honor, you had previously --
> THE COURT:  I may have said that they have to show that it's a material, a genuine issue of material fact, not that it's an issue of fact.
> MR. DAVID:  But, your Honor, if I could, in the context of your previous ruling --
> THE COURT:  It's not even raised as a de[fe]nse here.
> MR. DAVID:  Your Honor, I'm sorry. It --
> THE COURT:  It's not raised.
> MR. DAVID:  It is raised, your Honor.

7

> THE COURT: Only orally, but you're supposed to raise it in admissible evidence.
> MR. DAVID: Your Honor, if we are going to deal -- let me go back. All of these things come to one conclusion. This case needs to be tried, or at least needs discovery. All right.
> THE COURT: I know about that. I think as a matter of New York law --
> MR. DAVID: Respectfully, your Honor --
> THE COURT: I think there's a good chance of summary judgment.

Thus, in respect of the only issues which the Court raised as possible material issues, those being, i) that the Waverly-Creek Apartments, Inc. ("Seller") and defendant Rant LLC ("Buyer") Purchase and Sale Contract[2] had expired; ii) that defendants were in default; iii) that the Loan Documents were signed under duress; and iv) that the notice of default was valid, each has been resolved in plaintiff's favor. Moreover, although the Court initially criticized plaintiff (stating that plaintiff's motion "... could have been presented in a more logical fashion," [p. 11, lines 20-1]) it did later conclude that it was "...all right" (p. 15, line 22) that plaintiff referred to the Loan Documents in its L.C.R. In addition, the Court had no difficulty accepting the instruments as genuine and admissible for purposes of summary judgment:

> THE COURT: Well, in all respects, Mr. David, I

---

[2] Ex "A" to the Assignment of Purchase Agreement (Attached as ex. "B" to the Amended Complaint)

> mean, I've read your papers and all, but Mr. Harnik does cite to exhibits attached to the amended complaint.
> MR. DAVID: Your Honor, he does –
> THE COURT: And those are documents signed by the parties.
> MR. DAVID: Your Honor, if I may, he –
> THE COURT: That puts me on notice and puts you on notice that that's what they're relying on.
> (p. 14 lines 20-25; p. 15 lines 1- 3).

In sum, as demonstrated above, the Court's objection at the end of the oral argument that "…the motion [was] not properly brought" (p. 95 lines 8-9) was fully cured by the Court's interrogation of plaintiff's counsel, thus fulfilling the essential purpose of the oral hearing on the summary judgment motion.

Nor, we respectfully submit, should the Court in light of its transfer order, defer to the California court in respect of the instant motion. It is clear that the Court is now intimately familiar with the summary judgment issues. After all, the Court observed herein that "I think there's a good chance of summary judgment," (p.93 lines 9-10) and again, "…the facts weigh heavily in the plaintiff's favor." (p. 95 lines 21-22). Respectfully, it would be an enormous waste of judicial resources if California Magistrate Judge Spero should have to revisit and re-decide issues which have *already been decided* by this Court with the benefit of extensive oral argument.

*See, E. F. Hutton Group Inc. v. Aubin* 1987 WL 7730 *4 (S.D.N.Y. 1987)(wherein the Court on a §1404(a) motion transferred the case but nonetheless retained jurisdiction on plaintiffs' pending motion for contempt and sanctions stemming from defendants' alleged destruction of documents.) *Cf,. Motown Records, Inc v. Mary Jane Girls, Inc.* 660 F. Supp. 174, 175 (S.D.N.Y.1987) (Wherein the court, in weighing whether or not to transfer venue, opted in favoring of denying the motion on the ground, among others, that it had previously decided a summary judgment motion, and was thus "already familiar with the action" citing *Oral-B Laboratories, Inc. v. Mi-Lor Corp.,* 611 F.Supp. 460, 463 (S.D.N.Y.1985) (which was also a transfer case and wherein the Court held "…it seems unwise to transfer a case after initial substantive decisions have already been made.") *Cf. Sweetheart Plastics v. Illinois Tool Works, Inc.* 267 F.Supp. 938, 944 (S.D.N.Y.1967) (wherein the court on a transfer motion took into consideration the familiarity of the transferee judge with the case).

We cite these cases not to reargue this Court's decision to transfer the case, but rather, for the proposition that prior to transfer, and following the reasoning of the above cited cases, this Court should decide plaintiff's motion for summary judgment because it is now most familiar with the issues on that motion.

Finally, in the event that the instant motion is not granted, the Order to be entered herein denying plaintiff's motion for summary judgment should specifically state that said denial is *without prejudice* (p. 95 line 21), so that the California Court may properly be guided.

## **CONCLUSION**

By reason of the foregoing, it is submitted that the Court should grant reconsideration or reargument, and upon reargument plaintiff should have summary judgment on Counts II and III of the Amended Complaint. It is also requested that pending determination of this motion, no order of transfer be entered with the clerk. Alternatively, the Order to be entered herein denying plaintiff's motion for summary judgment should specifically state that the denial is without prejudice.

Dated: May 19, 2008
      New York, New York

                                  HARNIK WILKER & FINKELSTEIN LLP

                                  by: Stephen M. Harnik (SH 9889)

                                  Attorneys for Greystone CDE LLC
                                  645 Fifth Avenue, 7th Floor
                                  New York, NY  10022-5937
                                  (212) 599-7575