UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GREYSTONE CDE, LLC,

                      Plaintiff,

        - against -

SANTE FE POINTE L.P.,
SANTE FE POINTE MANAGEMENT, LLC,
RANT LLC, and
THEOTIS F. OLIPHANT,

                      Defendants.
------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/22/08
```

07 CV. 8377 (RPP)

**ORDER**

**ROBERT P. PATTERSON, JR., U.S.D.J.**

      At oral argument on May 13, 2008, the Court ruled to deny Plaintiff's motion for summary judgment on procedural grounds and without prejudice, to deny Plaintiff's motion to dismiss, and to grant Defendants' motion to transfer the case to United States District Court for the Northern District of California. By order signed May 19, 2008, the Court reiterated the grounds for its oral rulings on May 13, 2008, and specifically stated that the motion for summary judgment was denied without prejudice.

      On May 19, 2008, Plaintiff filed the instant motion for reconsideration or reargument with respect only to the Court's decision to deny Plaintiff's motion for summary judgment. Plaintiff also moved for a stay of the transfer of this action pending the Court's decision on the instant motion. In the alternative, Plaintiff requested that the order denying the motion for summary judgment specifically state that denial is without prejudice. By letter dated May 20, 2008, Defendants opposed Plaintiff's motion and

sought reimbursement of their attorneys' fees and costs associated with opposing the motion for reconsideration pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Under Local Rule 6.3, a party seeking reconsideration must "set[] forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Local Civ. R. 6.3; see also Eisemann v. Greene, 204 F.3d 393, 395 n.1 (2d Cir. 2000) (per curiam) (stating that the movant "must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion"). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); accord Alzamora v. Village of Chester, No. 06 Civ. 7644, 2008 WL 375091, at *3 (S.D.N.Y. Feb. 8, 2008).

In its motion for reconsideration, Plaintiff failed to raise any facts or controlling decisions that the Court overlooked in its May 13, 2008 decision. The moving papers simply request the Court to reissue its decision with the opposite result. Accordingly, there are no grounds for reconsideration under the Local Civil Rules. Plaintiff's alternative request for relief has already been granted. The Court's order signed May 19, 2008 specifically stated that the motion for summary judgment was denied without prejudice.

Plaintiff's motion for reconsideration and a stay (Document No. 71) is hereby denied, and the Clerk remains under order to transfer this case to the United States District Court for the Northern District of California. Defendants' request for attorneys'

fees and costs is denied because the attorneys' fees incurred in writing Defendants' letter of May 20, 2008 would be de minimus.

    IT IS SO ORDERED.

Dated: New York, New York
       May 21, 2008

Robert P. Patterson, Jr.
U.S.D.J.

**Copies of this Opinion and Order sent to:**

*Attorneys for Plaintiff*
Harnik Wilker & Finkelstein LLP
ATTN: Stephen M. Harnik
645 Fifth Avenue, 7th Floor
New York, NY 10022-5937
Tel: 212-599-7575
Fax: 212-867-8120

*Attorneys for Defendants*
Akerman Senterfitt LLP
ATTN: Donald N. David, Brian A. Bloom, Jeremy A. Shure
335 Madison Avenue, Suite 2600
New York, NY 10017
Tel: 212-880-3800
Fax: 212-880-8965